IN IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | Ref. Docket No. 9 |

### ORDER AUTHORIZING THE DEBTOR TO PAY CLAIMS FOR PREPETITION CUSTOMS, SHIPPER, WAREHOUSEMEN, AND COMMON CARRIER OBLIGATIONS

Upon the *Debtor's Motion for Entry of Order Authorizing the Debtor to Pay Claims for Prepetition Customers, Shipper, Warehousemen, and Common Carrier Obligations* (the "Motion")[2] filed by the above-captioned debtor and debtor-in-possession (the "Debtor"); and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of this case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that due and sufficient notice of the Motion has been given under the particular circumstances and that no other or further notice of the Motion need be given; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The Debtor's headquarters is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

01:25135434.2

other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized, but not directed, to pay all prepetition payments on account of Customs Charges, Broker Fees, and Distribution Charges in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

3. Subject to paragraph 4 hereof, the Debtor is authorized, but not directed, in its sole discretion and business judgment, to pay the prepetition amounts owed on account of (a) the Customs Charges and the Broker Fees, in an amount not to exceed $300, and (b) the Distribution Charges, in an amount not to exceed $60,000, in each case, without prejudice to its ability to seek additional relief on an emergency basis; *provided, however*, that any such payment shall not be deemed (a) an admission by the Debtor of the extent, validity, perfection, or possible avoidance of any related liens, claims or payments or (b) a waiver of the Debtor's rights regarding the extent, validity, perfection, or avoidance of any related liens, claims, or payments. The Debtor's right to challenge the extent, validity, perfection, or avoidance of such liens, claims, or payments is hereby expressly reserved.

4. The Debtor is authorized, in its sole discretion, to pay the Possessory Claimants on the following terms and conditions:

   a. The Debtor, in its sole discretion, shall determine which parties, if any, are entitled to payment under this Order;

   b. If a Possessory Claimant accepts payment under this Order, such party is deemed to have agreed to (i) release any liens it may have on the Debtor's goods or property; *provided, however*, that should such party fail promptly to release such

      lien and/or interest upon payment by the Debtor, any such lien and/or interest shall be deemed released and expunged, without necessity of further action, and this Order, together with proof of payment, shall be all that is required to evidence such release and expungement, and (ii) subject to subparagraph (d) below, continue to provide goods or services to the Debtor on Customary Trade Terms during the pendency of this Chapter 11 Case. "Customary Trade Terms" means (i) the most favorable trade terms and conditions, including credit terms, in effect between the Possessory Claimant and the Debtor during the one-year period preceding the Petition Date[3] or (ii) such other trade terms as the Debtor and the Possessory Claimant may mutually agree upon;

c.   Subject to subparagraph (d) below, if a Possessory Claimant accepts payment under this Order and thereafter does not continue to provide goods or services to the Debtor on the Customary Trade Terms during the pendency of this Chapter 11 Case, then any payment such Possessory Claimant receives may be deemed a voidable postpetition transfer pursuant to section 549(a) of the Bankruptcy Code and the Debtor may take any and all appropriate steps to cause the Possessory Claimant to repay any payments it received to the extent that the aggregate amount of such payments exceeds the postpetition obligations then outstanding;

d.   In the event of the assertion of a possessory lien against the Debtor's property that prevents the Debtor from accessing its property without payment of the prepetition claim giving rise to the lien, the Debtor may, in its absolute discretion, determine to pay the claim without regard to subparagraphs (b)(ii) and (c) above;

e.   Prior to making a payment to a party under this Order, the Debtor may, in its absolute discretion, settle all or part of the prepetition claims of such party for less than their face amount, without further notice or hearing; in any event, the Debtor may elect to only pay part of a prepetition claim under the authorization requested, leaving the remainder of the claim to be addressed pursuant to the provisions of the Bankruptcy Code; and

f.   If the Debtor seeks to recover payments under subparagraph (c) above, nothing shall preclude a party from contesting such treatment by making a written request (a "Request") to the Debtor to schedule a hearing before this Court. If such a Request is made, the hearing on the Request will be the next scheduled hearing date not less than thirty (30) days after the Debtor received the Request, of which hearing the Debtor will provide notice to the requesting party and other interested parties in accordance with the Bankruptcy Code and the orders of this Court.

---

[3] In the event the relationship between the party accepting payment under the Order and the Debtor does not extend to one year preceding the Petition Date, the Customary Trade Terms shall mean the terms that the party generally extends to its customers or such terms as are acceptable to the Debtor in the reasonable exercise of its business judgment.

5. Upon the payment of any amounts pursuant to this Order, any property of the Debtor held by or within the control of a Shipper or Warehouseman, as applicable, shall be released and delivered to its destination as directed by one or more of the Debtor consistent with its customary practices in the ordinary course of business.

6. Each Bank is authorized to honor checks presented for payment and all fund transfer requests made by the Debtor, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Order and any other order of this Court.

7. The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in respect of payments made in accordance with this Order that are dishonored or rejected.

8. Nothing herein shall change the nature or priority of the underlying claims held by Possessory Claimants.

9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity.

10. The Debtor's satisfaction of any liens pursuant to this order shall not be deemed to be an admission that such liens are valid liens and the Debtor retains the right to contest the extent, validity, or perfection of such liens or to seek the avoidance of such liens.

11. Nothing contained in this Order shall be deemed to constitute an assumption or adoption of any executory contract or prepetition or postpetition agreement between the Debtor and the holder of an Outstanding Order, Possessory Claim, or claim relating to a Distribution Charge, or require the Debtor to make any of the payments authorized herein.

12. The authorization granted hereby to pay the Customs Charges, Broker Fees, and Distribution Charges shall not create any obligation on the part of the Debtor or its officers, directors, attorneys, or agents to pay the Customs Charges, Broker Fees, or Distribution Charges, and none of the foregoing persons shall have any liability on account of any decision by the Debtor not to pay a Customs Charge, Broker Fees, or Distribution Charge, and nothing contained in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect the Customs Charges, Broker Fees, or Distribution Charges to the extent they are not paid.

13. Nothing in this Order shall be deemed either a grant of administrative priority expense status to, or authority to pay, any amounts that are disputed by the Debtor.

14. Nothing contained in this Order shall be construed as a waiver by the Debtor of its rights to contest the rights of any Possessory Claimant or any obligation arising in connection with the Customs Charges, the Broker Fees, or the Distribution Charges under applicable law.

15. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief requested in the Motion, as granted hereby, is necessary to avoid immediate and irreparable harm to the Debtor and its estate.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Sept. 5, 2019
Wilmington, Delaware

*[signature]*
Laurie Selber Silverstein
United States Bankruptcy Judge