IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | Ref. Docket No. 11 |

### ORDER AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN THE CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY APPLICABLE PRIVACY RULES

Upon the *Debtor's Motion for Entry of an Order Authorizing Certain Procedures to Maintain the Confidentiality of Patient Information as Required by Applicable Privacy Rules* (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor"); and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The Debtor's headquarters is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

[2] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

01:25135487.2

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The following procedures (the "Privacy Procedures") shall apply in this Chapter 11 Case:

    (a) the Debtor shall omit any reference to current or former patients from the matrix of creditors and any certificate of service filed on the docket in this Chapter 11 Case;

    (b) as applicable, the Debtor shall identify current or former patients in the Schedules of Assets and Liabilities (the "Schedules") and the Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") solely by a code number, such as "Patient 1," "Patient 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available upon request to (i) the Court and to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), (ii) respective counsel to the lenders under the Debtor's proposed postpetition financing facility, and any statutory committee appointed in this Chapter 11 Case, only after entry into a mutually acceptable non-disclosure agreement that complies with HIPAA's protected health information requirements, and (iii) any other party-in-interest only after the Court has entered an order, after notice and a hearing, authorizing and directing the Debtor to do so[3] ((i) through (iii), the "Disclosure Procedures");

    (c) the Debtor or its claims and noticing agent shall maintain a list of all current or former patients (the "Patient List") that appear on the matrix of creditors or are otherwise served with pleadings, as applicable, and shall make the Patient List, or any portion thereof, available in accordance with the Disclosure Procedures; and

    (d) when the Debtor serves any document or pleading upon any person listed on the Patient List, the Debtor shall note in the respective certificate of service that the parties served include persons listed on the Patient List.

3. The Debtor's compliance with the foregoing Privacy Procedures shall constitute compliance with section 521 of the Bankruptcy Code, Bankruptcy Rule 1007(a), and Local Rule 1007.

---

[3] *See* 45 C.F.R. 164.512(e)(1)(i) (permitting the disclosure of certain information protected by HIPAA pursuant to a Court order, provided that the covered entity discloses only information expressly authorized by such order).

4. The Debtor is authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Motion.

5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

6. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: Sept 5, 2019
Wilmington, Delaware

Laurie Selber Silverstein
United States Bankruptcy Judge