## Exhibit A

### Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | **Ref. Docket No. ___** |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF GLC ADVISORS & CO., LLC AND GLCA SECURITIES, LLC AS INVESTMENT BANKER FOR THE DEBTOR AND DEBTOR IN POSSESSION, PURSUANT TO 11 U.S.C. §§ 327(a) AND 328, *NUNC PRO TUNC* TO THE PETITION DATE, (II) WAIVING CERTAIN INFORMATION REQUIREMENTS IMPOSED BY LOCAL RULE 2016-2, AND (III) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of uBiome, Inc., the above-captioned debtor

and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (this "Chapter 11

Case"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014,

and Local Rule 2014-1 for (i) authority to employ and retain GLC as investment banker to the

Debtor in this Chapter 11 Case, *nunc pro tunc* to the Petition Date, pursuant to the terms of the

Engagement Letter and (ii) a waiver of certain information requirements of Local Rule 2016-2

and excusing compliance with certain guidelines set forth in the U.S. Trustee Guidelines, all as

more fully set forth in the Application; and upon consideration of the First Day Declaration and

the Cannon Declaration; and this Court having jurisdiction to consider the Application and the

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order

of Reference from the United States District Court for the District of Delaware* dated February

29, 2012; and consideration of the Application and the requested relief being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The Debtor's headquarters is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Active

§§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and this Court being satisfied that GLC has the capability and experience to provide the services described in the Application and that GLC does not hold an interest adverse to the Debtor or its estate respecting the matters upon which it is to be engaged; and it appearing that the relief requested in the Application is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**ITS IS HEREBY ORDERED THAT**:

1.      The Application is GRANTED to the extent provided herein.

2.      The Debtor is authorized to retain and employ GLC as investment banker to the Debtor in this Chapter 11 Case, pursuant to the terms and conditions set forth in the Application and the Engagement Letter, as modified by this Order, *nunc pro tunc* to the Petition Date.

3.      The Engagement Letter (together with all annexes thereto), including without limitation the Fee Structure, as modified by this Order, is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and the Debtor is authorized and directed to perform its payment, reimbursement, contribution, and indemnification obligations and its non-monetary obligations in accordance with the terms and conditions, and at the times specified, in the Engagement Letter.  Subject to Paragraph 7 of this Order, all compensation to GLC under the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review including, but not limited to, that set forth in section 330 of the Bankruptcy Code.

Active

2

4.      The Debtor is authorized to pay GLC's fees and to reimburse GLC for its reasonable costs and expenses as provided in the Engagement Letter, including, but not limited to reasonable fees and expenses of GLC's outside counsel without the need for such legal counsel to be retained as a professional in this Chapter 11 Case and without regard to whether such legal counsel's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  Pursuant to Local Rule 2016-2(h), Local Rule 2016-2(f) is waived and in the event that during the pendency of this Chapter 11 Case GLC seeks reimbursement for any attorneys' fees and/or expenses pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys' shall be included in GLC's monthly fee statements and any non-summary interim and final fee applications.

5.      GLC shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules and any applicable orders of this Court; provided that, notwithstanding anything contained in the foregoing to the contrary, pursuant to Local Rule 2016-2(h), GLC professionals shall be required only to maintain summary time records, in hour increments describing each professional's tasks on a daily basis, including reasonably detailed descriptions of those services and the individuals who provided those services, and GLC shall not be required to provide or conform to any schedule of hourly rates; provided further that GLC's professionals shall not be required to keep time records on a project category basis and its non-investment banking professionals and personnel in administrative departments (including legal) not be required to maintain any time records

Active

6.      GLC may be paid its Transaction fee(s) for its services as and when due under the Engagement Letter; provided that all such fees shall remain subject to the subsequent approval of this Court following the filing of a final fee application.

7.      GLC's fees in this Chapter 11 Case, including the Monthly Advisory Fee, Financing Transaction Fee, Sale Transaction Fee and Restructuring Transaction Fee, are hereby approved pursuant to section 328(a) of the Bankruptcy Code.  Notwithstanding anything to the contrary herein, the fees and expenses payable to GLC pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee.  This Order and the record relating to this Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of GLC's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code; provided that reasonableness for this purpose shall include, among other things, an evaluation by comparing the fees payable in this Chapter 11 Case to the fees paid to other investment banking firms for comparable services in other chapter 11 cases and outside of chapter 11 cases, and shall not be evaluated primarily on the basis of the time committed or the length of these cases.  Nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of GLC's compensation.

8.      The indemnification, contribution, and reimbursement provisions set forth in Schedule 1 to the Engagement Letter are approved, subject during the pendency of this Chapter 11 Case to the following modifications:

   a.      No Indemnified Person (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution, or reimbursement pursuant

Active

4

to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by this Court;

b.  The Debtor shall have no obligation to indemnify any Indemnified Person or provide contribution or reimbursement to any Indemnified Person, for any claim or expense to the extent it is either (i) judicially determined (the determination having become final) to have arisen from the Indemnified Person's gross negligence, bad faith, or willful misconduct, (ii) for a contractual dispute in which the Debtor alleges breach of an Indemnified Person's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to sub paragraph (c) hereof to be a claim or expense for which the Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

c.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this Chapter 11 Case, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, GLC or the applicable Indemnified Person must file an application before this Court, and the Debtor may not pay any such amounts to the Indemnified person before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request fees and expenses by any Indemnified Person for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify or make contributions or reimbursements to, the Indemnified Persons.  All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, and/or reimbursement.

9.  Notwithstanding any provision in the Engagement Letter to the contrary, the

contribution obligations of the Indemnified Persons shall not be limited to the aggregate amount

of fees actually received by GLC from the Debtor pursuant to the Engagement Letter, this Order

Active

or subsequent orders of this Court.  No limitation of liability provision set forth in the

Engagement letter shall have any force during the course of this Chapter 11 Case.

10.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order

shall be effective and enforceable immediately upon entry hereof.

11.     None of the fees payable to GLC under the Fee Structure shall constitute a

"bonus" or fee enhancement under applicable law.

12.     In the event of any inconsistency between the Engagement Letter, the

Application, and this Order, this Order shall govern.

13.     The Debtor is authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

14.     Notwithstanding any term in the Engagement Letter to the contrary, this Court

shall retain jurisdiction with respect to all matters arising from or related to the implementation,

interpretation, or enforcement of this Order.

Active