IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>UBIOME, INC.,[1]<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 19-11938 (LSS)<br><br>Hearing Date:  October 2, 2019 at 10:00 a.m. (ET)<br>Obj. Deadline:  September 25, 2019 at 4:00 p.m. (ET) |

**DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE DEBTOR, EFFECTIVE AS OF THE PETITION DATE**

uBiome, Inc., the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), hereby submits this application (the "Application") for entry of an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention and employment of Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm") as bankruptcy counsel, effective as of the Petition Date (as defined below).  In support of this Application, the Debtor relies upon the declaration of Andrew L. Magaziner (the "Magaziner Declaration"), which is attached hereto as Exhibit A, and the declaration of Curtis G. Solsvig III (the "Solsvig Declaration"), which is attached hereto as Exhibit B.  In further support of this Application, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1.　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice

---

[1]　The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019).  The Debtor's headquarters is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

01:25152712.5

and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor consents to entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

3. On September 4, 2019 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is continuing to manage its financial affairs as debtor in possession. To date, no trustee, examiner or statutory committee has been appointed in this Chapter 11 Case.

4. Information regarding the Debtor's history, business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of this Chapter 11 Case, can be found in the *Declaration of Curtis G. Solsvig III in Support of the Debtor's Chapter 11 Petition and Requests for First Day Relief* [Docket No. 2] (the "First Day Declaration"),[2] which is incorporated by reference herein.

## RELIEF REQUESTED

5. By this Application, the Debtor requests entry of an order authorizing the Debtor to retain and employ Young Conaway as bankruptcy counsel, effective as of the Petition Date.

---

[2] Capitalized terms used herein, but not otherwise defined, have the meanings given to them in the First Day Declaration.

**BASIS FOR RELIEF REQUESTED**

**A.    Young Conaway's Qualifications**

6.     The Debtor seeks to retain Young Conaway as its bankruptcy counsel because of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  The Debtor submits that Young Conaway's knowledge, expertise, and experience practicing before the Court will enable the Firm to work in an efficient and cost-effective manner on behalf of the Debtor's estate.  Additionally, in preparing for this Chapter 11 Case, Young Conaway has become familiar with the Debtor's business and affairs and many of the potential legal issues that may arise in the context of this Chapter 11 Case.  Accordingly, the Debtor believes that Young Conaway is uniquely qualified to represent it as bankruptcy counsel in this Chapter 11 Case.

**B.    Payment of Fees and Expenses**

7.     Young Conaway will seek Court approval of its compensation and reimbursement of its actual, necessary expenses and other charges incurred by the Firm upon the filing of appropriate applications for interim and final compensation and reimbursement pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.  The principal attorneys and the paralegal presently designated to represent the Debtor, and their current standard hourly rates, are:

| | | |
|---|---|---|
| a. | Michael R. Nestor | $905.00 per hour |
| b. | Joseph M. Barry | $785.00 per hour |
| c. | Andrew L. Magaziner | $600.00 per hour |
| d. | Joseph M. Mulvihill | $460.00 per hour |
| e. | Jordan E. Sazant | $340.00 per hour |
| f. | Troy Bollman (paralegal) | $285.00 per hour |

8.      The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals from Young Conaway may from time to time also serve the Debtor in connection with the matters described herein.

9.      The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial expenses and other overtime. The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

10.     Young Conaway was retained by the Debtor pursuant to an engagement agreement dated July 1, 2019 (the "<u>Engagement Agreement</u>"). Pursuant to the Engagement Agreement, Young Conaway received an initial retainer of $250,000 on July 3, 2019 (the "<u>Retainer</u>") in connection with the planning and preparation of initial documents, the Firm's proposed postpetition representation of the Debtor, and advanced payment for chapter 11 filing

fee. Since Young Conaway was retained by the Debtor, certain invoices were paid in connection with Young Conaway's prepetition services.

11. After applying a portion of the Retainer to the outstanding balance as of the Petition Date, Young Conaway will apply the remainder of the Retainer to payment of its postpetition fees and expenses, upon entry of an order by the Court approving such fees and expenses in accordance with the Bankruptcy Rules, the Local Rules, and any orders of the Court governing applications for compensation in this Chapter 11 Case.[3]

12. As set forth in the Magaziner Declaration, Young Conaway has not shared or agreed to share any of its compensation from the Debtor with any other person, other than as permitted by section 504 of the Bankruptcy Code.

**C.    Services to be Provided**

13. The professional services that Young Conaway will render to the Debtor include, but shall not be limited to, the following:

- providing legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued operation of its business, management of its properties, and the potential sale of its assets;

- preparing and pursuing confirmation of a plan and approval of a disclosure statement;

- preparing, on behalf of the Debtor, necessary applications, motions, answers, orders, reports, and other legal papers;

- appearing in Court and protecting the interests of the Debtor before the Court; and

- performing all other legal services for the Debtor that may be necessary and proper in these proceedings.

14. By separate application, the Debtor has asked or will ask the Court to approve the retentions and/or appointment of Donlin, Recano & Company, Inc. ("DRC") as administrative,

---

[3] Young Conaway's statement pursuant to Bankruptcy Rule 2016 is attached hereto as Exhibit C.

claims, and noticing agent; GLC Advisors & Co., LLC and GLCA Securities, LLC (together, "GLC") as investment banker; Goldin Associates, LLC ("Goldin") to provide management personnel; Sidley Austin LLP ("Sidley") as special government investigations counsel; and Milbank LLP ("Milbank") as special internal investigations counsel.  In addition, the Debtor also may file motions or applications to employ additional professionals.

15.    These professionals work, and will continue to work, under the direction of the Debtor's management.  The Debtor's officers and management are committed to minimizing duplication of services to reduce professional costs.  To that end, the Debtor understands that Young Conaway is prepared to work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

**D.    Bankruptcy Rule 2014 Disclosure**

16.    To the best of the Debtor's knowledge, and except as disclosed herein and in the Magaziner Declaration, Young Conaway has not represented the Debtor, its creditors, or any other parties-in-interest, or their respective attorneys, in any matter relating to the Debtor or its estate.  Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel, and associates:

    a.    are not creditors, equity security holders, or insiders of the Debtor;

    b.    are not and were not, within two (2) years before the Petition Date, directors, officers, or employees of the Debtor; and

    c.    do not have an interest materially adverse to the interests of the Debtor's estate or of any class of the Debtor's creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

17.    For the above reasons, the Debtor submits that Young Conaway's employment is necessary and in the best interests of the Debtor and its estate.

## **NOTICE**

18.     The Debtor has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) holders of the 30 largest unsecured claims against the Debtor; (c) respective counsel to the DIP Financing Parties; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit D</u>, granting the relief requested herein and granting the Debtor such other and further relief as is just and proper.

Dated:  September 11, 2019                              uBiome, Inc.,
                                                        Debtor and Debtor in Possession

                                                        */s/ Curtis G. Solsvig III*
                                                        Curtis G. Solsvig III
                                                        Acting Chief Executive Officer