## Exhibit B

**Solsvig Declaration**

01:25152712.5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>UBIOME, INC.,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 19-11938 (LSS) |

**DECLARATION OF CURTIS G. SOLSVIG III IN SUPPORT OF DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE DEBTOR, EFFECTIVE AS OF THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, Curtis G. Solsvig III, hereby submit this declaration (this "Declaration") under penalty of perjury:

1. I am the Acting Chief Executive Officer (the "Acting CEO") of uBiome, Inc., the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor" or "uBiome").

2. I submit this Declaration in support of the *Debtor's Application for an Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Counsel for the Debtor, Effective as of the Petition Date* (the "Application").[2] Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtor's management and the Debtor's advisors.

3. As noted in the Application, the Debtor seeks to retain Young Conaway to serve as counsel to the Debtor in this chapter 11 case (this "Chapter 11 Case"). The Debtor engaged

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The Debtor's headquarters is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

01:25152712.5

Young Conaway as counsel because of Young Conaway's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  Young Conaway's knowledge, expertise, and experience practicing before the Court will enable the Firm to work in an efficient and cost-effective manner on behalf of the Debtor's estate.  Additionally, in preparing for this Chapter 11 Case, Young Conaway has become familiar with the Debtor's business and affairs and many of the potential legal issues that might arise in the context of this case, and since the Firm's engagement, Young Conaway has advised the Debtor on, among other things, local rules, practices, and procedures with respect to various chapter 11 initiatives.  Therefore, the Debtor believes that Young Conaway is uniquely qualified to represent them in this case.

4. In selecting Young Conaway, the Debtor reviewed the rates of Young Conaway, including rates for bankruptcy services, and compared them to outside law firms that the Debtor has used in the past to determine that the rates are reasonable.  Young Conaway has informed the Debtor that its current hourly rates are the Firm's standard hourly rates for work of this nature. In my capacity as Acting CEO, I am responsible for supervising outside counsel retained by the Debtor.  As discussed below, I am also responsible for reviewing the invoices regularly submitted by Young Conaway, and can confirm that the rates Young Conaway charged the Debtor in the prepetition period are the same as the rates Young Conaway will charge the Debtor in the postpetition period, subject to periodic adjustment to reflect economic and other conditions. The Debtor has approved or will approve Young Conaway's prospective budget and staffing plan for the three-month period beginning on the Petition Date, recognizing that in the course of large chapter 11 cases like this, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtor and Young Conaway.  In

accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed expectations or unanticipated developments. The Debtor further recognizes that it is its responsibility to closely monitor the billing practices of its counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtor's expectations and the exigencies of this Chapter 11 Case. The Debtor will continue to review the invoices that Young Conaway regularly submits, and, together with Young Conaway, periodically amend the budget and staffing plans, as this case develops.

5. As it did prepetition, the Debtor will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Dated:  September 11, 2019

uBiome, Inc.,
Debtor and Debtor in Possession

*/s/ Curtis G. Solsvig III*
Curtis G. Solsvig III
Acting Chief Executive Officer