IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | Hearing Date: October 2, 2019 at 10:00 a.m. (ET)<br>Objection Deadline: September 25, 2019 at 4:00 p.m. (ET) |

**DEBTOR'S FIRST (1st) OMNIBUS MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(a) AND 365(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTOR TO REJECT CERTAIN EXECUTORY CONTRACTS, *NUNC PRO TUNC* TO THE REJECTION EFFECTIVE DATES**

uBiome, Inc., the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), hereby moves the Court (this "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing, but not directing, the Debtor to reject those certain executory contracts (collectively, the "Rejected Contracts") set forth on Exhibit 1 to the Proposed Order, effective as of the designated rejection effective dates (respectively, the "Rejection Effective Dates") set forth on Exhibit 1 to the Proposed Order. In further support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The Debtor's headquarters is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

"Local Rules"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are sections 105(a) and 365(a) of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**I.   General**

3. On September 4, 2019 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is continuing to manage its financial affairs as debtor in possession.

4. On September 16, 2019, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in this chapter 11 case (this "Chapter 11 Case").

5. Additional information regarding the Debtor's history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of this Chapter 11 Case can be found in the *Declaration of Curtis G. Solsvig III in Support of the Debtor's Chapter 11 Petition and Requests for First Day Relief* (the "First Day Declaration") [Docket No. 2].[2]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**II.     Rejection of the Rejected Contracts**

6.      Prior to the commencement of this Chapter 11 Case, the Debtor streamlined its operations and ceased operating from certain locations, reduced its workforce, and consolidated its laboratory space at its corporate headquarters in San Francisco. Because the Rejected Contracts are unrelated to the Debtor's ongoing business operations and value-maximization strategy, the Debtor has determined, in consultation with its advisors, that the costs and burdens associated with the Rejected Contracts outweigh the benefits thereof. Accordingly, the Debtor has determined in its business judgment that it is in its best interests to reject the Rejected Contracts, *nunc pro tunc* to the Rejection Effective Dates set forth on Exhibit 1 to the Proposed Order, thereby avoiding the incurrence of additional expenses related to agreements that provide no material benefit to the Debtor and its estate during this Chapter 11 Case.

**RELIEF REQUESTED**

7.      By this Motion, the Debtor seeks to reject the Rejected Contracts, *nunc pro tunc* to the Rejection Effective Dates set forth on Exhibit 1 to the Proposed Order.

**BASIS FOR RELIEF**

8.      Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As courts have held, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 *Collier on Bankruptcy* ¶ 365.01[1] (15th ed. 1993)).

9. The standard applied to determining whether the rejection of an executory contract should be authorized is the "business judgment" standard. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *see also In re HQ Global Holdings, Inc.*, 290 B.R. 507, 513 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice"). Once a debtor states a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

10. The business judgment rule is crucial in chapter 11 cases and shields a debtor's management from judicial second-guessing. *See Comm. of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions."). Generally, courts defer to a debtor-in-possession's business judgment to reject an executory contract. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Minges*, 602 F.2d 38, 43 (2d Cir. 1979); *In re Riodizio*, 204 B.R. 417, 424–25 (Bankr. S.D.N.Y. 1997); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

11. Upon finding that the Debtor has exercised its sound business judgment in determining that rejection of the Rejected Contracts is in the best interests of the Debtor and its estate, the Court should approve the proposed rejections under section 365(a) of the Bankruptcy

Code.  *See, e.g., Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").  If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease.  *See, e.g., Sharon Steel Corp.*, 872 F.2d at 39–40.

        12.    As an integral component of its efforts to preserve and maximize the value of its estate and reduce its potential administrative costs in this Chapter 11 Case by, among other things, eliminating unnecessary costs, the Debtor has determined, in its business judgment, that the Rejected Contracts are burdensome and provide no economic value to its estate.  Because the Debtor has streamlined its go-forward business operations, the Debtor no longer requires the services provided under the Rejected Contracts.

        13.    To avoid paying any unnecessary expenses related to the Rejected Contracts, the Debtor seeks to reject the Rejected Contracts *nunc pro tunc* to the applicable Rejection Effective Dates.  The facts in this Chapter 11 Case and the balance of the equities favor the Debtor's rejection of the Rejected Contracts *nunc pro tunc* to the designated Rejection Effective Dates.  Without a retroactive date of rejection, the Debtor may incur unnecessary administrative charges for agreements that are not necessary to its chapter 11 efforts and, indeed, have been effectively terminated since the Rejection Effective Dates. Moreover, the counterparties to the Rejected Contracts will not be unduly prejudiced if the Rejected Contracts are rejected *nunc pro tunc* to the applicable Rejection Effective Dates because the Debtor has previously advised the counterparties to such Rejected Contracts that it will no longer be

needing, requesting or accepting applicable services from the counterparties thereto as of such Rejection Effective Dates, and, accordingly, have advised such parties of the proposed Rejection Effective Date prior to passage thereof. Therefore, based on the Debtor's need to eliminate the potential assertion of administrative claims against its estate, and to avoid the potential accrual of any further obligations under the Rejected Contracts, the Debtor respectfully submits that the retroactive rejection of the Rejected Contracts as of the Rejection Effective Dates is appropriate.

14. In light of the foregoing facts and circumstances, the Debtor respectfully submits that its rejection of the Rejected Contracts under section 365(a) of the Bankruptcy Code, *nunc pro tunc* to the Rejection Effective Dates set forth on <u>Exhibit 1</u> to the Proposed Order, is a sound exercise of its business judgment and is necessary, prudent, and in the best interests of the Debtor, its estate, and its creditors. Accordingly, entry of the Proposed Order is appropriate.

## **RESERVATION OF RIGHTS**

15. Nothing contained herein is intended to be or should be construed as an admission of the validity of any claim against the Debtor or a waiver of any of the Debtor's rights, defenses, or counterclaims with respect to the Rejected Contracts. Nor does anything herein constitute an acknowledgement that any of the Rejected Contracts constitute an executory contract under section 365 of the Bankruptcy Code, and has not otherwise expired by its own terms or upon agreement of the parties as of the parties as of the date hereof.

## **NOTICE**

16. Notice of this Motion has been given to (a) the U.S. Trustee; (b) proposed counsel to the Committee; (c) counsel to the DIP Financing Parties; (d) the counterparties to the Rejected Contracts or their counsel, if known; and (e) any party that has requested notice

pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>September 18, 2019 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Jordan E. Sazant*<br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4221)<br>Andrew L. Magaziner (No. 5426)<br>Joseph M. Mulvihill (No. 6061)<br>Jordan E. Sazant (No. 6515)<br>Rodney Square, 1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>*Proposed Counsel to the Debtor and Debtor in Possession* |

01:25190301.2