**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | Ref. Docket Nos. 6 & 46 |

**FINAL ORDER (A) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (B) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR POSTPETITION SERVICES; AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

Upon the *Debtor's Motion for Entry of Interim and Final Orders (A) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service; (B) Approving the Debtor's Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor"); and upon consideration of the First Day Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The Debtor's headquarters is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

upon the record of all hearings on the Motion and all of the proceedings had before this Court; and this Court having previously entered that certain *Interim Order (A) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service; (B) Approving the Debtor's Proposed Adequate Assurance of Payment for Postpetition Services; and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment* [D.I. 46]; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on a final basis.

1. The Debtor is authorized to pay on a timely basis, in accordance with its prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Providers to the Debtor after the Petition Date.

2. To the extent not otherwise already done, the Debtor shall provide an Adequate Assurance Deposit for all Utility Providers by depositing 50% of the estimated monthly cost of Utility Services into a segregated Adequate Assurance Deposit Account within 20 days of the Petition Date, to be maintained on terms consistent with the Motion.

3. The Proposed Adequate Assurance comprises the Adequate Assurance Deposit and the Debtor's ability to pay for future Utility Services in the ordinary course of business, and subject to the Adequate Assurance Procedures set forth below, constitutes sufficient adequate assurance of future payment to the Utility Providers to satisfy the requirements of section 366 of the Bankruptcy Code.

4. The Utility Providers are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on the basis of the commencement of the Chapter 11 Case or on account of any unpaid prepetition charges or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance, as a condition of the Debtor continuing to receive Utility Services.

5. The following Adequate Assurance Procedures are approved:

a. If a Utility Provider is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon (a) proposed counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Jordan E. Sazant (jsazant@ycst.com)), and (b) counsel to the DIP Financing Parties (i) Morrison & Foerster LLP, 200 Clarendon St., Boston, MA 02116 (Attn: Alex Rheaume) (arheaume@mofo.com), and (ii) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193 (Attn: Jason Goldstein) (jgoldstein@gibsondunn.com), (collectively, the "Notice Parties");

b. Each Additional Assurance Request must (a) be made in writing; (b) set forth all location(s) for which utility services are provided and the relevant account number(s); (c) include a summary of the Debtor's payment history relevant to the affected account(s); (d) describe any deposits or other security currently held by the requesting Utility Provider; and (e) identify and explain the basis of the Utility Provider's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code;

c. Upon the Notice Parties' receipt of an Additional Assurance Request at the addresses set forth in subparagraph (a) above, the Debtor shall promptly negotiate with such Utility Provider to resolve such Utility Provider's Additional Assurance Request;

d. If the Debtor determines that an Additional Assurance Request is not reasonable and is unable to reach an alternative resolution with the applicable Utility Provider, the Debtor shall, upon reasonable notice, calendar the matter (the "Adequate Assurance Dispute") for the next omnibus hearing date after the receipt of the request;

e. Pending resolution of any such Adequate Assurance Dispute, any such Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services, the filing of the Chapter 11 Case, or any objection to the adequacy of the Proposed Adequate Assurance;

      f.      The Debtor may, in its discretion, resolve any Adequate Assurance Dispute by mutual agreement with the requesting Utility Provider without further notice to this Court or any other party in interest and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of this Court to the extent the Debtor believes that such additional assurance is reasonable in the exercise of its business judgment and the Debtor may, by mutual agreement with the objecting Utility Provider and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Provider's estimated two-week utility expense; and

      g.      Upon the termination of Utility Services, as applicable, the Debtor may, in its discretion, and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (a) the estimated two-week utility expense for such Utility Services and (b) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider, *provided* that for any Utility Provider for which the Adequate Assurance Deposit is reduced, the Debtor shall have paid such Utility Provider in full for any outstanding postpetition Utility Services before reducing the Adequate Assurance Deposit, and the Utility Provider does not dispute that it has been paid in full for postpetition services.

6.      The Debtor may supplement the Utility Providers List without further order of this Court with Additional Utility Providers if such Additional Utility Providers were inadvertently omitted from the Utility Providers List, and the Debtor will file as soon as practicable with this Court a supplement to Exhibit C annexed to the Motion that adds the name of any Additional Utility Provider to the Utility Providers List.  The Debtor will then serve by email or by facsimile transmission (or, where the Debtor does not have the email address or fax number of an Additional Utility Provider, by First Class Mail) a copy of the Motion and this Final Order on any Additional Utility Provider.  Following service of the Motion, any Additional Utility Provider will be bound by this Final Order and the Debtor shall provide an Adequate Assurance Deposit into the segregated Adequate Assurance Deposit Account equal to the estimated cost for two weeks of Utility Service from such Additional Utility Provider as soon as practical after the addition of the Additional Utility Provider to the Utility Providers List.

7. No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures, (b) by mutual agreement of the Debtor and the applicable Utility Provider, or (c) by further order of this Court.  If the Debtor fails to pay for any legitimate postpetition Utility Services when due, a Utility Provider may access only that portion of the Adequate Assurance Deposit attributable to it in the Adequate Assurance Deposit Account.

8. The Debtor shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Final Order.

9. Without further order of this Court, the Debtor may enter into agreements granting an Additional Assurance Request to a Utility Provider if the Debtor, in its discretion, determines that the Additional Assurance Request is reasonable.

10. The portion of Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtor upon the conclusion of the Chapter 11 Case, if not applied earlier; *provided* that for any Utility Provider for which the Adequate Assurance Deposit is returned, the Debtor shall have paid such Utility Provider in full for any outstanding postpetition Utility Services before returning the Adequate Assurance Deposit, and the Utility Provider does not dispute that it has been paid in full for postpetition services.

11. Nothing contained herein constitutes a finding that any entity is or is not a Utility Provider hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Providers List.

12. Nothing in this Order authorizes the Debtor to pay prepetition claims without further order of this Court.

13. Nothing in the Motion or this Final Order, or the Debtor's payment of any claims pursuant to this Final Order, shall be deemed or construed as: (a) an admission as to the validity of, or a promise to pay with respect to, any claim or lien against the Debtor or its estate, (b) a waiver of the Debtor's right to dispute any claim or lien, (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (d) an admission of the priority status of any claim, whether under section 503(b)(9) of the Bankruptcy Code or otherwise; or (e) a modification of the Debtor's rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Utility Provider.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

15. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

16. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

01:25243848.2     **Dated: September 27th, 2019**          **LAURIE SELBER SILVERSTEIN**
                  **Wilmington, Delaware**                 **UNITED STATES BANKRUPTCY JUDGE**