# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | Ref. Docket Nos. 7 & 36 |

### FINAL ORDER (A) AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO PAY CERTAIN PREPETITION TAXES AND OBLIGATIONS AND (B) GRANTING RELATED RELIEF

Upon the *Debtor's Motion for Entry of Interim and Final Orders (A) Authorizing, but not Directing, the Debtor to Pay Certain Prepetition Taxes and Obligations and (B) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtor and debtor-in-possession (the "Debtor"); and this Court having reviewed the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; this Court having found that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having considered the First Day Declaration; and this Court having previously entered the *Interim Order (A) Authorizing, but not Directing, the Debtor to Pay Certain Prepetition Taxes*

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The Debtor's headquarters is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*and Obligations and (B) Granting Related Relief* [Docket No. 36]; and this Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on a final basis.

2. The Debtor is authorized, but not directed, to pay all prepetition Taxes that have accrued, but were not yet due and owing or were not paid in full, as of the Petition Date, including those Taxes subsequently determined upon audit to be owed for periods prior to the Petition Date; *provided, however*, that the amount of the payments relating to prepetition Taxes shall not exceed $15,000 absent further order of this Court.

3. Nothing in this Order shall be construed as authorizing the Debtor to pay any amounts on account of past-due taxes.

4. The Banks are authorized, when requested by the Debtor, in the Debtor's discretion, to receive, honor, process and pay any and all checks drawn on, or electronic transfer requests from, the Debtor's bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or requests were presented or submitted prior to or after the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.

5. The Banks may rely on the Debtor's representations with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be

honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations.

6. Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code, or an admission as to the validity of any claim against the Debtor and its estate, (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority or amount of any claim against the Debtor and its estate, shall impair, prejudice, waive or otherwise affect the rights of the Debtor and its estate with respect to any and all claims or causes of action against any Authority, or (d) shall be construed as a promise to pay a claim.

7. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Authority.

8. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10. This Court shall retain exclusive jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

01:25259962.1    **Dated: September 27th, 2019**    LAURIE SELBER SILVERSTEIN
**Wilmington, Delaware**    UNITED STATES BANKRUPTCY JUDGE