IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | Ref. Docket Nos. 8 & 37 |

**FINAL ORDER AUTHORIZING (A) CONTINUATION OF, AND PAYMENT OF PREPETITION OBLIGATIONS INCURRED IN THE ORDINARY COURSE OF BUSINESS IN CONNECTION WITH, VARIOUS INSURANCE POLICIES, INCLUDING PAYMENT OF POLICY PREMIUMS AND BROKER FEES, AND (B) BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO**

Upon the *Debtor's Motion for Entry of Interim and Final Orders Authorizing (A) Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection With, Various Insurance Policies, Including Payment of Policy Premiums and Broker Fees, and (B) Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto* (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor"); and this Court having reviewed the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of this Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Motion has been given as

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The headquarters for the above-captioned Debtor is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having considered the First Day Declaration; and this Court having previously entered that certain *Interim Order Authorizing (A) Continuation of, and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection With, Various Insurance Policies, Including Payment of Policy Premiums and Broker Fees, and (B) Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto* [D.I. 37]; and this Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on a final basis.

2. The Debtor is authorized to maintain the Insurance Policies without interruption, and to renew, supplement, modify, or extend (including through obtaining "tail" coverage) the Insurance Policies, or enter into new insurance policies, and to incur and pay premiums, claims, deductibles, retrospective adjustments, administrative fees, broker fees, self-insured and uninsured losses, and any other obligations that are or become due and payable arising thereunder or in connection therewith, in accordance with the same practices and procedures as were in effect prior to the Petition Date; *provided, however*, that (i) no collateral requirements shall be increased on account of any current or future Insurance Policies absent prior consent of the Official Committee of Unsecured Creditors (the "Committee") (which consent shall not be unreasonably withheld, conditioned or delayed); and (ii) the Debtors shall consult with the

Committee prior to renewing, supplementing, modifying, or extending (including through obtaining "tail" coverage) any existing Insurance Policies.

3. The Debtor is authorized, but not directed, without interruption and in its discretion, to pay, honor, or otherwise satisfy all Insurance Obligations in an amount not to exceed $250,000, including, without limitation, premiums, claims, deductibles, retrospective adjustments, administrative fees, broker fees (including, without limitation, the Broker Fees), self-insured and uninsured losses, and any other obligations that were due and payable or related to the period prior to the Petition Date on account of the Insurance Policies.

4. The Debtor is authorized to (a) continue, in the ordinary course of business, the Insurance Policies, and (b) pay the installment payments under the Insurance Policies as the same become due in the ordinary course of business.

5. Each Bank is authorized to honor checks presented for payment and all fund transfer requests made by the Debtor, to the extent that sufficient funds are on deposit in the applicable accounts, in accordance with this Order and any other order of this Court.

6. The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in connection with any Insurance Obligations that are dishonored or rejected.

7. Nothing in the Motion or this Order, or the Debtor's payment of any claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of, or a promise to pay with respect to, any claim or lien against the Debtor or its estate, (b) a waiver of the Debtor's right to dispute any claim or lien, (c) an admission of the priority status of any claim, or (d) a modification of the Debtor's rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid on account of any Insurance Policies.

8. Nothing herein shall be deemed to constitute the postpetition assumption of any executory contract under section 365 of the Bankruptcy Code or authority to lift or modify the automatic stay set forth in section 362 of the Bankruptcy Code. To the extent that the Insurance Policies, the Insurance Obligations, or any related contracts or agreements are deemed executory contracts under section 365 of the Bankruptcy Code, neither the relief granted hereby nor any actions or payments made by the Debtor pursuant to this Order shall be deemed an assumption or rejection of any such contract or agreement pursuant to section 365 of the Bankruptcy Code, or that any such contract or agreement is an executory contract under section 365 of the Bankruptcy Code.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

01:25226587.2  **Dated: September 27th, 2019**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE