IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | Ref. Docket Nos. 10 & 39 |

**FINAL ORDER, PURSUANT TO SECTIONS 105(a), 363, 1107(a) AND 1108 OF THE BANKRUPTCY CODE: (I) AUTHORIZING THE DEBTOR TO PAY CERTAIN PRE-PETITION CLAIMS OF CRITICAL VENDORS; AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH CLAIMS**

Upon consideration of the *Debtor's Motion for Entry of Interim and Final Orders, Pursuant to Sections 105(a), 363, 1107(a), and 1108 of the Bankruptcy Code: (I) Authorizing the Debtor to pay Certain Pre-Petition Claims of Critical Vendors and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Claims* (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor"); and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having determined that it may enter a final order consistent with

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The headquarters for the above-captioned Debtor is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Article III of the United States Constitution; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having entered that certain *Interim Order, Pursuant to Sections 105(a), 363, 1107(a) and 1108 of the Bankruptcy Code: (I) Authorizing the Debtor to Pay Certain Pre-Petition Claims of Critical Vendors; and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Claims* [D.I. 39] (the "Interim Order"); and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtor is authorized, but not directed, to honor, pay, or otherwise satisfy amounts on account of Critical Vendor Claims; *provided*, *however*, that such payments shall not exceed $181,000 on an aggregate basis, inclusive of any payments made pursuant to the Interim Order, unless otherwise ordered by this Court.

3. Following entry of this Final Order, the Debtor shall consult with the official committee of unsecured creditors with respect to future payments to Critical Vendors.

4. The Debtor is authorized, but not directed, to condition the payment of Critical Vendor Claims upon such Critical Vendor's agreement (a "Trade Agreement") to continue supplying services or goods to the Debtor in accordance with trade terms at least as favorable to the Debtor as those practices and programs (including credit limits, pricing, timing of payments, availability, and other terms) in place prior to the Petition Date (the "Customary Trade Terms"), or, in the alternative, to negotiate trade terms with any Critical Vendor, as a

condition to payment of any Critical Vendor Claim, that vary from the Customary Trade Terms (the "Negotiated Trade Terms") to the extent the Debtor determines, in its reasonable business judgment, that such terms are necessary to procure essential services or are otherwise in the best interests of the Debtor's estate.  A Trade Agreement, once agreed to and accepted by a Critical Vendor, shall be legally binding contractual arrangements governing the commercial trade relationship between the parties as provided therein.

5. If a Critical Vendor accepts payment pursuant to this Final Order after agreeing to provide services on Customary Trade Terms or Negotiated Trade Terms, and thereafter does not continue to provide services on such terms (regardless of whether a Trade Agreement has been executed), then (i) any payment on account of a Critical Vendor Claim may be deemed, in the Debtor's reasonable business judgment, to be an improper post-petition transfer and, therefore, recoverable by the Debtor in cash upon written request, and (ii) upon recovery of the payment by the Debtor, the Critical Vendor Claim shall be reinstated as if the payment had not been made.  If there exists an outstanding post-petition balance due from the Debtor to a Critical Vendor, the Debtor may elect to recharacterize and apply any payment made pursuant to this Final Order to such outstanding post-petition balance, and the Debtor may then take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of its pre-petition claim to the extent that such payments exceed the post-petition amounts then owing to such Critical Vendor.

6. The Banks are authorized, at the direction of the Debtor, to honor and process all pre-petition and post-petition checks and fund transfers on account of the Critical Vendor Claims that had not been honored and paid as of the Petition Date, provided that the Debtor has sufficient standing in its credit with such Bank.  Each Bank is authorized, but not

directed, to rely on the Debtor's representations with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Final Order, and the Banks shall not have any liability to any party for relying on such representations by the Debtor as provided for herein, and shall not be liable to any party on account of (i) following the Debtor's representations, instructions, or presentations as to any order of this Court (without any duty of further inquiry), (ii) honoring of any pre-petition checks, drafts, wires, or automated clearing house transfer in a good-faith belief or upon a representation by the Debtor that this Court has authorized such pre-petition check, draft, wire, or automated clearing house transfer, or (iii) an innocent mistake made despite implementation of reasonable handling procedures.

7. Nothing in this Final Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor and its estate; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtor and its estate with respect to the validity, priority or amount of any claim against the Debtor and its estate; or (iii) shall be construed as a promise to pay a claim.

8. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

*Laurie Selber Silverstein* (signature)

**Dated: September 27th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

01:25227109.2

5