## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | **Ref. Docket Nos. 4 & 34** |

### FINAL ORDER AUTHORIZING (A) THE MAINTENANCE OF THE CASH MANAGEMENT SYSTEM; (B) MAINTENANCE OF THE EXISTING BANK ACCOUNTS; (C) CONTINUED USE OF EXISTING BUSINESS FORMS; (D) CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS IN THE ORDINARY COURSE OF BUSINESS AND GRANT OF ADMINISTRATIVE EXPENSE STATUS FOR POSTPETITION INTERCOMPANY CLAIMS; AND (E) GRANTING RELATED RELIEF

Upon the *Debtor's Motion for Interim and Final Orders Authorizing (A) the Maintenance of the Cash Management System; (B) Maintenance of the Existing Bank Accounts; (C) Continued Use of Existing Business Forms; (D) Continued Performance of Intercompany Transactions in the Ordinary Course of Business and Grant of Administrative Expense Status for Postpetition Intercompany Claims; and (E) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor"); and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of this Chapter 11 Case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and this Court having

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019).  The Debtor's headquarters is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

determined that it may enter a final order consistent with Article III of the United States Constitution; and upon consideration of the First Day Declaration; and the *Interim Order Authorizing (A) the Maintenance of the Cash Management System; (B) Maintenance of the Existing Bank Accounts; (C) Continued Use of Existing Business Forms; (D) Continued Performance of Intercompany Transactions in the Ordinary Course of Business and Grant of Administrative Expense Status for Postpetition Intercompany Claims; and (E) Granting Related Relief* [D.I. 34]; and this Court having found and determined that the relief sought in the Motion, on a final basis, is in the best interests of the Debtor, its estate, its creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein on a final basis.

2.      The Debtor is authorized and empowered to continue to manage its cash using its existing Cash Management System, and to collect, concentrate, and disburse cash in accordance with such Cash Management System.

3.      The Debtor is authorized to (a) designate, maintain, and use any or all of the Bank Accounts in existence as of the Petition Date, including the Bank Accounts listed on Exhibit A annexed to the Motion, (b) deposit funds into and withdraw funds from such Bank Accounts by all usual means, including checks, wire transfers, automated transfers, and other debits, and (d) treat its prepetition Bank Accounts for all purposes as debtor in possession accounts.

4.      The Cash Management Banks are authorized and directed to continue to treat, service, and administer such Bank Accounts as accounts of the respective Debtor as a debtor in

---

2  All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

01:25229205.2

possession account without interruption and in the usual and ordinary course, and to receive,

process, honor and pay any and all checks, drafts, wires, or ACH transfers drawn on the Bank

Accounts by the holders or makers thereof, as the case may be.

5.      Notwithstanding anything to the contrary in any other order of this Court, the

Cash Management Banks (a) are authorized to accept and honor all representations from the

Debtor as to which checks, drafts, wires, or ACH transfers should be honored or dishonored,

consistent with any orders of this Court and governing law, whether such checks, drafts, wires,

or ACH transfers are dated prior to, on, or subsequent to the Petition Date, and whether the Cash

Management Banks believe the payment is or is not authorized by an order of this Court,

(b) have no duty to inquire as to whether such payments are authorized by an order of this Court,

and (c) such Cash Management Banks shall not have any liability to any party for relying on

such representations by the Debtor as provided for herein.

6.      The Cash Management Banks shall not be liable to any party on account of

(a) following the Debtor's instructions or representations as to any order of this Court, (b) the

honoring of any prepetition check or item in a good faith belief that this Court has authorized

such prepetition check or item to be honored, or (c) an innocent mistake made despite

implementation of reasonable item handling procedures.

7.      Nothing contained herein shall prevent the Debtor from closing any of its Bank

Accounts or opening any additional bank accounts (which shall be deemed Bank Accounts under

this Final Order), provided such new Bank Accounts are with a bank that is a party to a Uniform

Depository Agreement with the U.S. Trustee, and any relevant bank is authorized to honor the

Debtor's request to close or open such Bank Accounts or additional bank accounts, as the case

may be; provided, however, that the Debtor shall give notice within fifteen (15) days of an

01:25229205.2

account opening or closure to the U.S. Trustee and the official committee of unsecured creditors appointed in this Chapter 11 Case (the "Committee") of the opening of any additional bank accounts or the closing of any Bank Accounts and shall report the opening or closing of any Bank Account on the monthly operating report next submitted to the U.S. Trustee.

8.      The Cash Management Banks, in accordance with current practice and the agreement governing the Bank Accounts, are authorized to "charge back" to the Debtor accounts any amounts incurred by the Cash Management Banks resulting from returned checks or other returned items, and the Debtor is authorized to pay any fees and expenses owed to the Cash Management Banks, in each case regardless of whether such items were deposited prepetition or postpetition or relate to prepetition or postpetition items.  Each Cash Management Bank is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for:  (a) all checks drawn on the Debtor's Bank Accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtor's Bank Accounts with such Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as Service Charges for the maintenance of the Cash Management System.

9.      The Debtor is authorized to pay any fees and expenses owed to the Cash Management Banks, including, but not limited to, Bank Account Claims, regardless of whether such fees and expenses were incurred prior to or following the Petition Date.

10.     Any existing deposit agreements between the Debtor and the Cash Management Banks continue to govern the postpetition cash management relationship between the Debtor and such Cash Management Bank, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

11.     Notwithstanding anything in this Final Order, nothing shall modify the accounts into which the U.S. Department of Health and Human Services ("HHS"), its component, the Centers for Medicare & Medicaid Services, or the U.S. Department of Defense ("DOD") or its component, the Defense Health Agency, provides reimbursement to the Debtor as payment for services rendered under the Medicare and Tricare programs, as applicable.  Furthermore, custody and control over those deposit accounts, as applicable, will remain consistent with the applicable (1) Medicare statutes, regulations, rules, policies, procedures, and enrollment agreements, including, but not limited to, the Electronic Funds Transfer (EFT) Authorization Agreement (Form CMS-588), (2) Tricare statutes, regulations, rules, policies, and procedures, and (3) other Federal statutes, regulations, and rules.

12.     The automatic stay is hereby lifted to permit SVB to debit the Debtor's Bank Accounts at SVB to satisfy the Debtor's reimbursement obligations under its existing credit card facility with SVB.

13.     The Debtor's continued use of its continued Cash Management System shall be deemed to comply with section 345 of the Bankruptcy Code, and the Debtor is relieved from the obligations pursuant to section 345(b) of the Bankruptcy Code to obtain a bond from any entity for any of the Bank Accounts.

14.     The Debtor shall not make any Intercompany Transactions to any of its non-debtor affiliates, except in connection with funding operating expenses as provided for in the

budget approved by the Debtor's postpetition financing facility ("Budget"), absent further order of this Court.  The Debtor shall provide a copy of the Budget and any amendments, modifications and updates to the Budget to the Committee's professionals.

15.     The Debtor shall continue to maintain records with respect to all transfers of cash or property (including pursuant to such transactions) so that all allowed Intercompany Transactions may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.  Upon request of the Committee, the Debtor shall provide the Committee's professionals a schedule of then-current intercompany records.

16.     For all Cash Management Banks that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen days of the date of entry of this Final Order, the Debtor shall (a) contact such Cash Management Bank, (b) provide the Cash Management Bank with each of the Debtor's tax identification numbers, and (c) identify each of its Bank Accounts held at such Cash Management Banks as being held by a debtor in possession in a bankruptcy case.

17.     For Cash Management Banks that are not party to a Uniform Depository Agreement with the U.S. Trustee, if any, the Debtor shall use its good-faith efforts to cause the bank to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee within forty-five (45) days of the date of entry of this Final Order.

18.     The Debtor is authorized to use its existing Business Forms; *provided*, that once the Debtor's existing checks have been used, the Debtor shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; *provided further* that, with respect to checks which the Debtor or its agents print

themselves, the Debtor shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this Final Order.

19.     Nothing in the Motion or this Final Order, nor as a result of any payment made pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor or an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

20.     For the PayPal account maintained by the Debtor, the Debtor shall use reasonable good faith efforts to ensure that the daily balance in the account does not exceed $20,000.  The Debtor shall provide to the U.S. Trustee, on a bi-weekly basis, statements showing the daily balances in the PayPal account

21.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

22.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

23.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Final Order.


01:25229205.2      **Dated: September 27th, 2019**
                   **Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**