**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER
(I) CONVERTING THIS CHAPTER 11 CASE TO A CASE UNDER
CHAPTER 7, (II) ESTABLISHING A DEADLINE FOR FILING FINAL
CHAPTER 11 FEE APPLICATIONS, AND (III) GRANTING RELATED RELIEF**

uBiome, Inc., the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor") hereby submits this motion (this "Motion"), pursuant to section 1112(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1017(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) converting the Debtor's chapter 11 case (this "Chapter 11 Case") to a case under chapter 7 of the Bankruptcy Code, effective as of the entry of the Proposed Order (the "Conversion Date"), (ii) establishing a deadline for filing final chapter 11 fee applications and setting a hearing thereon, and (iii) granting related relief. The Debtor intends to provide an update to the Court regarding this Motion at the hearing scheduled for October 2, 2019 at 10:00 a.m. (ET), and request that the Court hear this Motion as soon practicable.

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The Debtor's headquarters is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

01:25296597.3

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules, the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are section 1112(a) of the Bankruptcy Code, Bankruptcy Rule 1017(f), and Local Rule 2002-1.

## BACKGROUND

2. On September 4, 2019 (the "Petition Date"), the Debtor voluntarily commenced this Chapter 11 Case. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is continuing to manage its financial affairs as debtor in possession. On September 16, 2019, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Committee").

3. On the Petition Date, the Debtor filed the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Obtain Post Petition Secured Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* [Docket No. 13] (the "DIP Motion").[2]

---

[2] Capitalized terms not defined herein shall have the meanings ascribed in the DIP Motion.

01:25296597.3

4. On September 6, 2019, the Court entered the *Interim Order (I) Authorizing the Debtor to Obtain Post Petition Secured Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* [Docket No. 47] (the "Interim DIP Order").

5. On September 27, 2019, the Committee filed an objection to entry of a final order on the DIP Motion (the "Committee DIP Objection") [Docket No. 118].

6. Additional information regarding the Debtor's history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of this Chapter 11 Case can be found in the *Declaration of Curtis G. Solsvig III in Support of Chapter 11 Petition and Requests for First Day Relief* [Docket No. 2].

## RELIEF REQUESTED

7. By this Motion, the Debtor requests entry of the Proposed Order, pursuant to section 1112(a) of the Bankruptcy Code and Bankruptcy Rule 1017(f), (i) converting this Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code effective as of the Conversion Date, (ii) establishing a deadline for filing final chapter 11 professional fee applications and setting a date for a hearing thereon, and (iii) granting related relief.

## BASIS FOR RELIEF

8. Section 1112(a) of the Bankruptcy Code provides that a debtor may convert a case to chapter 7 as a matter of right. *See* H.R. Rep. No. 95-595, 1st Sess. 405 (1977) ("Subdivision (a) gives the debtor an absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case"); S. Rep. No 95-989, 95th Cong., 2d Sess. 117 (1978) (same); *see also Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142 (5th Cir. 1988) ("[A] debtor has the absolute right to

01:25296597.3

convert [its] Chapter 11 case to a Chapter 7 case"). There are only three circumstances where a debtor is precluded from exercising that right: (i) the debtor is not a debtor in possession; (ii) the case was originally commenced as an involuntary case under chapter 11; or (iii) the case was converted to a case under chapter 11 other than at the debtor's request. 11 U.S.C. § 1112(a). None of those exceptions is applicable in this Chapter 11 Case. Therefore, the Debtor is entitled, as an absolute right, to convert this Chapter 11 Case to a case under chapter 7.

9. Despite the Debtor's absolute right to convert its chapter 11 case, the Debtor has determined that conversion of this Chapter 11 Case to a case under chapter 7 is also in the best interests of the Debtor's estate and stakeholders. Upon being formed, the Committee and its advisors have been principally focused on the proposed terms and conditions of a final order approving the DIP Facility, and the Debtor and its advisors have been working diligently to broker a global resolution among the Debtor, the Committee and the DIP Financing Parties with respect thereto. After extensive negotiations, however, the parties were unable to reach agreement on go-forward lending terms, thus setting the stage for a contested hearing at significant cost to the estate. In that context, the Debtor, upon further consultation with the DIP Financing Parties, considered its alternatives vis-à-vis this Chapter 11 Case and feasible outcomes for its estate, and has determined that if the Committee prevails on any aspect of its prosecution of the Committee DIP Objection, the DIP Facility would immediately be in default. In turn, the DIP Financing Parties have advised the Debtor that they are not willing to modify the terms of the DIP Facility to facilitate ongoing funding under those circumstances, at which point, the Debtor's estate will have no go-forward means to consummate a hypothetical sale.

10. While the Debtor believed (and still believes) that a consensual chapter 11 sale process would have been the best avenue for maximizing the value of the Debtor's estate, the

01:25296597.3

4

Debtor has determined that continuing to proceed down a contentious, highly speculative path is no longer appropriate or value maximizing. Simply put, without consensus among the Committee, the DIP Financing Parties, and the Debtor, the estate is on a value destructive path, and conversion of this Chapter 11 Case to a case under chapter 7 is the best choice to maximize value for the benefit of all stakeholders. This determination was reached after extensive back and forth with the Committee and the DIP Financing Parties, and the Debtor does not expect the DIP Financing Parties to oppose the relief requested herein.

11. The Debtor further requests that the Court establish a deadline of twenty-one (21) days after the Conversion Date for professionals to file their final fee applications and statements (the "Final Fee Bar Date").[3] This will enable the Debtor's estate to definitively determine the final amounts owed to professionals for chapter 11 expenses to be paid from the amounts retained under the Carve Out. The Debtor also requests that the Court establish a hearing date (the "Fee Hearing") to consider approval of final fee applications, approximately 21 days after the Final Fee Bar Date.

**NOTICE**

12. Notice of this Motion has been or will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) proposed counsel to the Committee; (c) respective counsel to the DIP Financing Parties; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

---

[3] The Debtor (and the Committee) will seek entry of appropriate orders retaining those professionals for which retention applications were filed but have not yet been approved.

01:25296597.3

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order (i) converting this Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; (ii) establishing a deadline for filing final chapter 11 fee applications and setting a hearing thereon, and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware  
       October 1, 2019

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew L. Magaziner*
Michael R. Nestor (No. 3526)
Joseph M. Barry (No. 4221)
Andrew L. Magaziner (No. 5426)
Joseph M. Mulvihill (No. 6061)
Jordan E. Sazant (No. 6515)
Rodney Square, 1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel to the Debtor and Debtor in Possession*

01:25296597.3