**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | |

**Objection Deadline: Nov. 15, 2019 at 4:00 p.m. (ET)**
**Hearing Date: Dec. 4, 2019 at 11:30 a.m. (ET)**

**APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, PURSUANT
TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULES
2014(a) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND
RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE
CHAPTER 7 TRUSTEE, _NUNC PRO TUNC_ TO OCTOBER 11, 2019**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estate of the above-

captioned debtor (the "Debtor"), hereby respectfully submits this application (the "Application")

for authority to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm")

as counsel to the Trustee, _nunc pro tunc_ to October 11, 2019, pursuant to sections 327 and 328 of

Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules

for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  In

support of the relief sought in the Application, the Trustee submits the (i) Declaration of

Bradford J. Sandler, a partner of the Firm (the "Sandler Declaration"), attached hereto as

**Exhibit A** and incorporated herein by reference.  In further support of the Application, the

Trustee respectfully states as follows:

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019).  The headquarters for the above-captioned Debtor is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

**Jurisdiction and Venue**

1.       This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.       Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory bases for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

**Background**

4.       On September 4, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing this chapter 11 case (the "Case").

5.       On October 11, 2019, the Court entered an order converting this Case to a case under chapter 7 [Docket No. 162], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 163].

6.       The Trustee has determined, subject to this Court's approval, to retain PSZ&J as counsel in connection with the administration of this Case.

**Relief Requested**

7.　　By this Application, pursuant to sections 327(a) and 328(a) of the

Bankruptcy Code, the Trustee seeks entry of an order authorizing him to retain and employ

PSZ&J, effective as of October 11, 2019, as counsel to the Trustee.

**Basis for Relief Requested**

8.　　Section 327(a) of the Bankruptcy Code provides that a chapter 7 trustee

may employ an attorney to represent or assist the trustee in carrying out the trustee's duties only

if that attorney is disinterested as defined in section 101(14) of the Bankruptcy Code and does

not hold or represent an interest adverse to the estate.

9.　　Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee

appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, an

attorney to perform services for a chapter 7 trustee under any reasonable terms and conditions of

employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

10.　　PSZ&J has advised the Trustee that neither PSZ&J nor any partner,

counsel or associate of PSZ&J (i) holds an adverse interest in connection with the Debtor's case;

or (ii) represents any other entity having an adverse interest in connection with the Debtor's case,

except as disclosed in the Sandler Declaration.

11.　　The Trustee has selected PSZ&J because of its experience and knowledge

and believes that PSZ&J has no disqualifying conflicts of interest.  PSZ&J has advised the

Trustee that it may have previously represented, may currently represent, and may in the future

represent, in matters totally unrelated to the Debtor and this Case, entities that are claimants of

the Debtor or other parties-in-interest in this Case.

12.      To the best of the Trustee's knowledge, and except as disclosed in the Sandler Declaration, PSZ&J has had no other prior connection with the Debtor, its creditors or any other party-in-interest.  Upon information and belief, PSZ&J does not hold or represent any interest adverse to the Debtor's estate.

13.      PSZ&J represents many committees in other bankruptcy cases, the members of which (together with other creditors of this Case) may be creditors of the Debtor. However, PSZ&J will not represent any members of those committees with respect to any claims that they may have collectively or individually against the Debtor.

14.      Similarly, PSZ&J may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtor that are unrelated to the Debtor and this Case.   PSZ&J has not – except as disclosed in the Sandler Declaration – and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Trustee, the Debtor, or this Case.  The Trustee believes that PSZ&J is qualified to represent the Trustee in this Case.

15.      The services PSZ&J may be required to render for the Trustee include, without limitation, the following:

   a.      Assisting, advising and representing the Trustee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the Debtor's operations and any other matters relevant to this Case;

   b.      Preparing on behalf of the Trustee, necessary applications, motions, complaints, answers, orders, agreements and other legal papers;

   c.      Reviewing, analyzing and responding to pleadings filed in this Case and any other legal proceeding pending before this or any other Court, and appearing in court to present necessary motions, applications and pleadings and to otherwise protect the interests of the Trustee and the estate; and

d.      Assisting, advising and representing the Trustee in the evaluation of claims and on any litigation matters, including avoidance actions; and

e.      Providing legal advice to the Trustee regarding the administration of this Case and performing all other legal services for the Trustee that may be necessary and proper in this Case.

16.      The Trustee intends to work closely with PSZ&J and any other retained professionals that may become involved in these cases in the future to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate in this Case.

17.      The Trustee requests that PSZ&J be compensated on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J.  PSZ&J will file interim and final fee applications in this Case.

18.      PSZ&J has advised the Trustee that this type compensation and payment arrangement is customary and reasonable for the work to be performed.  The Trustee agrees and submits that PSZ&J's requested compensation and payment arrangement is customary and reasonable.

19.      No previous application for relief sought herein has been made to this or any other Court.

## Notice

20.      The Trustee has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtor; and (c) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form of the order annexed hereto, authorizing the retention of Pachulski Stang Ziehl & Jones LLP as counsel to the Trustee, *nunc pro tunc* to October 11, 2019 in connection with this Case and grant such other and further relief as is just or proper.

Dated: _10/31_, 2019

/s/ _____
Alfred T. Giuliano
Chapter 7 Trustee for the Estates of uBiome, Inc.,
and not in any other capacity