**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | |
| | **Re: Docket No. 198** |

**ORDER (I) APPROVING BID PROCEDURES IN CONNECTION WITH THE SALE OF
THE DEBTOR'S ASSETS, (II) SCHEDULING AN AUCTION FOR AND HEARING TO
APPROVE SALE, (III) APPROVING NOTICE OF AUCTION AND SALE HEARING,
(IV) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (V) APPROVING
FORM AND MANNER OF NOTICE THEREOF, AND
(VI) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] filed by Alfred T. Giuliano, chapter 7

trustee (the "Trustee") to the estate of the above-captioned debtor (the "Debtor"), for entry of an

order authorizing or approving, among other things, (a) the bid procedures (in the form attached

hereto as Exhibit 1, the "Bid Procedures") in connection with the sale or disposition (the "Sale")

of substantially all of the Debtor's assets (as described further in the Motion, the "Assets"),  (b)

the notice of the Auction and Sale and hearing thereon (in the form attached hereto as Exhibit 2,

the "Notice of Auction and Sale Hearing"), (c) the procedures (the "Assignment Procedures"), as

set forth below, for the assumption and assignment of the Debtor's executory contracts or

unexpired leases (the "Contracts"), and (d) the notice of the potential assumption and assignment

of the Contracts (in the form attached hereto as Exhibit 3, the "Potential Assumption and

Assignment Notice"), all as more fully set forth in the Motion; and this Court having found that

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019).  The headquarters for the above-captioned Debtor is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

[2]  Capitalized terms used but not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended*

*Standing Order of Reference* from the United States District Court for the District of Delaware

dated as of February 29, 2012; and this Court having found that venue of this chapter 7 case and

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court

having found that it may enter a final order consistent with Article III of the United States

Constitution; and this Court having found that notice of the Motion has been given as set forth in

the Motion and that such notice is adequate and no other or further notice need be given except

as set forth herein with respect to the Auction, the Sale Hearing and the potential assumption and

assignment of the Contracts; and a reasonable opportunity to object to or be heard regarding the

relief provided herein has been afforded to parties-in-interest pursuant to Bankruptcy Rule

6004(a); and upon the record of the hearing and all of the proceedings had before this Court; and

this Court having found that the relief sought in the Motion is in the best interests of the Debtor,

its estate, its creditors, and all other parties in interest; and this Court having found that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT**:[3]

     A.     The Bid Procedures attached hereto as <u>Exhibit 1</u>, are fair, reasonable and

appropriate, and are designed to maximize the value to be achieved from the Sale.

     B.     The Bid Procedures comply with the requirements of Local Rule 6004-1(c).

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      The Assignment Procedures provided for herein are fair, reasonable, appropriate

and consistent with the provisions of section 365 of the Bankruptcy Code.

D.      The Trustee has articulated good and sufficient business reasons for this Court to

approve (i) the Bid Procedures, including the scheduling of bid deadlines, auction and sale

hearing with respect to the proposed Sale; and (ii) the establishment of procedures to assume and

assign the Contracts and fix the Cure Costs (as defined below) to be paid pursuant to section 365

of the Bankruptcy Code.

E.      The Notice of Auction and Sale Hearing is appropriate and reasonably calculated

to provide all interested parties with timely and proper notice of the Auction, the Sale, the Bid

Procedures and the Assignment Procedures to be employed in connection therewith, including,

without limitation: (i) the date, time and place of the Auction (if one is held); (ii) the Bid

Procedures and the dates and deadlines related thereto; (iii) the objection deadline for the Sale

and the date, time and place of the Sale Hearing; (iv) reasonably specific identification of the

Assets; and (v) representations describing the Sale as being free and clear of liens, claims,

interests and other encumbrances, with all such liens, claims, interests and other encumbrances

attaching with the same validity and priority to the proceeds of the Sale; and no other or further

notice of the Sale shall be required.

F.      The Potential Assumption and Assignment Notice is appropriate and reasonably

calculated to provide each non-debtor party to any Contracts, (such parties, collectively, the

"Non-Debtor Counterparties") with proper notice of the Assignment Procedures.  The inclusion

of any Contract on a Potential Assumption and Assignment Notice does not constitute an

admission by the Trustee that a particular Contract is an executory contract or unexpired lease of

property or require or guarantee that such Contract will be assumed and assigned and all rights of the Trustee with respect thereto are reserved.

G.       No further notice beyond that described in the foregoing paragraphs is required in connection with the Sale.

H.       The entry of this order (this "Bid Procedures Order") is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest.

**IT IS HEREBY ORDERED THAT**:

1.       The Motion is granted as set forth herein.

2.       All objections to the Motion or the relief provided herein, as they pertain to the entry of this Bid Procedures Order, that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits, except as set forth herein and in the Bid Procedures.

**The Bid Procedures**

3.       The Bid Procedures are incorporated herein and approved, and shall apply with respect to the Sale.  The Trustee is authorized to take all actions reasonable and necessary or appropriate to implement the Bid Procedures.

4.       The Trustee is authorized to conduct the Bidding Process (as defined in the Bid Procedures) in accordance with the Bid Procedures and the terms hereof, and without the necessity of complying with any state or local bulk transfer laws or requirements applicable to the Trustee.

5.       Potential Bidders or Qualified Bidders (other than any Stalking Horse Bidder), shall not be allowed any break-up, termination or similar fee with respect to the Assets. Moreover, all Potential Bidders, Qualified Bidders, and any Stalking Horse Bidder (excluding

any Bid Protections (as defined in the Bid Procedures) approved by this Court) waive any right

to seek a claim for substantial contribution pursuant to section 503 of the Bankruptcy Code, or

the payment of any broker fees or costs, unless specifically agreed to by the Trustee.

**Assignment Procedures**

6.       The following Assignment Procedures shall govern the assumption and

assignment of the Contracts in connection with the Sale, and any objections related thereto:

>       a.       On or before **November 15, 2019**, the Trustee shall file (or shall have filed) with this Court and serve(d) on each Non-Debtor Counterparty to each of the Contracts the Potential Assumption and Assignment Notice.  In the event that the Debtor identifies any Non-Debtor Counterparties which were not served with the Potential Assumption and Assignment Notice, the Trustee may subsequently serve such Non-Debtor Counterparty with a Potential Assumption and Assignment Notice, and the following procedures will nevertheless apply to such Non-Debtor Counterparty; provided, however, that the Cure Cost/Assignment Objection Deadline (defined below) with respect to such Non-Debtor Counterparty shall be **December 2, 2019 at 4:00 p.m. (ET)**.

>       b.       The Potential Assumption and Assignment Notice served on each Non-Debtor Counterparty shall (i) identify each Contract; (ii) list the proposed calculation of the cure amounts that the Trustee believes must be paid to cure all defaults outstanding under the Contract as of such date (the "Cure Costs"); (iii) include a statement that assumption and assignment of such Contract is not required or guaranteed; and (iv) inform such Non-Debtor Counterparty of the requirement to file any Cure Cost/Assignment Objections (defined below) by the Cure Cost/Assignment Objection Deadline (defined below).  Service of a Potential Assumption and Assignment Notice does not constitute an admission that a particular Contract is an executory contract or unexpired lease of property, or confirm that the Trustee is required to assume and/or assign such Contract.

>       c.       Objections (a "Cure Cost/Assignment Objection"), if any, to (i) the scheduled Cure Costs, and/or (ii) the proposed assumption, assignment and/or transfer of such Contract (including the transfer of any related rights or benefits thereunder), other than objections that relate specifically to the identity of a Successful Bidder, must (x) be in writing; (y) state with specificity the nature of such objection, including the amount of Cure Costs in dispute and (z) be filed with this Court and properly served on the Notice Parties (as defined below) so as to be received no later than **December 2, 2019 at 4:00 p.m. (ET)** (the "Cure Cost/Assignment Objection Deadline"), subject to the proviso in subparagraph (a) above.

d.      Objections (a "Post-Auction Objection") of any Non-Debtor Counterparty related solely to the identity of and adequate assurance of future performance provided by the Successful Bidder must (x) be in writing; (y) state with specificity the nature of such objection, and (z) be filed with this Court and properly served on the Notice Parties so as to be received no later than **December 16, 2019 at 12:00 noon (ET)** (the "Post-Auction Objection Deadline"), subject to the proviso in subparagraph (a) above; provided, however, that in the event that the Trustee obtains a Stalking Horse Bid and provides notice of the identity of the Stalking Horse Bidder in the Potential Assumption and Assignment Notice, any objection of a Non-Debtor Counterparty related to Stalking Horse Bid (including with respect to the identity of and adequate assurance of future performance provided by) the Stalking Horse Bidder must be filed as a Cure Cost/Assignment Objection by the Cure Cost/Assignment Objection Deadline.

e.      Any Non-Debtor Counterparty to a Contract who fails to timely file and properly serve a Cure Cost/Assignment Objection or Post-Auction Objection as provided herein will (i) be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts with respect to such Contract in the event it is assumed and/or assigned by the Trustee and the Trustee shall be entitled to rely solely upon the Cure Costs, and (ii) be deemed to have consented to the assumption, assignment and/or transfer of such Contract (including the transfer of any related rights and benefits thereunder) to the relevant Successful Bidder and shall be forever barred and estopped from asserting or claiming against the Debtor's estate or the Successful Bidder that any additional amounts are due or defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied under such Contract, or that any related right or benefit under such Contract cannot or will not be available to the relevant Successful Bidder.  If a Cure Cost/Assignment Objection is timely filed and properly served, the Resolution Procedures (as defined below) will apply.

f.      If a Non-Debtor Counterparty files a Cure Cost/Assignment Objection satisfying the requirements of these Assignment Procedures, the Trustee and the Non-Debtor Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention (the "Resolution Procedures").  If the applicable parties determine that the objection cannot be resolved without judicial intervention in a timely manner, this Court shall make all necessary determinations relating to such Cure Cost/Assignment Objection at a hearing scheduled pursuant to the following Paragraph.

g.      Consideration of unresolved Cure Cost/Assignment Objections and Post-Auction Objections relating to all Contracts, if any, will be held at the Sale Hearing, provided, however, that (i) any Contract that is the subject of a Cure Cost/Assignment Objection with respect solely to the amount of the Cure Cost may be assumed and assigned prior to resolution of such objection (ii) the Trustee and the parties to any Contract that is subject to a Cure

Cost/Assignment objection may adjourn a Cure Cost/Assignment objection, and (iii) the Trustee shall pay any undisputed Cure Cost on or before the Closing Date, and shall appropriately reserve funding for the disputed portion of the Cure Costs.

h.       A timely filed and properly served Cure Cost/Assignment Objection or Post-Auction Objection will reserve the filing Non-Debtor Counterparty's rights relating to the Contract, but will not be deemed to constitute an objection to the relief generally requested in the Motion with respect to the approval of the Sale.

i.       The Trustee's assumption and/or assignment of a Contract is subject to approval by this Court and consummation of the Sale. Absent consummation of the Sale and entry of a Sale Order approving the assumption and/or assignment of the Assumed Contracts and Assumed Leases (with such Contracts being listed as an exhibit to the Sale Order), the Assumed Contracts and Assumed Leases shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Trustee.

j.       The Trustee's decision to assume and assign the Contracts to the relevant Successful Bidder is subject to this Court's approval and the closing of the Sale. Accordingly, absent this Court's approval and the closing of the Sale, the Contracts shall not be deemed assumed or assumed and assigned, and shall in all respects be subject to further administration by the Trustee and the Debtor's estate under the Bankruptcy Code in connection with this chapter 7 case.

**Notice Procedures**

7.       Service and publication of the Notice of Auction and Sale Hearing are sufficient to provide effective notice to all interested parties of, *inter alia*, the Bid Procedures, the Auction, the Sale Hearing, the Sale and the Assignment Procedures in accordance with Bankruptcy Rules 2002 and 6004, as applicable, and are approved.

8.       On or before two (2) business days after entry of this Bid Procedures Order, the Trustee will cause the Notice of Auction and Sale Hearing to be sent by first-class mail postage prepaid, to the following: (a) the Office of the United States Trustee, (b) respective counsel to the DIP Financing Parties; (c) all persons known or reasonably believed to have asserted an interest in any of the Assets; (d) the Non-Debtor Counterparties to the Debtor's unexpired leases; (e) the

Attorneys General in the State(s) where the Assets are located; (f) all state and local taxing

authorities in the State(s) where the Assets are located; (g) the Internal Revenue Service; (h) all

parties that have asserted liens against the Assets; and (i) all parties that have filed a notice of

appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

9.       As soon as reasonably practicable following conclusion of the Auction, the

Trustee shall file a notice on this Court's docket identifying the Successful Bidder(s) for the

Assets (or subset thereof) and any applicable Next-Highest Bidder(s).

10.      The Potential Assumption and Assignment Notice, and the other Assignment

Procedures set forth herein, are sufficient to provide effective notice pursuant to Bankruptcy

Rules 2002(a)(2), 6004(a) and 6006(c) to the Non-Debtor Counterparties to the Contracts of the

Trustee's intent to potentially assume and assign some or all of the Contracts and are approved.

**Auction and Sale Hearing**

11.      **Stalking Horse Bid Deadline**.  As further described in the Motion, the deadline

by which all Stalking Horse Bids must be actually received by the Debtor is **December 2, 2019**

**at 5:00 p.m.** (**ET**); provided, however, that the Trustee shall be permitted, in the exercise of his

fiduciary duties, to select one or more Stalking Horse Bidder(s) prior to the Stalking Horse Bid

Deadline.

12.      **Bid Deadline**. As further described in the Bid Procedures, the deadline for

submitting bids for the Assets (the "Bid Deadline") is **December 6, 2019 at 5:00 p.m. (ET)**.  No

bid shall be deemed to be a Qualified Bid unless such bid meets the requirements set forth in the

Bid Procedures.

13.      **Auction**.  The Trustee may sell the Assets by conducting an Auction in

accordance with the Bid Procedures.  If at least two Qualified Bids (or one Qualified Bid if there

is also a Stalking Horse Bid) are received by the Bid Deadline with regard to any particular

Assets, the Trustee will conduct an Auction in accordance with the Bid Procedures, which

Auction shall take place on **December 12, 2019, at 10:00 a.m. (ET)** at the offices of counsel to

the Trustee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 16th Floor,

Wilmington, DE 19801, or such other venue the Trustee may elect in his discretion, or such later

time or such other place as the Trustee shall designate.  In the event the Trustee designates a later

time or place for the Auction, he shall (i) notify to all Qualified Bidders (as defined in the Bid

Procedures), and (ii) file a notice of such change with this Court.  If the Trustee receives only a

Stalking Horse Bid or one Qualified Bid with regard to any particular Assets (or all of the

Assets), (a) the Trustee may, in his discretion, not hold an Auction with respect to such Assets;

(b) the Stalking Horse Bid or the Qualified Bid, as applicable, may be named the Successful Bid

with respect to such Assets; and (c) the Stalking Horse Bidder or the Qualified Bidder, as

applicable, may be named the Successful Bidder with respect to such Assets.

14.     Each Qualified Bidder participating in the Auction will be required to confirm, in

writing, that (a) it has not engaged in any collusion with respect to the Bidding Process or on the

record at the Auction, (b) its Qualified Bid is a good faith bona fide offer that it intends to

consummate if selected as the Successful Bidder, and (c) the Potential Bidder agrees to serve as a

backup bidder if the Potential Bidder's Qualified Bid is the next highest and best bid after the

Successful Bid with respect to the relevant Assets.

15.     **Notice for Contract Counterparties**.  The Trustee shall provide to any Contract

Counterparty that is implicated by any Stalking Horse Bid or any Qualified Bid (a) the identity of

the Stalking Horse Bidder or Qualified Bidder, and (b) adequate assurance information from the

Stalking Horse Bidder or Qualified Bidder.  The Trustee shall provide, or shall cause his counsel

to provide, such information to any such affected Contract Counterparty within twenty-four (24)

hours of receipt of such bid, provided, however, that each Contract Counterparty receiving

adequate assurance information shall keep such adequate assurance information confidential, and

shall be restricted from using or disclosing such information to any third party other than in

connection with a Cure Cost/Assignment Objection, and in the event such counterparty files any

such Cure Cost/Assignment Objection, it shall be permitted to file any portion of such pleading

containing any Adequate Assurance Information under seal without any further order of this

Court.  The Trustee will also provide notice of all Contract Counterparties implicated by any

Stalking Horse Bid or any Qualified Bid to the United States of America ("USA").  Such notice

to the USA shall be by electronic mail to Leah V. Lerman (Leah.V.Lerman@usdoj.gov).

16.    **Sale Hearing**.  The Sale Hearing shall be held before this Court on **December 19,**

**2019 at 10:00 a.m. (ET)** before the Honorable Laurie Selber Silverstein, United States

Bankruptcy Judge for the Bankruptcy Court for the District of Delaware, at 824 North Market

Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801.  The Trustee shall file a form

of Sale Order no later than 3 days before the Sale Hearing.  At the Sale Hearing, the Trustee will

seek the entry of the Sale Order approving and authorizing the Sale to the Successful Bidder(s).

The Sale Hearing (or any portion thereof) may be adjourned by this Court or the Trustee from

time to time without further notice other than by announcement in open court, on this Court's

calendar, or through the filing of a notice or other document on this Court's docket.

17.    **Sale Objection Deadline**.  The deadline to object to the relief requested in the

Motion, including entry of the proposed Sale Order (a "Sale Objection") is **December 16, 2019,**

**at 12:00 noon (ET)** (the "Sale Objection Deadline").  A Sale Objection must be filed with this

Court and served in the manner set forth below so that it is *actually received* no later than the

Sale Objection Deadline.

18.    **Post-Auction Objection Deadline**.  The deadline to object only to (i) the conduct

at the Auction (if held) or (ii) solely with respect to the Non-Debtor Counterparties to the

Contracts, to the specific identity of and adequate assurance of future performance provided by

the Successful Bidder with respect to the applicable Assumed Contract or Assumed Lease (a

"Post-Auction Objection") is **December 16, 2019 at 12:00 noon (ET)** (the "Post-Auction

Objection Deadline").  A Post-Auction Objection must be filed with this Court and served in the

manner set forth below so that it is *actually received* no later than the Post-Auction Objection

Deadline.  For the avoidance of doubt, the USA shall have standing to object to the identity of

any Successful Bidder, even if the USA does not have any executory contracts being assumed in

the Sale

**Objection Procedures**

19.    Any party that seeks to object to the relief requested in the Motion pertaining to

approval of the Sale shall file a formal written objection that complies with the objection

procedures as set forth herein and in the Motion, as applicable.

20.    Objections, if any, must be: (i) in writing; (ii) signed by counsel or attested to by

the objecting party; (iii) in conformity with the applicable provisions of the Bankruptcy Rules

and the Local Rules; (iv) state with particularity the legal and factual basis for the objection and

the specific grounds therefor; (v) be filed with this Court and (vi) served on the following parties

(the "Notice Parties"): (a) counsel to the Trustee, Pachulski Stang Ziehl & Jones LLP, 919 N.

Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Bradford J. Sandler

(bsandler@pszjlaw.com), Colin R. Robinson (crobinson@pszjlaw.com), and Peter J. Keane

(pkeane@pszjlaw.com); (b) counsel for the DIP Financing Parties, (i) Morrison & Foerster LLP, 200 Clarendon St., Boston, MA 02116, Attn: Alexander Rheaume, Esq. (arheaume@mofo.com), and Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Todd M. Goren Esq. (tgoren@mofo.com) and Benjamin W. Butterfield, Esq. (bbutterfield@mofo.com), and (ii) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: J. Eric Wise, Esq. ewise@gibsondunn.com), and Jason Zachary Goldstein, Esq. (jgoldstein@gibsondunn.com); and (c) the Office of the United States Trustee for the District of Delaware, Attn: Jane M. Leamy (jane.m.leamy@usdoj.gov).

21.    Failure to file a Sale Objection on or before the Sale Objection Deadline (a) shall forever bar the assertion, whether at any Sale Hearing or thereafter, of any objection to the Motion, to entry of the Sale Order, and/or to the consummation and performance of the Sale with a Successful Bidder, and (b) for purposes of section 363(f)(2) of the Bankruptcy Code, shall be deemed to be "consent" to entry of the Sale Order and consummation of the Sale and all transactions related thereto.

**Bid Protections**

22.    Pursuant to the Bid Procedures contemplate that the Trustee may solicit a Stalking Horse Bid and any a Stalking Horse Agreement.  On or before **December 4, 2019**, to the extent that the Trustee has selected a Stalking Horse Bidder, the Trustee will announce the designation of such Stalking Horse Bidder by filing a Stalking Horse Bid Notice on the Court's docket identifying the Stalking Horse Bidder and the Assets that are the subject of the Stalking Horse Bid, and attaching any agreement accompanying the Stalking Horse Bid.

23.    The Trustee may provide any Stalking Horse Bidder with customary bid protections (collectively, the "Bid Protections") as may be agreed between the Trustee and the

Stalking Horse Bidder, in the event the Stalking Horse Bid is contingent on such Bid Protections being awarded; provided, however, the Bid Protections in the aggregate shall be no more than 4.5% of the cash amount of any sale and shall be subject to entry of an order approving such Bid Protections by the Court. The Trustee may seek approval of the Bid Protections, either prior to or after the Auction, by filing a motion seeking a hearing on shortened notice. The Stalking Horse Bid Notice shall be filed no later than two (2) business days prior to the date the Trustee seeks to hold a hearing for approval of the Bid Protections, or as close to such deadline as is reasonably practicable under the circumstances in light of the shortened notice.

24.     Nothing herein shall be deemed to or constitute the assumption, assignment or rejection of any executory contract or unexpired lease.

25.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, the stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bid Procedures Order shall be effective immediately and enforceable upon its entry.

26.     In the event of any conflict between this Order and the Bid Procedures, this Order shall govern in all respects.

27.     The requirements set forth in Local Rules 6004-1, 9006-1, and 9013-1 are hereby satisfied or waived.

28.     This Court shall retain exclusive jurisdiction over any matters related to or arising from the implementation of this Order.

**Dated: November 21st, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

13