IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>UBIOME, INC.,[1]<br><br>　　　　　　Debtor. | Chapter 7<br><br>Case No. 19-11938 (LSS)<br><br>Re: Docket No. 269 |

ORDER GRANTING
MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ORDER
PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 363, AND 554(a) AND
BANKRUPTCY RULE 2002 AUTHORIZING AND APPROVING PROCEDURES FOR
THE SALE OR ABANDONMENT OF DE MINIMIS ASSETS FREE AND CLEAR OF
LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES

Upon consideration of the motion (the "Motion")[2] of chapter 7 trustee (the "Trustee"), to the estate of the above-captioned debtor (the "Debtor"), pursuant to sections 105(a), 363 and 554(a) and Bankruptcy Rule 2002, approving procedures for the sale or abandonment of De Minimis Assets[3] free and clear of liens, claims, interests, encumbrances (collectively, the "Liens"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The headquarters for the above-captioned Debtor is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[3] For the avoidance of doubt, "De Minimis Asset" may include any permits, licenses, accreditations, certifications, or any other agreement or document issued by a governmental unit (collectively, a "License"), unless otherwise prohibited from sale under applicable law.

the Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 363(b) of the Bankruptcy Code, the Trustee is authorized to sell the De Minimis Assets in accordance with the following procedures (the "De Minimis Asset Sale Procedures"):

   a. The De Minimis Asset Sale Procedures shall apply only to the sales of De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with an aggregate selling price equal to or less than $250,000.[4]

   b. The Trustee is authorized to consummate such transaction(s) upon further order of the Court if the Trustee determines in the reasonable exercise of his business judgment that such sales are in the best interests of the estate, subject to the procedures set forth herein.

   c. Any such transaction(s) shall be free and clear of all Liens, with such Liens attaching only to the sale proceeds with the same validity, extent, and priority as had attached to the De Minimis Assets immediately before such sale.

   d. The Trustee shall file with the Court and serve written notice of each proposed sale (a "Sale Notice") via email to: (i) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); (ii) counsel to Silicon Valley Bank, Morrison & Foerster, Todd M. Goren and Alexander Rheaume, 250 W. 55th Street, New York, NY 10019 (tgoren@mofo.com; arheaume@mofo.com); (iii) any

---

[4] For purposes of these procedures, selling price shall refer to the gross sale price of such assets.

     known affected parties holding or asserting a Lien on or other interest in the De Minimis Assets subject to sale or on any applicable governmental unit if such sale includes a License (via email, if available, or via overnight mail if no email is available); and (iv) parties that have requested notice pursuant to Bankruptcy Rule 2002[5] (collectively, the "Notice Parties").

e. The contents of the Sale Notice shall consist of (i) identification of the De Minimis Assets being sold, (ii) identification of the purchaser of the assets and describe the relationship of the party or parties to the Debtor if any (or state there is no such relationship), (iii) the purchase price, and (iv) the significant terms of the sale agreement, including, but not limited to, any payments to be made by the Trustee on account of commission fees to agents, brokers, auctioneers, and liquidators, and (v) instructions consistent with the terms.

f. Notice parties shall have until 4:00 p.m. (Eastern) on the eighth (8th) business day after the date of service of the Sale Notice (the "Notice Period") to object to the proposed sale. If no written objection from any Notice Party is received prior to the expiration of the Notice Period, then the Trustee is authorized, but not directed, to consummate the proposed sale in accordance with the terms of the underlying contract(s) or other document(s), after entry of an order approving such sale, which proposed order shall be submitted by the Trustee to the Court under certification of counsel, and which certification of counsel may be submitted immediately after expiration of the Notice Period. In addition, the Trustee may consummate a proposed sale prior to the expiration of the applicable Notice Period, if each Notice Party consents in writing to the proposed transaction, after entry of an order approving such sale, which proposed order shall be submitted by the Trustee to the Court under certification of counsel, and which certification of counsel may be submitted immediately after expiration of the Notice Period. Upon either (i) the expiration of the Notice Period without the receipt of any objection or (ii) the written consent of the Notice Parties, the proposed sale shall be deemed final and fully authorized after entry of an order approving such sale by the Court.

g. Any objection to a proposed sale shall be in writing and served upon: (i) counsel to the Trustee: Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801

---

[5] If a party has filed a notice of appearance pursuant to Bankruptcy Rule 2002 and has not provided an email address in such notice, the Trustee may serve such party with a Sale Notice via overnight delivery in lieu of email.

>Attn: Bradford J. Sandler and Peter Keane (bsandler@pszjlaw.com; pkeane@pszjlaw.com); (ii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov); and (iii) counsel to Silicon Valley Bank, Morrison & Foerster, Todd M. Goren, Alexander Rheaume, 250 W. 55th Street, New York, NY 10019 (tgoren@mofo.com; arheaume@mofo.com) (collectively, the "Objection Parties"), so as to be received by the Objection Parties prior to the expiration of the Notice Period. Electronic mail service on the Objection Parties shall be sufficient. Each objection must state with specificity the grounds for the objection. If an objection to the proposed transaction is properly served, then the relevant De Minimis Assets shall only be sold upon further order of the Bankruptcy Court after the objection is withdrawn, consensually resolved or adjudicated by this Court.

3. Sales of De Minimis Assets conducted in accordance with the De Minimis Asset Sale Procedures shall be deemed arm's-length transactions entitled to the protections of Bankruptcy Code section 363(m), unless the arm's-length aspect of the transaction is the subject of an objection.

4. Pursuant to Bankruptcy Code section 363(f), all sales of property pursuant to this Order shall be free and clear of all Liens, if any, with any and all such valid and perfected Liens attaching only to the sale proceeds with the sale validity, extent, and priority as had attached to the De Minimis Assets immediately before such sale, subject to the rights, claims, defenses, and obligations, if any, of the Trustee, the Debtor's estate, and all interested parties with respect to any such asserted Liens.

5. The sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all

other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order; and each and every federal, state and local governmental agency or department is directed to accept this Order as sole and sufficient evidence of the transfer of title to any particular purchaser, and such agency or department shall rely upon this Order in consummating the transaction contemplated hereby.

6. No objection to the relief requested in the Motion combined with no timely objection to the sale of the De Minimis Assets in accordance with the terms of this Order shall be determined "consent" to such sale within the meaning of 11 U.S.C. § 363(f)(2).

7. The Trustee is authorized pursuant to section 554(a) of the Bankruptcy Code to abandon De Minimis Assets in accordance with the following procedures (the "De Minimis Asset Abandonment Procedures"):

> h. The Trustee will give written notice of the abandonment (the "Abandonment Notice" to the Notice Parties.
>
> i. The Abandonment Notice will contain (i) a reasonably detailed description of the De Minimis Assets to be abandoned, (ii) the reasons for such abandonment, and (iii) any payments to be made by the Trustee in connection with such abandonment.
>
> j. Notice Parties will have until 4:00 p.m. (Eastern) on the eighth (8th) business day after the date of service of the Abandonment Notice to object to the proposed abandonment. If no written objection from any Notice Party is received, then the Trustee is authorized to immediately proceed with the abandonment.
>
> k. Any objection to a proposed abandonment must be in writing and served on the Objection Parties. Service via electronic mail shall be sufficient.
>
> l. If a written objection to the Abandonment Notice is timely received from any Notice Party, then the relevant De Minimis

5

> Asset will only be abandoned upon either the consensual resolution of the objection by the parties in question of further order of the Court after notice and a hearing.

8. The Trustee is authorized, in his discretion, to engage an auctioneer to the extent that the Trustee later determines that certain De Minimis Assets that would otherwise be abandoned could generate proceeds through the use of an auctioneer.

9. The Trustee is authorized to take all actions as he may deem reasonably necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion, including paying any necessary fees and expenses incurred in the sale or abandonment of De Minimis Assets (including, but not limited to, commission fees to agents, brokers, auctioneers, and liquidators).

10. Any abandonment of De Minimis Assets pursuant to the De Minimis Asset Abandonment Procedures authorized by this Order shall not discharge, waive, or release any liability or obligation owed by the Debtor under applicable bankruptcy or nonbankruptcy law.

11. Notwithstanding anything in this Order, (1) nothing shall bar or enjoin the United States of America from bringing any and all actions against the Debtor pursuant to its police and regulatory powers; and (2) nothing shall impair or affect any claims, rights, or defenses of the United States of America.

12. Nothing contained herein shall prejudice the Trustee's rights to seek Court authorization for the sale of any asset of the Debtor under section 363 of the Bankruptcy Code by separate motion.

13. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: February 26th, 2020**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_DE:227031.6 31271/001