## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | **Objection Deadline: November 13, 2020 at 4:00 p.m. (ET)** |
| | **Hearing Date: December 2, 2020 at 2:00 p.m. (ET)** |

## MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ORDER: (A) AUTHORIZING TRUSTEE TO REJECT WAREHOUSE SERVICES AGREEMENT , EFFECTIVE OCTOBER 31, 2020; (B) AUTHORIZING ABANDONMENT OF ANY REMAINING PROPERTY LOCATED AT THE WAREHOUSE; AND (C) GRANTING RELATED RELIEF

**PARTIES RECEIVING THIS MOTION SHOULD REVIEW CAREFULLY AS THE MOTION MAY AFFECT THE PARTIES' LEGAL RIGHTS.**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtor (the "Debtor"), files this motion (the "Motion") for the entry of an order (the "Order"), substantially in the form attached as **Exhibit A**, pursuant to sections 105(a), 365(a), and 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 6006 and 6007 (the "Bankruptcy Rules"):  (a) authorizing  the  Trustee to reject, effective October 31, 2020, that certain Warehouse Services Agreement, dated November 27, 2018 (the "WSA") between uBiome, Inc. and Texas Novachem Corporation, DBA Warehouse-Pro ("Warehouse-Pro"); (b) authorizing abandonment of any remaining personal property of the Debtor at the Warehouse (defined below); and (c) granting related relief.   In support of this Motion, the Trustee respectfully states as follows:

---

1 The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019).  The headquarters for the above-captioned Debtor was located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

**Jurisdiction**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Trustee confirms his consent, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, Bankruptcy Rules 6006 and 6007.

**Background**

4.      On September 4, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing the chapter 11 case.

5.      On October 11, 2019 (the "Conversion Date"), the Court entered an order converting this case to a case under chapter 7 [Docket No. 162], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 163].

**The WSA**

6.      The WSA provides for Warehouse-Pro to perform certain services, including put away, storage, order selection, shipment, related customer service and administrative

2

functions, with respect to the Debtor's inventory swab kits located at 1830 East Interstate 30, Rockwall, Texas 75087, or 1520 East Interstate 30, Rockwall, Texas 75087, or 2020 Industrial Blvd. Rockwall, Texas 75087 (the "Warehouse") and operated by Warehouse-Pro.

7.    The Trustee has determined in his business judgment that the costs incurred under the WSA constitute an unnecessary drain on the estate.  Accordingly, in an effort to reduce postpetition administrative costs and in the exercise of his business judgment, the Trustee believes that rejection of the WSA, effective as of October 31, 2020, is in the best interests of the Debtor, its estate, and creditors.

**Relief Requested**

8.    By this Motion, the Trustee requests entry of the Order: (a) authorizing rejection of the WSA effective as of October 31, 2020; (b) authorizing abandonment of any remaining personal property owned by the Debtor, including any swab kits in inventory, at Warehouse; and (c) granting related relief.

**Basis for Relief**

**A.    Rejection of the WSA is justified by the Trustee's sound business judgment.**

9.    Section 365(a) of the Bankruptcy Code provides that a trustee "may assume or reject any executory contract or unexpired lease of the debtor" subject to the court's approval. Courts generally authorize trustee a debtors to assume or reject executory contracts and unexpired leases where a trustee or debtors appropriately exercise their "business judgment." *See, e.g., Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39–40 (3d Cir. 1989); *In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993); *Robertson v. Pierce (In re Chi-Feng Huang)*, 23 B.R. 798, 800 (B.A.P. 9th Cir. 1982); *Lubrizol Enters. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.),* 756 F.2d 1043, 1047 (4th Cir. 1985)

3

(holding that absent bad faith or abuse of discretion, deference is given to debtor's business judgment); *Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

10.    Courts generally will not second-guess a trustee's business judgment concerning the rejection of an executory contract or unexpired lease. *See In re Trans World Airlines*, 261 B.R. 103, 121 (Bankr. D. Del. 2003). The "business judgment" test merely requires a showing that rejection of the executory contract or unexpired lease will benefit the debtor's estate. *Id*. ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice'") (quoting *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. at 849–50); *In re Trans World Airlines, Inc.*, No. 01-0056, 2001 Bankr. LEXIS 722, at *7–8 (Bankr. D. Del. Mar. 16, 2001) (noting that the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate).

11.    The Trustee has determined that the WSA is no longer necessary and the costs for any sale of the inventory swab kits located at the Warehouse would exceed any realizable value from a sale.  Absent rejection, the WSA could impose ongoing obligations on the estate. Accordingly, to avoid incurring additional unnecessary expenses associated with the WSA, the Trustee seeks to reject the WSA.

**B.    The Court should authorize the rejection of the WSA effective as of October 31, 2020.**

12.    The Trustee also respectfully submits that it is appropriate for the Court to order that the effective date of rejection of the WSA to October 31, 2020.  Section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively.  However, courts in this district and others have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when doing so promotes the

purposes of section 365(a) of the Bankruptcy Code.  *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399

(Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the

bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *Thinking*

*Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028–29

(1st Cir. 1995) ("rejection under section 365(a) does not take effect until judicial approval is

secured, but the approving court has the equitable power, in suitable cases, to order a rejection to

operate retroactively."); *see also Pacific Shores Dev., LLC v. At Home Corp. (In re At Home*

*Corp.)*, 392 F.3d 1064, 1071 (9th Cir. 2004) (same).

13.    Courts may approve retroactive rejection of executory contracts and

unexpired leases "after balancing the equities" and concluding that they weigh in favor of the

debtor.  *See In re Chi-Chi's, Inc.*, 305 B.R. at 399 (acknowledging that a bankruptcy court may

approve a rejection retroactive to the date the motion is filed after balancing the equities in the

particular case); *In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (finding that rejection

has been allowed *nunc pro tunc* to the date of the motion); *see also Thinking Machs. Corp.*, 67 F.3d

at 1028 ("In the section 365 context, . . . bankruptcy courts may enter retroactive orders of

approval, and should do so when the balance of equities preponderates in favor of such

remediation."); *In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (discussing that section

365 does not include "restrictions as to the manner in which the court can approve rejection").

14.    The balance of the equities favors the relief requested herein. The Trustee

has decided to reject the WSA as no longer necessary for the estate and no longer needed by the

Trustee for any purpose.  Without a retroactive date of rejection, the Trustee could be forced to

incur unnecessary administrative charges and contractual obligations in connection with the WSA

that provides no benefit to the estate.

15.     Moreover, Warehouse-Pro will not be unduly prejudiced if the rejection is deemed effective as of October 31, 2020. The Trustee will promptly serve notice of this Motion on Warehouse-Pro, who will have a sufficient opportunity to respond.

16.     In addition, through notice of this Motion, Warehouse-Pro will receive notice of the Trustee's clear intention to reject the WSA.  For these reasons, the Trustee respectfully submits that it is fair and equitable for the Court to hold that the WSA is rejected as of October 31, 2020.

17.     Similar relief has been granted in this case as well as other cases in this jurisdiction. *See In re Kona Grill, Inc.*, Case No. 19-10953 (CSS) (Bankr. D. Del. Sept. 13, 2019) authorizing the rejection of leases nunc pro tunc to the date of abandonment); *In re M&G USA Corp.*, Case No. 17-12307 (BLS) (Bankr. D. Del. Nov. 30, 2017) (same); *In re Alsip Acquisition, LLC*, Case No. 14-12596 (Bankr. D. Del. Jan. 12, 2015) (KJC) (same); *In re Real Mex Restaurants, Inc.*, Case No. 11-13122 (Bankr. D. Del Dec. 6, 2011) (BLS) (same); *In re CB Holding Corp*, Case No. 10-13683 (Bankr. D. Del. Jan. 10, 2011) (MFW) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Namco Cybertainment, Inc.*, Case No. 98-00173 (Bankr. D. Del. Apr. 15, 1998) (same).  .

**C.     Abandonment of remaining personal property is appropriate.**

18.     The Trustee also seek to abandon, as of October 31, 2020, any remaining personal property owned by the Debtor at the Warehouse covered by the WSA as is, where is, and, in accordance with section 554(a) of the Bankruptcy Code.  Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).

19.     The Trustee submit that any remaining personal property is of inconsequential value or burdensome to the Debtor's estate to remove.  The Trustee believes that the cost of retrieving, storing, marketing, and liquidating the remaining personal property outweighs any recovery that the Debtor's estate could reasonably hope to attain.  As a result, the Trustee has determined, in his business judgment that the abandonment, as of October 31, 2020, of any such remaining personal property is in the best interests of the Debtor's estate.

### Reservation of Rights

20.     Nothing contained in this Motion or any actions taken by the Trustee pursuant to relief granted in the Order is intended or should be construed as: (a) an admission as to the validity of any particular claim against a Debtor entity; (b) a waiver of the estate's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the estate's rights under the Bankruptcy Code or any other applicable law.

### Notice

21.     The Trustee will provide notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtor's lenders; (c) Warehouse-Pro; and (d) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.   The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

22.     No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter the proposed order, substantially in the form attached to this Motion as **Exhibit A**, and grant such other and further relief as may be appropriate.

Dated:  October 30, 2020                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:       bsandler@pszjlaw.com
                    crobinson@pszjlaw.com
                    pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*