**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>UBIOME, INC.,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11938 (LSS)<br><br>**Re: Docket No. \_\_\_\_\_** |

**ORDER: (A) AUTHORIZING TRUSTEE TO REJECT WAREHOUSE SERVICES
AGREEMENT, EFFECTIVE OCTOBER 31, 2020; (B) AUTHORIZING ABANDONMENT
OF ANY REMAINING PROPERTY LOCATED AT THE WAREHOUSE;
AND (C) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtor (the "Debtor"), the entry of an order (this "Order"): (a) authorizing the Trustee to reject, effective October 31, 2020, that certain Warehouse Services Agreement, dated November 27, 2018 (the "WSA") between uBiome, Inc. and Texas Novachem Corporation, DBA Warehouse-Pro ("Warehouse-Pro"); (b) authorizing abandonment of any remaining personal property of the Debtor at the Warehouse; and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The former headquarters for the above-captioned Debtor was located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the WSA shall be deemed rejected as of October 31, 2020.

3. The Trustee is authorized to abandon the remaining personal property owned by the Debtor, if any, that remains as of October 31, 2020 at the Warehouse. Warehouse-Pro may dispose of all of remaining personal property of the Debtor without liability to any party and without waiver of any claim against the Debtor's estate for the disposal of such abandoned property.

4. Within three (3) business days after entry of this Order, the Trustee will serve this Order on Warehouse-Pro.

5. Warehouse-Pro must file a proof of claim relating to the rejection of the WSA, if any, by the later of (a) any applicable claims bar date established in this chapter 7 case, or (b) 30 days after entry of this Order. The Trustee reserves all rights to contest any such claim and to contest the characterization of the rejected WSA.

6. The Trustee reserves the estate's rights to assume, assign, or reject other executory contracts or unexpired leases, and nothing herein shall be deemed to affect such rights.

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim

3

against a Debtor entity; (b) a waiver of the estate's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the estate's rights under the Bankruptcy Code or any other applicable law.

8. Notwithstanding the possible applicability of Rules 6004(g), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion,

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.