THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> UBIOME, INC.,[1] <br><br> Debtor. | Chapter 7 <br><br> Case No. 19-11938 (LSS) <br><br> Ref. Docket No. 364 |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) 363 AND BANKRUPTCY RULE 6004 (I) AUTHORIZING AND APPROVING THE SALE OF CERTAIN DE MINIMIS ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; (II) APPROVING ASSET PURCHASE AGREEMENT; AND (III) GRANTING OTHER RELATED RELIEF**

Upon consideration of the certification of counsel (the "COC")[2] filed by the chapter 7 trustee (the "Trustee" or "Seller"), to the estates of the above-captioned debtor (the "Debtor"), pursuant to sections 105(a) and 363 and Bankruptcy Rule 6004, (i) authorizing the sale (the "Sale") of the Debtor's trademarks, domains, and SNS accounts (the "Assets") on an "as-is, where-is" basis, free and clear of any and all liens, claims, interests, and encumbrances to Psomagen, Inc. (the "Buyer"), pursuant to the terms and conditions of that certain Asset Purchase Agreement (the "APA") by and between the Trustee and the Buyer, a true and correct copy of which is attached hereto as **Exhibit A**, (ii) authorizing and approving the terms of the APA, and (iii) granting certain related relief; and the Court having reviewed the Certification; and due and sufficient notice of the Sale having been given under the particular circumstances through the *Notice of Sale of Certain De Minimis Assets (Trademarks, Domains, and SNS Accounts)* (the "Notice") [Docket No. 364] filed and served on interested parties pursuant to the

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The headquarters for the above-captioned Debtor was located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the COC or Notice, as applicable.

Court's *Order Granting Motion of Alfred T. Giuliano, Chapter 7 Trustee, for Order Pursuant to Bankruptcy Code Sections 105(a), 363, and 554(a) and Bankruptcy Rule 2002 Authorizing and Approving Procedures for the Sale or Abandonment of De Minimis Assets Free and Clear of Liens, Claims, Interests, and Encumbrances* [Docket No. 277]; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; (b) this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); (c) notice of the Sale was sufficient and proper under the circumstances; and (d) the Court having determined that the Sale is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and after due deliberation thereon, it is hereby,

ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Trustee is authorized to sell the Assets pursuant to the terms and conditions of the APA.

2. The APA and related documents, and all of the terms and conditions thereof, are hereby approved as of the date hereof in all respects and as to all parties.

3. The Trustee, as the Seller, is authorized to consummate the terms of the APA and to execute any documents and take such actions as may be reasonably necessary to consummate the APA.

4. Except as expressly permitted or otherwise specifically provided for in the APA and related documents, or in this Order, pursuant to section 363(f) of the Bankruptcy Code, the Seller's interests in the Assets shall be transferred to the Buyer pursuant to the APA and, as of the Closing Date, shall be free and clear of all liens, claims, interests, and encumbrances (the

"<u>Liens</u>") of any kind or nature whatsoever with all such Liens to attach to the net proceeds of the Sale, subject to the terms of such Liens, with the same validity, force and effect, and in the same order of priority, which such Liens now have against the Assets subject to any rights, claims, and defenses of the Debtor or its estate, as applicable, may possess with respect thereto

5.     The Buyer is not an "insider" of the Debtor, as that term is defined in section 101 of the Bankruptcy Code. The transactions contemplated by the APA and any related documents are undertaken by the Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the Buyer is entitled to all of the protections thereunder and the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale with respect to the Buyer, unless such authorization is duly stayed pending such appeal.

6.     This Order shall be binder on and inure to the benefit of the Buyer, its affiliates, successors and assigns, and the Debtor's estate.

7.     The consideration provided by the Buyer for the Assets under the APA shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

8.     The consideration provided by the Buyer for the Assets under the APA is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

9.     For the avoidance of doubt, except as otherwise provided in the APA, the Buyer shall purchase the Assets on an "as-is, where-is" basis, with all faults, and with no representations or warranties, either written or oral, express or implied, from the Trustee or the Debtor's estate. Upon closing, the Buyer shall assume all risks with respect to the Assets and as

set forth in the APA. Upon Closing and except for the Trustee's obligations under the APA, the Buyer shall forever and fully release the Trustee and the Debtor's estate and its affiliates of any and all claims (as the terms is defined in section 101(5) of the Bankruptcy Code) which now exist, may hereinafter exist, or have existed, and are associated with the Assets, including, without limitation, the condition of the Assets and the enforceability of any rights associated with Assets.

10. The failure specifically to include any particular provisions of the APA or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Trustee, and the Buyer that the APA and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order.

11. The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. Time is of the essence in closing the Sale referenced herein, and the Trustee and the Buyer intend to close the Sale as soon as practicable in accordance with the terms and conditions of the APA.

13. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: December 29th, 2020  
Wilmington, Delaware

3   LAURIE SELBER SILVERSTEIN  
UNITED STATES BANKRUPTCY JUDGE