## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | **Objection Deadline: March 11, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: March 22, 2021 at 2:00 p.m. (ET)** |

## MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENT WITH SILICON VALLEY BANK, 8VC FUND I, L.P., AND ENTREPRENEURS FUND I, L.P.

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtor (the "Debtor"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving a Settlement Agreement and Mutual Release (the "Settlement Agreement")[2] between the Trustee and Silicon Valley Bank ("SVB" or "Prepetition Lender"), 8VC Fund I, L.P. ("8VC Fund") and 8VC Entrepreneurs Fund I, L.P. ("8VC EFI," and together with 8VC Fund, "8VC" or "Participant") (collectively, SVB and 8VC are referred to as the "DIP Lenders", and together with the Debtor and the Trustee, the "Parties").  A copy of the Settlement Agreement is attached to the proposed form of order as Exhibit 1.  In support of this Motion, the Trustee respectfully states as follows:

### Jurisdiction

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court*

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019).  The headquarters for the above-captioned Debtor was located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Settlement Agreement.

*for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

### <u>Background</u>

4.      On February 24, 2017, the Debtor and SVB, as Prepetition Lender, entered into that certain Loan and Security Agreement (as amended, supplemented, or otherwise modified, the "<u>Prepetition Loan Agreement</u>" and, together with all other agreements, documents, and instruments executed and/or delivered in connection therewith, the "<u>Prepetition Loan Documents</u>").

5.      On September 4, 2019 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") with the Court, thereby commencing the chapter 11 case.

6.      On September 6, 2019, the Bankruptcy Court entered the *Interim Order (I) Authorizing the Debtor to Obtain Postpetition Secured Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens and Superpriority Administrative Expense Status, (IV)*

2

*Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Scheduling a Final Hearing* [Docket No. 47] (the "Interim DIP Order").

7.      On October 11, 2019 (the "Conversion Date"), the Court entered an order converting this case to a case under chapter 7 [Docket No. 162], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 163].

8.      On November 25, 2019, the Bankruptcy Court entered the *Order Approving Interim Stipulation By and Between Chapter 7 Trustee for the Estate of uBiome, Inc. and Silicon Valley Bank Regarding Cash Collateral* [Docket No. 218] (the "Cash Collateral Stipulation Order") approving the Stipulation attached thereto.

9.      Pursuant to the Cash Collateral Stipulation Order and the approved Stipulation, the Trustee and SVB agreed that, among other terms:

(a) the approved Stipulation was an interim stipulation and a final stipulation would be submitted and the parties would negotiate a final stipulation and negotiate in good faith a carveout for payment of the Trustee's professional fees and the possibility of a carveout (the "Carveout") from the prepetition collateral for an amount to be available for allowed claims of creditors and a release of any claims and causes of action against SVB and the Participant (Stipulation ¶3);

(b) the Trustee reserved all rights to assert any applicable Challenge (as defined in the Interim DIP Order) and the rights, claims, and defenses of SVB in opposition to any such Challenge were preserved (Stipulation ¶4);

(c) the Parties agreed to extend the Challenge Deadline through and including December 20, 2019 with further extensions mutually agreed in writing (which the Parties have continued to agree to extend in light of ongoing negotiations) (Stipulation ¶5); and

(d) the Trustee reserved all rights to assert surcharge under section 506(c) of the Bankruptcy Code against the DIP Lender, the Prepetition Lender, the DIP Collateral, or the Prepetition Collateral, and SVB reserved all rights, claims, and defenses of SVB in opposition to any such request to surcharge under section 506(c) (Stipulation ¶6).

DOCS_DE:232099.3 31271/001

10.     On December 19, 2019, the Bankruptcy Court entered the *Order (I)
Approving Sale of Intellectual Property and Other Assets Free and Clear of All Liens, Claims,
Rights, and Other Interests and (II) Granting Other Related Relief* [Docket No. 263] (the "Sale
Order") approving the sale (the "Sale") of certain of the Debtor's assets to Psomagen, Inc.

11.     Pursuant to the Sale, the Trustee is holding remaining Sale proceeds in the
amount of not less than $3,050,000 (the "Sale Proceeds").

12.     The Trustee and SVB and 8VC have discussed the resolution of issues
relating to the unresolved issues reserved by the Stipulation, including the Challenge, surcharge
rights under section 506(c) and the Carveout, and have engaged in good faith, arms' length
negotiations and have agreed to the terms of the Settlement Agreement.

<u>Summary of the Settlement Agreement</u>[3]

13.     As set forth in the attached the Settlement Agreement, the primary terms
are as follows:

a.     **Distribution of Sale Proceeds**.  The remaining Sale Proceeds shall
be distributed as follows:

i.     $1,283,000 to fund the Trustee's fees and expenses in
connection with the Sale;

ii.     $272,000 shall be paid to SVB (to be distributed to the DIP
Lenders in accordance with the Participation Agreement)
within three (3) business days of the Settlement Effective
Date as a return of cash collateral;

iii.     Within three (3) business days of the Settlement Effective
Date, the Trustee shall pay $700,000 of the remaining Sale
Proceeds to SVB (to be distributed to the DIP Lenders in
accordance with the Participation Agreement) and the
balance shall be paid to the Debtor's estate for distribution
in accordance with the priorities of the Bankruptcy Code;

---

[3] The summary set forth in the Motion is only a summary.  To the extent the summary conflicts with the actual terms
of the Settlement Agreement, the actual terms of the Settlement Agreement shall control.

iv.    The Participation Agreement (as defined in the Interim DIP Order) remains in full force and effect and the terms of the Participation Agreement, including, without limitation, the subordination and *pari passu* treatment and payments provisions contained therein, are valid and enforceable and are binding on SVB and 8VC..

b.    **SVB Deficiency Claim.**  SVB shall retain its deficiency claim against the Debtor's estate in the amount of not less than $4,869,190.89 for the remaining unpaid amounts arising from the Debtor's obligations under the DIP Facility (as defined in the Interim DIP Order) and the Prepetition Loan Documents (the "SVB Deficiency Claim").  The SVB Deficiency Claim shall be an allowed general unsecured, non-priority claim and shall receive any distribution as and when such claims are paid in the Debtor's chapter 7 case; provided, that SVB shall distribute any such distributions to the DIP Lenders in accordance with the Participation Agreement.

c.    The Parties will also exchange releases on the terms, and as set forth, in the Settlement Agreement.

### Relief Requested

14.    By this Motion, the Trustee seeks entry of an order approving the Settlement Agreement, which, as stated above, is attached as Exhibit 1 to the proposed form of order.

### Basis for Relief Requested

15.    Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

5

> On motion by the trustee and after notice and a hearing, the court
> may approve a compromise or settlement.  Notice shall be given to
> creditors, the United States trustee, the debtor, and indenture
> trustees as provided in Rule 2002 and to any other entity as the
> court may direct.

Fed. R. Bankr. P. 9019(a).

16.     Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases.  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estate.  *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998).  The decision whether to accept or reject a compromise lies within the sound discretion of the court.  *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

17.     In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors.  *Martin*, 91 F.3d at 393.  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision.  *Id.* at 395.

18.     When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety*

*Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).  Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession.  *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78.  A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

19.    The Trustee believes the Settlement Agreement is fair and reasonable and is in the best interests of the Debtor's estate and creditors, and should be approved pursuant to Bankruptcy Rule 9019.  The Settlement Agreement is the product of good-faith discussions and arms' length bargaining among the Parties.  For the reasons outlined below, the Trustee believes that the Settlement Agreement is in the best interests of the Debtor's estate.

20.    First, the Settlement Agreement resolves potential costly litigation over the Challenge, surcharge rights under section 506(c) and the Carveout, the result of which would be uncertain and could result in significant administrative costs to pursue and delays for any recovery for the estate from the Sale Proceeds.  Instead, the matter is resolved and the estate will receive $1,283,000 from the Sale Proceeds to fund the Trustee's fees and expenses in connection with the Sale and remaining Sale Proceeds for the estate after a payment to the DIP Financing Lenders of $700,000 in addition to a payment of $272,000 to the DIP Financing Lenders as a return of cash collateral.  In exchange, the Settlement Agreement provides for mutual releases

7

between the Parties.  In addition, the Trustee believes the Settlement Agreement is in the best

interest of the estate and its creditors because it allows the estate to recover a significant amount

of remaining Sale Proceeds that might otherwise be determined to be collateral and it permits a

significant payment for the Trustee's professional fees and expenses associated with disposition

of the assets of the Debtor that constitute chapter 7 administrative expenses of the estate.  This

result benefits the estate by satisfying sale-related administrative expenses while also obtaining a

recovery for an eventual distribution to other creditors of the estate.

21.    Aside from the standards under Rule 9019, a settlement of claims and

causes of action by a trustee constitutes a use of property of the estate.  *See e.g. Northview*

*Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999).  If a settlement is

outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy

court pursuant to section 363(b) of the Bankruptcy Code.  *See id.*; *see also Martin*, 91 F.3d at

395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court

approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or

compromise a controversy.").  Courts normally defer to the trustee's business judgment so long

as there is a legitimate business justification.  *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v.*

*Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153

(Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate

property pursuant to section 363(b)).

22.    Here, the Trustee submits that approval under section 363(b) of the

Bankruptcy Court is required.  The Settlement Agreement provides for, among other terms, a

release and waiver of potential claims by the Trustee against SVB and 8VC, as set forth in the

Settlement Agreement.  *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third

8

party constitutes a sale of the claim under section 363 and subject to court approval).  For all the reasons set forth above, the Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreement is fair, reasonable, and appropriate and should be approved by this Court.

**<u>Notice</u>**

23.    Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) SVB; (c) 8VC; and (d) parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

DOCS_DE:232099.3 31271/001

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreement, enter the proposed order, and grant such other relief as is just and proper.

Dated:  February 25, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:      bsandler@pszjlaw.com
            crobinson@pszjlaw.com
            pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

DOCS_DE:232099.3 31271/001