# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| uBiome, Inc., | Case No. 19-11938-LSS |
| Debtor. | Ref. D.I.. 433 |

## ORDER APPROVING STIPULATION MODIFYING THE AUTOMATIC STAY, TO THE EXTENT IT APPLIES, TO ALLOW PAYMENT OF DEFENSE COSTS UNDER CERTAIN DIRECTORS AND OFFICERS INSURANCE POLICIES

Upon consideration of the certification of counsel (the "Certification of Counsel") and the *Stipulation Modifying the Automatic Stay to Allow Payment of Defense Costs under Certain Directors and Officers Insurance Policies* entered into by counsel to (i) Dr. Jessica Richman and Dr. Zachary Apte ("Movants"), on the one hand, and (ii) Alfred T. Giuliano, as chapter 7 trustee of uBiome, Inc. (the "Trustee"), on the other, a copy of which is attached as Exhibit A to the Certification of Counsel (the "Stipulation")[1]; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that due and appropriate notice of the relief provided for herein has been given; and after due deliberation thereon and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is APPROVED.

2. To the extent that the automatic stay imposed under section 362(a) of the Bankruptcy Code is applicable, it is hereby lifted and modified, pursuant to section 362(d) of the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation or in *Dr. Jessica Richman's and Dr. Zachary Apte's Joint Motion for an Order Modifying the Automatic Stay to Allow Payment of Defense Costs under Certain Directors and Officers Insurance Policies* [D.I. 419, 420], as applicable.

Bankruptcy Code, to allow the insurers to make payments or advancements under and pursuant to the Policies in connection with any losses, past, present, and/or future defense costs incurred by Movants with respect to the Legal Proceedings or any other action or claim covered by the Policies, and other related costs, and the insurers shall not be subject to liability for or in connection with the relief from the automatic stay granted under this Order or any payments made by the insurers under and pursuant to this Order. For example and without limitation, the insurers shall not be subject to disgorgement, avoidance, clawback, or any other similar action, claim, or proceeding, whether legal or equitable in nature, brought by any party, for any past, present or future payment or advancement made by the insurers under the Policies; provided, that all parties including the Movants and the insurers are reserving their rights, if any, under the Policies.

3. Following entry of this Order and until further order of the Court, once every three calendar months each of the Movants shall provide a written statement (each, a "Statement") to counsel for the Trustee of the total aggregate dollar amount of the Policies' proceeds actually paid to Movants or on behalf of Movants during the preceding three calendar months with respect to advancement, reimbursement or other payment in connection with the Legal Proceedings or any action or Claim covered by the Policies. The Statement may be in the form of a letter or email to the Trustee's counsel, and Movants in their discretion may cause such Statement to be delivered individually or in the aggregate on their behalf. The Statement will be delivered to the Trustee's counsel within fifteen (15) days after the conclusion of the subject three calendar month period. The first such Statement shall be provided by October 15, 2021, reflecting the three calendar months from July 2021 through September 2021.

4. The Statements are intended to allow the Trustee to monitor defense costs that may impair the amount of insurance proceeds available under the Policies. The Statements will be

provided to the Trustee and his counsel on a confidential and attorneys' eyes only basis. The Statements shall not be filed or otherwise made public absent further order of the Court, and shall not include any individual billing entries. This Order is not intended to, and shall not include any requirement that Movants, or their respective counsel, disclose any information or documents protected by the attorney-client privilege, work product doctrine, or any other applicable privileges, and the provision of the Statements shall not waive, limit, or otherwise adversely affect any such privilege or protection from disclosure. As applicable, the Statements shall allocate the defense costs between Movants with respect to the Legal Proceedings, or any other action or claim covered by the Policies.

5.     Nothing in this Order modifies the terms and conditions of the Policies and all parties reserve their rights thereunder.

6.     For the avoidance of doubt, the Court is not making a determination at this time as to whether any of the proceeds of the Policies are property of the Debtor's bankruptcy estate. The Parties' rights, claims, and defenses therewith are fully reserved. However, the Court finds, in entering this Order, that Movants have an interest in the Policies and their proceeds and that the insurers under the Policies may and are permitted to advance or pay defense costs, losses, and other related costs incurred by Movants in accordance with the terms and conditions of the Policies and this Order, notwithstanding the Debtor's bankruptcy filing or the automatic stay, to the extent it applies.

7.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the terms of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

**Dated: September 2nd, 2021**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE