**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | **Objection Deadline: Dec. 7, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: Jan. 5, 2022 at 11:30 a.m. (ET)** |

**SECOND AMENDED APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7
TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a),
BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1 FOR
AUTHORITY TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL &
JONES LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE,
<u>EFFECTIVE AS OF OCTOBER 11, 2019</u>**

Alfred T. Giuliano, chapter 7 trustee (the "<u>Trustee</u>") to the estate of the above-captioned debtor (the "<u>Debtor</u>"), hereby respectfully submits this amended application (the "<u>Second Amended Application</u>"), for entry of an order substantially in form attached hereto as **<u>Exhibit A</u>**, for authority to employ and retain Pachulski Stang Ziehl & Jones LLP ("<u>PSZ&J</u>" or the "<u>Firm</u>") as counsel to the Trustee, effective as of October 11, 2019 per the Original Retention Order (defined below), and pursuant to sections 327 and 328 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").  This Second Amended Application seeks to amend the terms of payment to PSZ&J for its work in this case relating to pursuit of director and officer ("<u>D&O</u>") insurance policies recoveries for the benefit of the estate (the "<u>D&O Recovery Work</u>"), so that PSZ&J will be paid for such services on a 35% contingency fee basis for the value recovered to the estates, including the value of any savings to

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019).

the estate, instead of at its standard hourly rates, plus reimbursement of expenses.  In support of

the relief sought in the Second Amended Application, the Trustee submits the (i) Declaration of

Bradford J. Sandler, a partner of the Firm (the "Sandler Declaration"), attached hereto as

**Exhibit B** and incorporated herein by reference.  In further support of the Second Amended

Application, the Trustee respectfully states as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Second Amended Application

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the*

*United States District Court for the District of Delaware*, dated as of February 29, 2012.  This

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Pursuant to Local Rule

9013-1(f), the Trustee consents to the entry of a final judgment or order with respect to the

Second Amended Application if it is determined that the Court, absent consent of the parties,

cannot enter final orders or judgments consistent with Article III of the United States

Constitution.

2.      Venue of this proceeding and this Second Amended Application is proper

in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 328 and

1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

### Background

4.      On September 4, 2019 (the "Petition Date"), the Debtor filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby

commencing this chapter 11 case (the "Case").

5.      On October 11, 2019, the Court entered an order converting this Case to a case under chapter 7 [Docket No. 162], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 163].

6.      On November 1, 2019, the Trustee filed an application to approve the retention of PSZ&J as counsel to the Trustee [Docket No. 192] (the "Original Application").  On November 25, 2019, the Court entered an order approving PSZ&J as counsel to the Trustee, nunc pro tunc to October 11, 2019 [Docket No. 220] (the "Original Retention Order").

7.      On April 27, 2021, PSZ&J filed the *Amended Application of Alfred T. Giuliano, Chapter 7 Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328(a), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 for Authority to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel to the Chapter 7 Trustee, Effective as of October 11, 2019* [Docket No. 398] (the "Amended Application") to amend the Original Application to provide for a 25% contingency fee for Preference Work (as defined in the Amended Application).  On May 14, 2021, the Court entered an order approving the Amended Application [Docket No. 406] (the "Amended Retention Order").

## Relief Requested

8.      By this Second Amended Application, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Trustee seeks entry of an order authorizing revised terms of compensation for PSZ&J for the D&O Recovery Work, so that PSZ&J will be paid for such services on a 35% contingency fee basis for the value recovered to the estates, including the value of any savings to the estate, instead of at its standard hourly rates, plus reimbursement of expenses.

**Basis for Relief Requested**

9.        Section 327(a) of the Bankruptcy Code provides that a chapter 7 trustee may employ an attorney to represent or assist the trustee in carrying out the trustee's duties only if that attorney is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the estate.

10.        Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, an attorney to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

11.        As set forth in the Original Application and Amended Application, PSZ&J neither (i) holds an adverse interest in connection with the Debtor's case; or (ii) represents any other entity having an adverse interest in connection with the Debtor's case.

12.        The Trustee believes the amended terms of compensation for PSZ&J for the D&O Recovery Work is reasonable and appropriate.  PSZ&J is being engaged on a contingent basis with respect to pursuit of preferences, and, therefore, if there are no preference recoveries, there will be no fees related to preferences charged to the Debtor's estate.

13.        All other representations in the Original Application and Amended Application remain true and accurate, and the Trustee is not seeking to change the terms of Original Application or Amended Application, except as set forth in this Second Amended Application.

**Notice**

16.        The Trustee has provided notice of this Second Amended Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtor;

and (c) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee

submits that no other or further notice is necessary or required.

[Remainder of page intentionally left blank]

WHEREFORE, the Trustee respectfully requests that this Court enter an order,

substantially in the form of the order annexed hereto, granting the relief requested in the Second

Amended Application, and granting such other and further relief as is just or proper.


Dated:  November 23, 2021                              */s/ Alfred T. Giuliano*
                                                       Alfred T. Giuliano
                                                       Chapter 7 Trustee for the Estate of uBiome, Inc.,
                                                       and not in any other capacity