# EXHIBIT B

## Declaration of Bradford J. Sandler

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| UBIOME, INC.,[1] | Case No. 19-11938 (LSS) |
| Debtor. | |

**DECLARATION OF BRADFORD J. SANDLER IN SUPPORT OF
SECOND AMENDED APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7
TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(A) AND 328(A),
BANKRUPTCY RULES 2014(A) AND 2016, AND LOCAL RULE 2014-1 FOR
AUTHORITY TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES
LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE,
EFFECTIVE AS OF OCTOBER 11, 2019**

I, BRADFORD J. SANDLER, declare under penalty of perjury as follows:

1. I am a partner in the firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), with offices located at 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, and have been duly admitted to practice law in the state of Delaware. I am authorized to submit this declaration (the "Declaration") in support of the *Second Amended Application of Alfred T. Giuliano, Chapter 7 Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328(a) and Bankruptcy Rules 2014(a) and 2016 and Local Rule 2014-1 for Authority to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel to Chapter 7 Trustee, Effective as of October 11, 2019* (the "Second Amended Application").[2]

2. Neither I, the Firm, nor any partner, of counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors or any

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Second Amended Application.

other parties in interest herein, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

### Disclosure of Connections

3.   Bankruptcy Rule 2014 requires that an application for employment under section 327 disclose all connections with the Debtor, the estate, the professionals and the Office of the Trustee.  The Firm, therefore, discloses its known connections herein.

    a.   Prior to the conversion of the above-captioned case from chapter 11 to chapter 7, PSZ&J represented the Official Committee of Unsecured Creditors of the Debtor.

4.   Based on the results of the Firm's prior conflict search in connection with the Original Application and Amended Application, it appears that PSZJ does not hold or represent any interest adverse to and has no connection with the Debtor herein, its creditors, the U.S. Trustee or any party in interest herein in the matters upon which PSZJ is to be retained.

5.   PSZ&J has had no other prior connection with the Debtor, their creditors or any other party-in-interest.  Upon information and belief, PSZ&J does not hold or represent any interest adverse to the Debtor's estate.

6.   To the extent applicable, PSZJ is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel, and associates:

    (a)   are not creditors, equity security holders or insiders of the Debtor;

    (b)   are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor; and

    (c)   do not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect

relationship to, connection with, or interest in, the Debtor, or for any other reason, except as disclosed herein.

7. I hereby represent that I am aware of no conflict of interest that exists relating to PSZ&J's role as counsel to the Trustee in the above-captioned case, as set forth in the Original Application and Amended Application.

8. The Second Amended Application seeks to modify the compensation to be paid to PSZ&J for the D&O Recovery Work such that PSZ&J will be paid for such services on a 35% contingency fee basis for the value recovered to the estates, including the value of any savings to the estate, instead of at its standard hourly rates, plus reimbursement of expenses.

9. I believe the amended terms of compensation for PSZ&J for the D&O Recovery Work is reasonable and appropriate.

10. All other representations in the Original Application and Amended Application remain true and accurate, and the Trustee is not seeking to change the terms of Original Application or Amended Application, except as set forth in the Second Amended Application related to D&O Recovery Work.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 23, 2021                     */s/ Bradford J. Sandler*
                                                                            Bradford J. Sandler