**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>UBIOME, INC.,[1]<br>                Debtor. | Chapter 7<br><br>Case No. 19-11938 (LSS)<br><br>**Objection Deadline: Dec. 30, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: Jan. 5, 2022 at 11:30 a.m. (ET)** |

**MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE,
FOR ORDER AUTHORIZING THE ABANDONMENT OF ELECTRONIC
DOCUMENTS STORED WITH AMAZON WEB SERVICES, AND TO
PERMIT THIRD PARTIES TO PRESERVE SUCH DOCUMENTS**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtors (the "Debtor"), hereby moves this Court (the "Motion"), for entry of an order, substantially in the form attached to this Motion as **Exhibit A**, pursuant to sections 105(a) and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing, but not directing, the Trustee to abandon electronic documents stored on servers housed and maintained by Amazon Web Services ("AWS") (collectively, the "Documents") and permit third parties to preserve the Documents at their own expense. In support of the Motion, the Trustee respectfully represents as follows:

**Jurisdiction and Venue**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Trustee confirms his consent pursuant to Local Rule

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019).

9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007.

**Background**

4.     On September 4, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing this chapter 11 case (the "Case").

5.     On October 11, 2019, the Court entered an order converting this Case to a case under chapter 7 [Docket No. 162], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 163].

6.     On November 12, 2019, the Trustee filed the *Motion of Alfred T. Giuliano, Chapter 7 Trustee, for Entry of: (A) an Order (I) Approving Bid Procedures in Connection with the Sale of the Debtor's Assets, (II) Scheduling an Auction for an Hearing to Approve Sale, (III) Approving Notice of Auction and Sale Hearing, (IV) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving Form and Manner of Notice Thereof, and (VI) Granting Related Relief; and (B) an Order Authorizing and Approving (I) the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests, (II) Assumption and Assignment of Certain Executory*

*Contracts and Unexpired Leases, and (III) Related Relief* [Docket No. 198] (the "Sale Motion").

On December 19, 2019, the Court entered the *Order (I) Approving Sale of Intellectual Property and Other Assets Free and Clear of All Liens, Claims, Rights, and Other Interests and (I)) Granting Other Related Relief* at ¶25 [Docket No. 263] (the "Sale Order").

7.  The Trustee has preserved the Documents pursuant to the Sale Order for the Debtor's IP asset sale to Psomagen that preserved books and records. The Sale Order provides:

> **Document Preservation**
> Absent further order of this Court and to the extent currently in the Trustee's actual possession or control as of the date of this Order, the Trustee shall preserve, in the state such Information (as defined below) was in as of the entry of this Order, copies of all of the Debtor's hard copy documents, data and information, including all electronically stored information, including without limitation, all documents, data and information stored on or in any servers, backup devices, mobile devices, electronic storage devices, or any other medium (including, without limitation, documents, data or information stored on the Amazon cloud, Amazon Web Services, the Atlassian Confluence clinical compliance repository, the Github repository, the Google G-Drive, the Carta repository and other financial software and information, Slack, the Zirmed billing software, the Debtor's human resources systems, (including, without limitation, BambooHR, Gusto, and/or Paylocity), and SmartSheets) (all of the foregoing hereafter referred to as, "Information"); provided, however, that (i) nothing herein shall prohibit the Trustee from seeking a Court order allowing him to abandon such Information, or prejudice his rights to seek such relief, or any party to oppose such relief; (ii) the preservation obligations hereunder shall not serve as a reason to prolong the closing of these cases; and (iii) nothing herein shall alter the discovery obligations of any person or entity, all such rights and obligations are reserved and preserved, including, without limitation and by example only, the assertion of any legal or common law privilege or any objection thereto. For the avoidance of doubt, nothing herein imposes any burden, obligation or responsibility on the Purchaser.[2]

8.  Following entry of the Sale Order, the Trustee hired FTI Consulting Inc. for certain data recovery and data preservation requirements. *See* Docket No. 285. With FTI's assistance, the Trustee has preserved or has access to and/or has copied the Debtors' books,

---

[2] *See Order (I) Approving Sale of Intellectual Property and Other Assets Free and Clear of All Liens, Claims, Rights, and Other Interests and (I)) Granting Other Related Relief* at ¶25 [Docket No. 263] (the "Sale Order").

records, other papers, and electronic records of the Debtors that he believes are needed by the estates that were stored with AWS and other third party data hosting providers, including, but not limited to, certain accounts payable and accounts receivable records, e-mail records, general ledger records, tax records, and other business and financial records.

9. The Trustee has no further use for the Documents stored with AWS and the estate continues to incur significant costs as a result of AWS fees. In particular, the Trustee has incurred over $490,000 in monthly expenses for the Documents stored with AWS since his appointment as chapter 7 trustee. A copy of the inventory manifest for the Documents stored through AWS is attached to this Motion as **Exhibit B**.

10. Other third parties, including the Securities and Exchange Commission, Department of Justice, or former officers and directors of the Debtor, may wish to preserve the Documents with AWS. By this Motion, the Trustee seeks to permit such third parties to preserve such Documents if they wish, provided that those third parties incur all costs and expenses associated with AWS following entry of an order approving this Motion. The estate should not continue to bear the burden of AWS electronic storage fees when there is no benefit to the estate, and where third parties have their own self-interests in preserving the Documents going forward for their own investigatory, litigation, or other needs. The Trustee has no need for continuing to pay AWS for storing the Documents; it is not necessary for administration of the Debtor's estate.

11. The Trustee seeks to avoid future storage costs and any potential unnecessary administrative expenses of the estate by obtaining authority to abandon the Documents and permit other third parties to coordinate with AWS and pay ongoing fees to AWS directly to preserve such Documents.

**Relief Requested**

12. As a result of his efforts to copy and/or collect the books, records, and papers needed by the estate for the administration of the case, the Trustee no longer needs to preserve Documents through AWS. A copy of the inventory manifest for the Documents stored through AWS is attached to this Motion as **Exhibit B**. By this Motion, the Trustee seeks an order authorizing him, in exercise of his business judgment, to abandon the Documents stored with AWS, and to permit third parties to preserve the Documents at their own expense. Keeping the Documents stored with AWS is no longer necessary to the discharge of the Trustee's duties or to the continued administration of the estate. The continued maintenance of the Documents with AWS constitutes a burden to the estate.

**Basis for Relief**

13. Section 554 of the Bankruptcy Code provides, in relevant part, that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). In addition, section 363(b)(1) provides, in pertinent part:

> The trustee, after notice and a hearing, the trustee may use, sell, or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. § 363(b)(1).

14. Moreover, the abandonment, destruction or other disposal of the Documents is also governed by Bankruptcy Rule 6007, which reads, in pertinent part, as follows:

> **Notice of Proposed Abandonment or Disposition; Objections; Hearing.** Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees and committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code. A party in interest may

>file and serve an objection within 15 days of the mailing of the
>notice, or within the time fixed by the court.  If a timely objection
>is made, the court shall set a hearing on notice to the United States
>trustee and to the other entities as the court may direct.

Fed.R. Bankr. P. 6007.

15. Courts have held that "[t]he trustee's power to abandon property is discretionary." *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) (citations omitted).  A trustee may abandon estate assets that are of "inconsequential value and benefit to the estate" or that are "burdensome to the estate." *In re Reich*, 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985); *see In re Contract Research Solutions, Inc.*, 2013 Bankr. LEXIS 1784, at *11-12 (Bankr. D. Del. May 1, 2013) (granting request to abandon personal property at leased location that, according to the debtors, was of negligible commercial value, storing it created a burden on the estate, and abandonment would pose no threat to public safety and would not contravene any law or regulation).  The decision to abandon must merely reflect "business judgment made in good faith" that rests on a reasonable basis.  *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997).

16. "Courts defer to the trustee's judgment and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion." *Id.*  "The party opposing the abandonment must show some likely benefit to the estate, not mere speculation about possible scenarios in which there might be a benefit to the estate." *Id.*  "The court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority." *Id.*

17. All of the conditions to abandonment are satisfied here.  The Trustee does not reasonably anticipate any prejudice to any party in interest if the Documents are abandoned and eventually destroyed because he is providing notice of this Motion to the third parties that may be impacted—the SEC, DOJ, and former officers and directors of the Debtor (and their counsel).

18. The Trustee has determined that abandoning the Documents with AWS at this time makes the most economic sense and saves the estate from having to incur the unnecessary ongoing costs in AWS fees.

## Waiver of Bankruptcy Rule 6007

19. Among other things, Bankruptcy Rule 6007(a) requires that the Trustee serve a copy of this Motion, "[u]nless otherwise directed by the court" on "all creditors." Fed. R. Bank. Pro. 6007(a). The Debtors' creditor matrix contains over 1,200 parties. Accordingly, serving the Motion upon all such parties would be unnecessarily burdensome and costly. The Trustee will serve a copy of this Motion and related documents on the parties in interest set forth below and, therefore, requests, to the extent required, a limited waiver of the service requirement set forth in Rule 6007. The Trustee submits that the requested waiver is appropriate and will properly and timely effectuate notice to the real parties in interest. In any event, the Trustee will not be abandoning any of the Documents that are necessary for the remaining administration of the Debtor's estate, and, thus, abandonment will not prejudice creditors and parties in interest.

**<u>Notice</u>**

20. Notice of this Motion has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtor's lenders; and (c) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that this Court (a) enter the proposed order attached to this Motion as **Exhibit A**, authorizing, but not directing, the Trustee to abandon the Documents with AWS, and permit third parties to preserve the Documents at their own expense, and (b) grant such other and further relief as this Court deems just and proper.

Dated: December 16, 2021    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:    bsandler@pszjlaw.com
            crobinson@pszjlaw.com
            pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*