Elise S. Frejka, CIPP/US
FREJKA PLLC
415 East 52nd Street | Suite 3
New York, NY 10022
Phone: 212-641-0800
Facsimile: 212-641-0820

*Consumer Privacy Ombudsman*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-------------------------------------------------------------X
                                                          :
In re:                                                    :    Chapter 7
                                                          :
UBIOME, INC., [1]                                         :    Case No. 19-11938 (LSS)
                                                          :
                          Debtor.                         :
                                                          :
-------------------------------------------------------------X

**SUMMARY SHEET FOR FIRST AND FINAL APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ELISE S.**
**FREJKA FOR SERVICES RENDERED AS CONSUMER PRIVACY OMBUDSMAN**

| | |
|---|---|
| Name of Applicants: | Elise S. Frejka  of Frejka PLLC |
| Authorized to Provide Professional Services to: | Consumer Privacy Ombudsman |
| Date of Appointment: | December 9, 2019 |
| Period for which compensation and reimbursement is sought: | December 9, 2019 – February 7, 2022 |
| Amount of Final Compensation sought as actual, reasonable and necessary | $17,403.75 |
| Amount of Final Expense Reimbursement sought as actual, reasonable and necessary (Fee Examiner): | $616.13 |

This is a: ____ monthly ____ interim __XX__ final application

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The headquarters
for the above-captioned Debtor is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

**PRIOR APPLICATIONS**

None

**FREJKA PLLC PROFESSIONALS & PARAPROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Elise S. Frejka | Partner since 2015. Member of the New York Bar since 1991. Primary practice area: Business Restructuring and Reorganization | $525.00<br>$262.50 | 31.50<br>3.30 | $17,403.75 |
| **TOTAL** | | | **34.80** | **$17,403.75** |

Total Fees (All Timekeepers):        $17,403.75
Total Hours (All Timekeepers):      34.80
Blended Rate (All Timekeepers):     $500.11

Total Fees (All Attorneys):         $17,403.75
Total Hours (All Attorneys):       34.80
Blended Rate (All Attorneys):      $500.11

## COMPENSATION BY CATEGORY – ALL TIMEKEEPERS

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| CPO Report | 27.70 | $14,542.50 |
| Hearing Attendance | 1.80 | $945.00 |
| Fee Application | 2.00 | $1,050.00 |
| Non-Working Travel | 3.30 | $866.25 |
| **TOTAL** | 34.80 | $17,403.75 |

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Copying | $123.00 |
| Postage | 88.56 |
| Travel/Amtrak | $385.00 |
| Travel/Subway | $2.75 |
| Travel/Taxi | $16.82 |
| **TOTAL** | **$616.13** |

Elise S. Frejka, CIPP/US
FREJKA PLLC
415 East 52nd Street | Suite 3
New York, NY 10022
Phone: 212-641-0800
Facsimile: 212-641-0820

*Consumer Privacy Ombudsman*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------X
                                                               :
In re:                                                         :     Chapter 7
                                                               :
UBIOME, INC.,[1]                                               :     Case No. 19-11938 (LSS)
                                                               :
                    Debtor.                                    :
                                                               :
---------------------------------------------------------------X

**FIRST AND FINAL APPLICATION FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF ELISE S. FREJKA FOR**
**SERVICES RENDERED AS CONSUMER PRIVACY OMBUDSMAN**

Elise S. Frejka, the Consumer Privacy Ombudsman ("Ombudsman") in the above-
captioned case, submits this first and final application  (the  "Application"), pursuant to sections
330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the
Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), and Rule 2016-2 of the Local
Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for
a final allowance of compensation for professional services rendered and reimbursement of
actual and necessary expenses incurred during the period commencing  December 9, 2019

---

[1]  The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The headquarters
   for the above-captioned Debtor is located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

through and including February 7, 2022 (the "Fee Period"). In support of the Application, the Ombudsman respectfully represents as follows:

## BACKGROUND

1.      On September 4, 2019, (the "Petition Date"), uBiome, Inc. (the "Debtor") filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing this chapter 11 case (the "Case").

2.      On September 11, 2019, the Debtor filed a motion to establish bid procedures and to conduct a sale process [Dkt. No. 56]. On September 30, 2019, the Debtor filed a revised bid procedures order under certification of counsel [Dkt. No. 123] but that order was never entered due to the pending motion to convert the Case to a case under chapter 7 of the Bankruptcy Code.

3.      On October 11, 2019, the Bankruptcy Court entered an order converting the Case to a case under chapter 7 of the Bankruptcy Code [Dkt. No. 162] and Alfred T. Giuliano was appointed as the chapter 7 trustee (the "Trustee") [Dkt. No. 163].

4.      On November 12, 2019, the Trustee filed the *Motion of Alfred T. Giuliano, Chapter 7 Trustee, for Entry of: (A) an Order (I) Approving Bid Procedures in Connection with the Sale of the Debtor's Assets, (II) Scheduling an Auction for an Hearing to Approve Sale, (III) Approving Notice of Auction and Sale Hearing, (IV) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving Form and Manner of Notice Thereof, and (VI) Granting Related Relief; and (B) an Order Authorizing and Approving (I) the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Rights, Encumbrances, and Other Interests, (II) Assumption and Assignment of Certain Executory* [Dkt. No. 198].

5. The Bankruptcy Court entered the *Order (I) Approving Bid Procedures in Connection with the Sale of the Debtor's Assets, (II) Scheduling an Auction for and Hearing to Approve Sale, (III) Approving Notice of Auction and Sale Hearing, (IV) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (V) Approving Form and Manner of Notice Thereof, and (VI) Granting Related Relief* on November 21, 2019 (the "Bid Procedures Order") [Dkt. No. 212].

6. Under certification of counsel, the Bankruptcy Court entered the Order Directing Appointment of Consumer Privacy Ombudsman on December 4, 2019 [Dkt. No. 233] as the proposed sale of the Debtor's assets included a database of certain personally identifiable information (as that term is defined in the Bankruptcy Code) and the Debtor's pre-petition privacy policy was unclear regarding the sale of such PII to unaffiliated third-parties. The undersigned was appointed the Ombudsman by the Acting United States Trustee for Region 3 on December 9, 2019. See Notice of Appointment of Consumer Privacy Ombudsman [Dkt. No. 242].

7. The Chapter 7 Trustee filed the *Notice of Extended Sale Deadlines and New Auction Date* [Dkt. No. 241] on December 9, 2019.

8. On December 15, 2019, the Chapter 7 Trustee filed the *Notice of Selection of Stalking Horse and Filing of Related Asset Purchase Agreement* [Dkt. No. 247] and attached the Asset Purchase Agreement between Psomagen, Inc. and the Chapter 7 Trustee dated December 13, 2019 (the "Asset Purchase Agreement").

9. The Chapter 7 Trustee conducted an auction on December 16, 2019 and selected Psomagen, Inc. as the highest and best bidder for the Debtor's Assets.

10.     On December 17, 2019, in accordance with section 332 of the Bankruptcy Code, the Ombudsman filed her report with respect to the proposed sale.  [Dkt. No. 252].

11.     On December 19, 2019, the Bankruptcy Court entered the *Order (I) Approving Sale of Intellectual Property and Other Asses Free and Clear of all Liens, Claims, Rights, and Other Interests and (II) Granting Related Relief* [Dkt. No. 263].

12.     On April 20, 2020, under certification of counsel and with the support of the Ombudsman, the Bankruptcy Court entered the *Order Approving (A) Amendment to Asset Purchase Agreement Between Trustee and Psomagen, Inc. and (B) Stipulation Between Alfred T. Giuliano, Chapter 7 Trustee, and Psomagen, Inc. Regarding Amendment to Asset Purchase Agreement and Sale of Customer List and Personally Identifiable Information* [Dkt. No. 309].

## Relief Requested

13.     The Ombudsman submits this Application pursuant to section 330 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

14.     By this Application, the Ombudsman seeks a final allowance and payment of compensation in the amount of $17,403.75 for actual and necessary professional services rendered and reimbursement of actual expenses in the amount of $616.13.

15.     The total number of hours expended by the Ombudsman in performing her responsibilities, as the Consumer Privacy Ombudsman, was 34.80 hours.  The value of these services has been computed at the rates Frejka PLLC customarily charges for similar services provided for other clients.

16.     A detailed chronological itemization of the services rendered by the Ombudsman, calculated by tenths of an hour, is attached hereto as Exhibit A.  All compensation requested herein relate to services rendered in connection with the discharge of the Ombudsman's duties.

17.     Annexed hereto as <u>Exhibit B</u> is a schedule setting forth all professionals who have performed services during the Fee Period, the capacities in which such individual is employed, the year in which the individual was first licensed to practice law, the hourly billing rate of such individual, and the aggregate number of hours expended and fees billed.

18.     Annexed hereto as <u>Exhibit C</u> is a schedule specifying the categories of expenses incurred during the Fee Period, the total amount for each such expense category, and a detailed listing of each of the expenses.

19.     Annexed hereto as <u>Exhibit D</u> is a summary setting forth the time charges incurred during the Fee Period broken down by project category.

20.     During the Fee Period, the Ombudsman provided, among other things, the following services:

- Reviewed the Debtor's (i) privacy policy in effect on the Petition Date; (ii) the Debtor's prior privacy policy; (iii) the Terms of Service; and (iv) template Research Consent and the Debtor's privacy practices and collection procedures concerning Personally Identifiable Information about consumers, their database maintenance, and the sharing and use of such information with third parties;

- Reviewed the Sale Motion, the Asset Purchase Agreement, and the proposed Order approving the Sale;

- Discussed the sale by phone and email with (i) the Trustee; (ii) counsel for the Trustee; and (iii) a former employee of the Debtor familiar with the Debtor's privacy policy and data collection;

- Drafted the Report of the Consumer Privacy Ombudsman;

- Attended a hearing before the Bankruptcy Court regarding the sale on December 19, 2019; and

- Participated in the process surrounding the amendment to the Asset Purchase Agreement.

**<u>Compliance with the Bankruptcy Code, the Bankruptcy Rules and Local Rules</u>**

21.     In accordance with Local Rule 2016-2(f), the undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of her information, knowledge  and belief that this Application complies with Local Rule 2016-2.

22.     To the best of the Ombudsman's knowledge, this Application complies with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any guidelines promulgated by the Office of the United States Trustee, and the Local Rules.

23.     As detailed above, in accordance with the Local Rules, a summary schedule of hours and fees for the Ombudsman is attached hereto as <u>Exhibit B</u> to this Application.

24.     The Ombudsman submits that the services rendered and expenses incurred were actual and necessary and that the compensation sought is reasonable and in accordance with the standards of section 330 of the Bankruptcy Code.  The Ombudsman's services provided an important benefit to the Debtor's estate.  Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the issues and tasks involved.  The Ombudsman submits that the professional services were performed in an expeditious and efficient manner.  The Ombudsman addressed the primary issues implicated by the Sale that included Personally Identifiable Information expeditiously, effectively and in a consensual manner that facilitated the ultimate sale.

25.     There is no agreement or understanding between the Ombudsman and any other person (other than members or employees of Frejka PLLC) for the sharing of compensation received for services rendered in or in connection with these cases.

26.     This Application is a final request for compensation and the amounts requested herein remain outstanding.

WHEREFORE, the Ombudsman respectfully requests entry of an order substantially in the form of Exhibit E, authorizing (a) an allowance, on a final basis, of compensation in the amount of $17,403.75, for professional services rendered during the Fee Period; (b) allowance, on a final basis, of the actual and necessary costs and expenses incurred in the amount of $616.13; and (c) such other and further relief that the Court deems just, proper and necessary.

Dated: New York, New York
　　　　February 8, 2022

FREJKA PLLC

/s/ Elise S. Frejka
Elise S. Frejka, CIPP/US
FREJKA PLLC
415 East 52nd Street | Suite 3
New York, NY 10022
Phone: 212-641-0800
Facsimile: 212-641-0820

*Consumer Privacy Ombudsman*

## <u>VERIFICATION</u>

I, Elise S. Frejka, hereby certify that:

1.      I am a member of Frejka PLLC and the Consumer Privacy Ombudsman in the above-captioned case.

2.      I have personally performed all of the legal services rendered.

3.      The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and submit that this Application substantially complies with such rule.

Dated: New York, New York
        February 8, 2022

                                                        /s/ Elise S. Frejka_____
                                                        Elise S. Frejka

EXHIBIT A



Bankruptcy, Corporate & Litigation Boutique

# INVOICE

Invoice # 76
Date: 02/07/2022
Due Upon Receipt

## Frejka PLLC

415 East 52nd Street - Suite 3
New York, NY 10022

Estate of uBiome, Inc.
2301 E Eversham Road
Voorhees, NJ 08043

## Estate of uBiome, Inc.

## Consumer Privacy Ombudsman

### Services

| Attorney | Date | Notes | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Elise Frejka | 12/09/2019 | CPO Report: Conference call with S. Carpenter (former debtor employee), Chapter 7 trustee and his counsel regarding development of factual background for sale of PII (1.0); analysis of privacy policy, terms of service, consents (1.4); review prior iterations of same using wayback machine for comparison (.8). | 3.20 | $525.00 | $1,680.00 |
| Elise Frejka | 12/10/2019 | CPO Report: Conference call with Trustee and his professionals regarding auction and recommendations, scope of transfer (.7); review first day declaration regarding HIPAA (.3); review motion to redact regarding same (.2); outline recommendations for report based upon factual investigation and pleadings (.6). | 1.80 | $525.00 | $945.00 |
| Elise Frejka | 12/13/2019 | CPO Report: Draft Preliminary Recommendations for potential bidders (3.6); emails with chapter 7 trustee and counsel regarding same (.2); call with B. Sandler regarding recommendations (.3). | 4.10 | $525.00 | $2,152.50 |
| Elise Frejka | 12/14/2019 | CPO Report: Conference call with Trustee, B. Sandler, P. Keane, R. Evans regarding preliminary recommendations (.5); revise preliminary recommendations and circulate (.5); call with B. Sandler regarding document preservation of files for investigations (.2); respond to follow up emails regarding customer list from R. Edwards (.4); draft recommendation for situation where prospective | 2.20 | $525.00 | $1,155.00 |

| | | | | | |
|---|---|---|---|---|---|
| | | purchaser only wants customer lists (.6). | | | |
| Elise Frejka | 12/16/2019 | CPO Report: Draft CPO Report (6.9); review Asset Purchase Agreement (.9); call with B. Sandler regarding results of auction (.2); further revise report with respect to successful bidder (1.2). | 9.20 | $525.00 | $4,830.00 |
| Elise Frejka | 12/17/2019 | CPO Report: Further revisions to CPO Report (1.7); exchange of emails with J. Feldsher (counsel for buyer) regarding same (.2); exchange of emails with Trustee's counsel regarding same (.2). | 2.10 | $525.00 | $1,102.50 |
| Elise Frejka | 12/19/2019 | Hearing Attendance: Prepare for sale hearing (.9); attend sale hearing before Judge Silverstein (.9). | 1.80 | $525.00 | $945.00 |
| Elise Frejka | 12/19/2019 | Non-Working Travel: Non-working portion of travel time to/from Delaware for Sale Hearing before Judge Silverstein. | 3.30 | $262.50 | $866.25 |
| Elise Frejka | 01/27/2020 | CPO Report: CPO Report: Call with B. Sandler regarding PII data corruption issues and strategy for same. | 0.30 | $525.00 | $157.50 |
| Elise Frejka | 01/30/2020 | CPO Report: Review stipulation regarding database transfer (.3); provide comments to B. Sandler regarding same (.1); email exchange with B. Sandler regarding stipulation (.1). | 0.50 | $525.00 | $262.50 |
| Elise Frejka | 03/10/2020 | CPO Report: Review email and draft stipulation from P. Keeene (Trustee counsel) regarding modification of APA (.4); emails with counsel regarding same (.2). | 0.60 | $525.00 | $315.00 |
| Elise Frejka | 03/20/2020 | CPO Report: Review privacy policy and CPO Report in preparation for call with Buyer/Trustee's counsel (.7); exchange of emails with B. Sandler (Trustee's counsel) and J. Feldsher (Buyer's counsel) regarding amendment to APA to protect integrity of database (.2); conference call with B. Sandler (Trustee's counsel) and J. Feldsher, R. Hirsch (Buyer's counsel) regarding parameters for amending APA (.5). | 1.40 | $525.00 | $735.00 |
| Elise Frejka | 03/30/2020 | CPO Report: Review proposal from J. Feldsher regarding modification of APA and CPO Report (.3); review case law, CPO Report, Privacy policy and consider same (.7); draft counterproposal to J. Feldsher regarding same (.1). | 1.10 | $525.00 | $577.50 |
| Elise Frejka | 04/15/2020 | CPO Report: Review and comment on proposed APA amendment (.4); conference call with J. Feldsher regarding same and agreement on language and intend (.8). | 1.20 | $525.00 | $630.00 |
| Elise Frejka | 01/20/2022 | Fee Applications: Draft first and final fee application. | 2.00 | $525.00 | $1,050.00 |

**Quantity Subtotal**    **34.8**

**Services Subtotal**    **$17,403.75**

**Expenses**

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|---------:|-----:|------:|
| Expense | 12/16/2019 | Travel: Train from NYP to Wilmington for Sale Hearing on 12/19/19. | 1.00 | $179.00 | $179.00 |
| Expense | 12/19/2019 | Travel: Wilmington to NY on Amtrak (Acela because train leaving in two minutes vs. an hour). | 1.00 | $206.00 | $206.00 |
| Expense | 12/19/2019 | Travel: Subway from NY Penn Station to Office after Sale hearing. | 1.00 | $2.75 | $2.75 |
| Expense | 12/19/2019 | Travel: Taxi from Home to Penn Station to travel for Delaware for sale hearing. | 1.00 | $16.82 | $16.82 |
| Expense | 02/07/2022 | Postage: Final Fee Application | 1.00 | $88.56 | $88.56 |
| Expense | 02/07/2022 | Copying: Final Fee Application | 1.00 | $123.00 | $123.00 |
| | | | **Expenses Subtotal** | | **$616.13** |

| Time Keeper | Position | Quantity | Rate | Total |
|-------------|----------|---------:|-----:|------:|
| Elise Frejka | Partner | 31.5 | $525.00 | $16,537.50 |
| Elise Frejka | Partner | 3.3 | $262.50 | $866.25 |
| | | **Quantity Total** | | **34.8** |
| | | **Subtotal** | | **$18,019.88** |
| | | **Total** | | **$18,019.88** |

# Detailed Statement of Account

## Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|----------------|--------|-----------:|------------------:|------------:|
| 76 | 02/07/2022 | $18,019.88 | $0.00 | $18,019.88 |
| | | | **Outstanding Balance** | **$18,019.88** |
| | | | **Total Amount Outstanding** | **$18,019.88** |

Payment is due upon receipt.

## **EXHIBIT B**

### **Summary of Fees by Timekeeper**

| Timekeeper | Title | Year Admitted | Rate | Hours | Amount |
|---|---|---|---|---|---|
| Elise S. Frejka | Partner | 1991 | $525.00 | 34.80 | $17,403.75 |
| **TOTAL** | | | | **34.80** | **$17,403.75** |

## EXHIBIT C

### Summary of Expenses by Category

| Expense Category | Total Expenses |
|---|---|
| Copying | $123.00 |
| Postage | $88.56 |
| Travel/Amtrak | $385.00 |
| Travel/Subway | $2.75 |
| Travel/Taxi | $16.82 |
| **TOTAL** | **$616.13** |

## **EXHIBIT D**

**Summary of Compensation Requested by Project Category**

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| CPO Report | 27.70 | $14,542.50 |
| Hearing Attendance | 1.80 | $945.00 |
| Fee Application | 2.00 | $1,050.00 |
| Non-Working Travel | 3.30 | $866.25 |
| TOTAL | 34.80 | $17,403.75 |