IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>UBIOME, INC.,[1]<br><br>                Debtor. | Chapter 7<br><br>Case No. 19-11938 (LSS)<br><br>**Objection Deadline: April 1, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: April 28, 2022 at 11:30 a.m. (ET)** |

**APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7
TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a),
BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1 FOR
AUTHORITY TO EMPLOY AND RETAIN SCHULTZE BRAUN AS GERMAN
COUNSEL, EFFECTIVE AS OF FEBRUARY 21, 2022**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtor (the "Debtor"), submits this application (the "Application"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, for authority to employ and retain Schultze Braun ("SB") as German counsel effective as of February 21, 2022, to assist with Hague Convention service of the Trustee's amended complaint in Adv. Proc. No. 21- 51032 (LSS), pursuant to sections 327 and 328 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  In support of the relief sought in the Application, the Trustee submits the Declaration of Dr. Annerose Tashiro (the "Declaration"), attached hereto as **Exhibit B** and incorporated herein by reference.  In support of this Application, the Trustee respectfully submits as follows:

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019).  The headquarters for the above-captioned Debtor was located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

1

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

**Background**

4. On September 4, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing this chapter 11 case (the "Case").

5. On October 11, 2019, the Court entered an order converting this Case to a case under chapter 7 [Docket No. 162], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 163].

6. On September 2, 2021, the Trustee filed a complaint initiating the adversary proceeding captioned Giuliano v. Richman, et al., Adv. Proc. No. 21-51032 (LSS) (the

"Adversary Proceeding"). The amended complaint was filed on September 4, 2021 [Adv. Docket No. 3] (the "Amended Complaint"). Per the Court's ruling on December 27, 2022, the Trustee is proceeding with service of the Amended Complaint and related summons package on the defendants in the Adversary Proceeding via the Hague Convention.

7. The Trustee has determined, subject to this Court's approval, to retain SB as German counsel to assist with effectuating Hague Convention service.

**Relief Requested**

8. By this Application, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Trustee seeks entry of an order authorizing him to retain and employ SB, effective as of February 21, 2022, as German counsel.

**Basis for Relief Requested**

9. Section 327(a) of the Bankruptcy Code provides that a chapter 7 trustee may employ accountants and other professional persons to represent or assist the chapter 7 trustee in carrying out the Trustee's duties only if such accountants and professional persons are disinterested as defined in section 101(14) of the Bankruptcy Code and do not hold or represent an interest adverse to the estate.

10. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, professional persons to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

**Disinterestedness**

11. SB and members of SB are each a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that SB, its attorneys and staff:

    a. are not creditors, equity security holders or insiders of the Debtor;

    b. are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor; and

    c. do not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

12. SB is not employed or connected with the Debtor, any of the Debtor's creditors or other party-in-interest, their respective attorneys, and/or accountants. Therefore, SB is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

13. As set forth in the Declaration, SB conducted a review of its contacts with the Debtor, its affiliates and certain other parties in interests, including certain entities holding large claims against or interests in the Debtor that were made reasonably known to SB. A listing of the parties reviewed is reflected on Schedule 1 to the Declaration. Except as disclosed in the Declaration, SB does not have a relationship with any of the parties on Schedule 1 in matters related to the Debtor.

14. The Trustee has selected SB because of its experience and knowledge and believes that SB has no disqualifying conflicts of interest. SB has advised the Trustee that it may have previously represented, may currently represent, and may in the future represent, in matters unrelated to the Debtor's pending case, entities that are claimants of the Debtor or other parties-in-interest in this Case. SB has not and will not represent any such party, or any of their

affiliates or subsidiaries, in relation to the Trustee, the Debtor, or the case. The Trustee believes SB is qualified to represent the Trustee in the case.

## Compensation

15. SB will be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that SB incurs, in accordance with the ordinary and customary rates that are in effect on the date the services are rendered.

16. SB has advised the Trustee that SB current hourly rates are 250 EUR to 600 EUR per hour. The engagement will be led by Dr. Annerose Tashiro and her hourly rate is 420 EUR per hour. The Trustee submits that SB's hourly rates are reasonable.

17. A copy of the relevant engagement letter papers is attached to the Declaration as Schedule 2.

## No Prior Request

18. No previous application for relief sought herein has been made to this or any other Court.

## Notice

19. The Trustee has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; and (b) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form of the order annexed hereto, authorizing the retention of SB as German counsel to the Trustee, effective as of February 21, 2022, in connection with this case and grant such other and further relief as is just or proper.

Dated:  March 18, 2022

                                        */s/ Alfred T. Giuliano*
                                        Alfred T. Giuliano
                                        Chapter 7 Trustee for the Estate of uBiome, Inc.