IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| UBIOME, INC.,[1] | ) | Case No. 19-11938 (LSS) |
| | ) | |
| Debtor. | ) | |

**Objection Deadline: June 1, 2022 at 4:00 p.m. ET**
**Hearing Date:    June 16, 2022 at 10:00 a.m. ET**

### FOURTH INTERIM APPLICATION
### FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
### OF PACHULSKI STANG ZIEHL & JONES LLP, AS
### COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
### THE PERIOD FROM AUGUST 1, 2021 THROUGH MARCH 31, 2022

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Chapter 7 Trustee |
| Date of Retention: | Effective *nunc pro tunc* to October 11, 2019 by order signed on or about November 25, 2019 |
| Period for which Compensation and Reimbursement is Sought: | August 1, 2021 through March 31, 2022[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $260,769.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $    3,267.05 |

This is an:    ☐ monthly    ☒ interim    ☐ final application.

The total time expended for preparation of this fee application is anticipated to be approximately 3.0 hours and the corresponding compensation is anticipated to be approximately $800.00.  The actual fees and expenses incurred in preparation of this fee application will be reflected in subsequent fee applications.

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019).

[2] This application includes time and costs incurred prior to this period that were inadvertently omitted from prior interim fee applications.  The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 07/21/20 | 10/11/19 – 06/30/20 | $458,453.50 | $13,717.22 | $458,453.50 | $13,717.22 |
| 01/28/21 | 07/01/20 – 12/31/20 | $ 58,846.00 | $ 1,556.44 | $ 58,846.00 | $ 1,556.44 |
| 09/01/21 | 01/01/21 – 07/31/21 | $141,035.50 | $10,060.34 | $141,035.50 | $10,060.34 |

**PSZ&J PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bradford J. Sandler | Partner 2010; Member of PA & NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,445.00 $1,295.00 | 5.90 38.50 | $ 8,525.50 $49,857.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,245.00 | 0.30 | $    373.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $1,225.00 | 0.20 | $    245.00 |
| James K.T. Hunter | Of Counsel 1988; Member of CA Bar since 1976 | $1,195.00 $1,095.00 | 0.30 17.40 | $    358.50 $19,053.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,145.00 | 6.00 | $ 6,870.00 |
| Colin R. Robinson | Of Counsel 2012; Member of NJ and PA Bars since 2001; Member of DE Bar since 2010 | $1,025.00 $  925.00 | 6.60 34.90 | $ 6,765.00 $32,282.50 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE and NH Bar since 2010 | $  925.00 $  845.00 | 41.70 94.60 | $38,572.50 $79,937.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  850.00 | 2.80 | $ 2,380.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $  495.00 $  460.00 | 8.50 17.10 | $ 4,207.50 $ 7,866.00 |
| Cheryl A. Knotts | Paralegal 2000 | $  460.00 $  425.00 | 0.20 2.20 | $     92.00 $    935.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Karen S. Neil | Case Management Assistant 2003 | $  395.00 | 0.80 | $    316.00 |
|  |  | $  375.00 | 2.00 | $    750.00 |
| Nancy H. Brown | Other | $  395.00 | 3.50 | $ 1,382.50 |

**Grand Total:**     **$260,769.00**
**Total Hours:**          **283.50**
**Blended Rate:**       **$919.82**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 2.90 | $   2,572.50 |
| Bankruptcy Litigation | 182.20 | $166,160.00 |
| Case Administration | 11.40 | $   7,399.50 |
| Claims Admin/Objections | 12.00 | $ 15,540.00 |
| Compensation of Professional | 7.70 | $   5,386.00 |
| Compensation of Prof./Others | 5.40 | $   4,381.00 |
| Financing | 1.50 | $   1,942.50 |
| Insurance Coverage | 5.80 | $   6,746.00 |
| Operations | 1.50 | $   1,687.50 |
| Retention of Professional | 4.20 | $   3,585.00 |
| Retention of Prof./Other | 5.10 | $   4,816.50 |
| Stay Litigation | 43.80 | $ 40,552.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Conference Call | AT&T Conference Call | $   3.05 |
| Deliver/Courier Service | Advita | $ 60.00 |
| Express Mail | Federal Express | $815.49 |
| Filing Fee | USDC; USBC | $375.00 |
| Legal Research | Lexis/Nexis | $686.21 |
| Court Research | Pacer | $170.70 |
| Postage | US Mail | $610.10 |
| Reproduction Expense | | $ 42.60 |
| Reproduction/ Scan Copy | | $503.90 |

---

[3] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| UBIOME, INC.,[1] | ) | Case No. 19-11938 (LSS) |
| | ) | |
| Debtor. | ) | |

**Objection Deadline: June 1, 2022 at 4:00 p.m. ET**
**Hearing Date:    June 16, 2022 at 10:00 a.m. ET**

**FOURTH INTERIM APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF PACHULSKI STANG ZIEHL & JONES LLP, AS
COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
THE PERIOD FROM AUGUST 1, 2021 THROUGH MARCH 31, 2022**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel for the Chapter 7 Trustee, hereby submits its Fourth Interim Application for Compensation and for Reimbursement of Expenses for the Period from August 1, 2021 through March 31, 2022 (the "Application").

By this Application PSZ&J seeks an interim allowance of compensation in the amount of $260,769.00 and actual and necessary expenses in the amount of $3,267.05 for a total allowance of $264,036.05, and payment of the unpaid amount of such fees and expenses, for the period August 1, 2021 through March 31, 2022 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019).

**Background**

1.      On September 4, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The case was converted to Chapter 7 proceedings by order entered October 11, 2019.  Alfred T. Giuliano ("Chapter 7 Trustee") was appointed as the Chapter 7 Trustee in this case.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The retention of PSZ&J, as counsel to the Chapter 7 Trustee, was approved *nunc pro tunc* to October 11, 2019 by this Court's "Order Granting Application of Alfred T. Giuliano, Chapter 7 Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328(a), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 for Authority to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel to Chapter 7 Trustee, *Nunc Pro Tunc* to October 11, 2019," signed on or about November 25, 2019 (the "Retention Order").

**PSZ&J's APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**Compensation Paid and Its Source**

4.      All services for which PSZ&J requests compensation were performed for or on behalf of the Chapter 7 Trustee.

5.      PSZ&J has received no payment and no promises for payment from any source other than the Chapter 7 Trustee for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case.

## Fee Statements

6.      The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular billing code, separate time entries are set forth in the time reports.  PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt to work during travel.

## Actual and Necessary Expenses

7.      A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

8.      PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Trustee for the receipt of faxes in this case.

9.      With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

10.      PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

11.      The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim

Period, are set forth in the attached Exhibit A.

12.     PSZ&J, by and through such persons, has prepared and assisted in the

preparation of various motions and orders submitted to the Court for consideration, advised the

Chapter 7 Trustee on a regular basis with respect to various matters in connection with the

Debtor's bankruptcy case, and performed all necessary professional services which are described

and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and

complexity of the Debtor's bankruptcy case.

## Summary of Services by Project

13.     The services rendered by PSZ&J during the Interim Period can be grouped

into the categories set forth below.  PSZ&J attempted to place the services provided in the

category that best relates to such services.  However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another

category.  These services performed, by categories, are generally described below, with a more

detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit

A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

### A.     Asset Disposition

14.     This category relates to sale and other asset disposition issues.  During the

Interim Period, the Firm, among other things:  (1) reviewed and analyzed notes payable issues;

(2) reviewed and analyzed closing documents; (3) performed work regarding sale reports; (4) OS

Fund promissory note issues; (3) reviewed and analyzed storage space issues; and

(5) corresponded regarding asset disposition issues.

Fees:  $2,572.50;      Hours:  2.90

### B.    Bankruptcy Litigation

15.    This category relates to work regarding motions or adversary proceedings

in the Bankruptcy Court.  During the Interim Period, the Firm, among other things:  (1) reviewed

and analyzed issues relating to AWS; (2) reviewed and analyzed issues regarding the SEC;

(3) Department of Justice claim; (3) reviewed and analyzed grand jury subpoenas; (4) reviewed

and analyzed issues regarding an SEC complaint; (5) performed work regarding a Directors and

Officers complaint; (6) reviewed and analyzed issues regarding insider payments; (7) reviewed

and analyzed subject matter jurisdiction issues; (8) performed work regarding Agenda Notices

and Hearing Binders; (9) performed work regarding orders; (10) reviewed and analyzed an

arbitration demand; (11) attended to deadline issues; (12) performed work regarding a *pro hac*

*vice* motion; (13) performed research; (14) attended to scheduling issues; (15) performed work

regarding an amended complaint relating to Apte; (16) reviewed and analyzed document

preservation issues relating to AWS; (17) reviewed and analyzed issues regarding an amended

complaint relating to Richman; (18) attended to issues regarding withdrawal of an arbitration

demand; (19) reviewed and analyzed a motion to dismiss in the Richman Apte matter;

(20) reviewed and analyzed issues regarding a motion for alternative service; (21) performed

work regarding an objection to motion to dismiss; (22) performed work regarding a motion for

alternative service in the Richman Apte matter; (23) performed work regarding a Giuliano declaration in the Richman Apte matter; (24) reviewed and analyzed the Richman Apte reply regarding the motion to dismiss; (25) reviewed and analyzed the Richman Apte objection to motion for alternative service and performed work regarding a reply; (26) performed work regarding a request for oral argument on the motion to dismiss; (27) performed work regarding a removal extension motion; (28) performed work regarding a motion to abandon AWS documents; (29) performed work regarding a notice of completion of briefing; (30) responded to questions from the United States Trustee regarding AWS documents and the motion to abandon; (31) reviewed and analyzed the Court's opinion regarding the motion to dismiss and the motion for alternative service; (32) reviewed and analyzed case strategy issues; (33) reviewed and analyzed Hague Convention service issues; (34) reviewed and analyzed the Apte Richman objection to the AWS abandonment motion and performed work regarding a reply; (35) prepared for and attended a hearing on February 8, 2022 regarding the AWS abandonment motion; and (36) conferred and corresponded regarding bankruptcy litigation issues.

Fees:  $166,160.00;    Hours:  182.20

### C.    Case Administration

16.    This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of critical dates; (2) maintained document control; and (3) conferred regarding case administration issues.

Fees:  $7,399.50;    Hours:  11.40

7

**D.        Claims Administration and Objections**

17.    This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding Directors and Officers claims; (2) reviewed and analyzed a Milbank report; (3) performed work regarding an objection relating to Directors and Officers claims; (4) reviewed and analyzed issues regarding Apte claims; (5) reviewed and analyzed issues regarding the OS Fund; and (6) corresponded and conferred regarding claim issues.

Fees:  $15,540.00;    Hours:  12.00

**E.        Compensation of Professionals**

18.    This category relates to work regarding the compensation of the Firm. During the Interim Period, the Firm, among other things:  (1) performed work regarding the Firm's Third interim fee application; (2) monitored the status and filing of fee applications; and (3) corresponded regarding compensation issues.

Fees:  $5,386.00;    Hours:  7.70

**F.        Compensation of Professionals--Others**

19.    This category relates to work regarding the compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding a notice of rate change for Giuliano Miller; (2) performed work regarding FTI and Frejka fee applications; and (4) corresponded regarding compensation issues.

Fees:  $4,381.00;    Hours:  5.40

**G.      Financing**

20.      This category relates to work regarding financing issues.  During the Interim Period, the Firm, among other things, performed work regarding a settlement agreement with SVB.

Fees:  $1,942.50;      Hours:  1.50

**H.      Insurance Coverage**

21.      This category relates to issues regarding insurance coverage.   During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed a memorandum regarding insurance coverage; (2) reviewed and analyzed a motion regarding insurance proceeds and policies; (3) performed work regarding a draft objection; and (4) corresponded regarding insurance issues.

Fees:  $6,746.00;      Hours:  5.80

**I.      Operations**

22.      This category relates to operations issues.   During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed shareholder issues; (2) reviewed and analyzed account issues; and (3) conferred and corresponded regarding operations issues.

Fees:  $1,687.50;      Hours:  1.50

**J.      Retention of Professionals**

23.      This category relates to issues regarding retention of the Firm.   During the Interim Period, the Firm, among other things, performed work regarding an amended retention application of PSZ&J and related order.

Fees:  $3,585.00;      Hours:  4.20

**K.**    **Retention of Professionals--Others**

24.    This category relates to issues regarding the retention of professionals other than the Firm.   During the Interim Period, the Firm, among other things, performed work regarding retention of German counsel.

Fees:  $4,816.50;        Hours:  5.10

**L.**    **Stay Litigation**

25.    This category relates to issues regarding the automatic stay and relief from stay motions.   During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed the Richman Apte relief from stay motion; (2) performed research; (3) drafted an objection to the Richman Apte relief from stay motion; (4) performed work regarding negotiations; (5) performed work regarding a stay relief stipulation; and (6) corresponded and conferred regarding stay litigation issues.

Fees:  $40,552.50;        Hours:  43.80

**Valuation of Services**

26.    Attorneys and paraprofessionals of PSZ&J expended a total 283.50 hours in connection with their representation of the Chapter 7 Trustee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bradford J. Sandler | Partner 2010; Member of PA & NJ Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,445.00<br>$1,295.00 | 5.90<br>38.50 | $ 8,525.50<br>$49,857.50 |
| John A. Morris | Partner 2008; Member of NY Bar since 1991 | $1,245.00 | 0.30 | $    373.50 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $1,225.00 | 0.20 | $    245.00 |
| James K.T. Hunter | Of Counsel 1988; Member of CA Bar since 1976 | $1,195.00<br>$1,095.00 | 0.30<br>17.40 | $    358.50<br>$19,053.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $1,145.00 | 6.00 | $ 6,870.00 |
| Colin R. Robinson | Of Counsel 2012; Member of NJ and PA Bars since 2001; Member of DE Bar since 2010 | $1,025.00<br>$  925.00 | 6.60<br>34.90 | $ 6,765.00<br>$32,282.50 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE and NH Bar since 2010 | $  925.00<br>$  845.00 | 41.70<br>94.60 | $38,572.50<br>$79,937.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  850.00 | 2.80 | $ 2,380.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $  495.00<br>$  460.00 | 8.50<br>17.10 | $ 4,207.50<br>$ 7,866.00 |
| Cheryl A. Knotts | Paralegal 2000 | $  460.00<br>$  425.00 | 0.20<br>2.20 | $      92.00<br>$    935.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  395.00<br>$  375.00 | 0.80<br>2.00 | $    316.00<br>$    750.00 |
| Nancy H. Brown | Other | $  395.00 | 3.50 | $ 1,382.50 |

**Grand Total:**    **$260,769.00**
**Total Hours:**        **283.50**
**Blended Rate:**      **$919.82**

27.    The nature of work performed by these persons is fully set forth in Exhibit

A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The

reasonable value of the services rendered by PSZ&J for the Chapter 7 Trustee during the Interim Period is $260,769.00.

28.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and believes that this Application complies with such Rule.

WHEREFORE, PSZ&J respectfully requests that, for the period August 1, 2021 through March 31, 2022, an interim allowance be made to PSZ&J for compensation in the amount of $260,769.00 and actual and necessary expenses in the amount of $3,267.05 for a total allowance of $264,036.05; that payment of such allowed amounts be authorized on an interim basis; and for such other and further relief as this Court may deem just and proper.

Dated:  May 18, 2022

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:     bsandler@pszjlaw.com
               crobinson@pszjlaw.com
               pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

### VERIFICATION

Peter J. Keane verifies the following:

a)      I am an attorney with the applicant law firm Pachulski Stang Ziehl &

Jones LLP, and have been admitted to appear before this Court.

b)      I am familiar with many of the legal services rendered by Pachulski Stang

Ziehl & Jones LLP as counsel to the Chapter 7 Trustee.

c)      I have reviewed the foregoing Application and the facts set forth therein

are true and correct to the best of my knowledge, information and belief.  Moreover, I have

reviewed Del. Bankr. LR 2016-2 and submit that the Application substantially complies with

such Rule.


*/s/ Peter J. Keane*
Peter J. Keane

DOCS_DE:239225.1 31271/001