**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>UBIOME, INC.,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11938 (LSS)<br>Ref. D.I. 544, 591, 609 |
| ALFRED T. GIULIANO, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>JESSICA RICHMAN AND ZACHARY APTE,<br><br>Defendants. | Adv. Pro. No. 21-51032 (LSS)<br>Ref. Adv. D.I. 3, 50, 52<br>**Objection Deadline: October 30, 2026 at 4:00 p.m. (ET)**<br>**Hearing Date: November 17, 2026 at 11:00 a.m. (ET) [counsel to confirm]** |

**NOTICE OF MOTION OF DEFENDANTS DR. JESSICA RICHMAN AND DR. ZACHARY APTE TO SET RESPONSE DEADLINES AT THE NOVEMBER 17, 2026 STATUS CONFERENCE**

PLEASE TAKE NOTICE that on October 9, 2026, Dr. Jessica Richman and Dr. Zachary Apte ("Defendants"), by limited appearance, filed the Motion of Defendants Dr. Jessica Richman and Dr. Zachary Apte to Set Response Deadlines at the November 17, 2026 Status Conference (the "Motion") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801 (the "Bankruptcy Court"). A copy of the Motion is attached hereto.

PLEASE TAKE FURTHER NOTICE that any response or objection to the relief sought in the Motion must be filed with the Bankruptcy Court on or before October 30, 2026 at 4:00 p.m. prevailing Eastern Time.

PLEASE TAKE FURTHER NOTICE that at the same time, you must also serve a copy of the response or objection upon counsel to Defendants: (i) Bodell Bové, LLC, 1225 N. King Street, Suite 1000, Wilmington, DE 19801-3250, Attn: Bruce W. McCullough (bmccullough@bodellbove.com); and (ii) PMJ PLLC, 1 North 1st Street, Suite 7815, Phoenix, AZ 85004, Attn: Patrick M. Jones (pmj@pmjpllc.com).

---

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The headquarters for the above-captioned Debtor was located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

**PLEASE TAKE FURTHER NOTICE THAT A HEARING TO CONSIDER THE RELIEF SOUGHT IN THE MOTION HAS BEEN SCHEDULED FOR NOVEMBER 17, 2026 AT 11:00 A.M. PREVAILING EASTERN TIME BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN, UNITED STATES BANKRUPTCY JUDGE, AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, SIXTH FLOOR, COURTROOM NO. 2, WILMINGTON, DELAWARE 19801 [counsel to confirm with chambers that the Motion will be heard at the status conference].**

Dated: October 9, 2026

**BODELL BOVÉ, LLC**

/s/ Bruce W. McCullough
Bruce W. McCullough (Del. ID 3112)
1225 N. King Street, Suite 1000
Wilmington, DE 19801-3250
Phone: (302) 655-6749
Fax: (302) 655-6827
Email: bmccullough@bodellbove.com

and

**PMJ PLLC**
Patrick M. Jones (admitted pro hac vice, Adv. D.I. 64)
1 North 1st Street, Suite 7815
Phoenix, AZ 85004
Phone: (312) 404-3225
Email: pmj@pmjpllc.com

Counsel to Dr. Jessica Richman and Dr. Zachary Apte

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>UBIOME, INC.,[2]<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11938 (LSS)<br>Ref. D.I. 544, 591, 609 |
| ALFRED T. GIULIANO, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>JESSICA RICHMAN AND ZACHARY APTE,<br><br>Defendants. | Adv. Pro. No. 21-51032 (LSS)<br>Ref. Adv. D.I. 3, 50, 52<br>**Objection Deadline: October 30, 2026 at 4:00 p.m. (ET)**<br>**Hearing Date: November 17, 2026 at 11:00 a.m. (ET) [counsel to confirm]** |

**MOTION OF DEFENDANTS DR. JESSICA RICHMAN AND DR. ZACHARY APTE TO SET RESPONSE DEADLINES AT THE NOVEMBER 17, 2026 STATUS CONFERENCE**

Dr. Jessica Richman and Dr. Zachary Apte (together, "Defendants"), by limited appearance[3] and without making a general appearance, move under Fed. R. Bankr. P. 7012(a) and 9006(b)(1) and Del. Bankr. L.R. 7012-2 for an order, to be entered in the main case and the adversary proceeding, setting deadlines to (a) object to the Trustee's Renewed Motion to Abandon electronic records stored with Amazon Web Services [Case D.I. 544] (the "Abandonment Motion"), (b) respond to the Trustee's Motion to Compel Mediation [Adv. D.I. 52] (the "Mediation Motion"), and (c) answer, move, or otherwise respond to the First Amended Complaint [Adv. D.I. 3] (the "Complaint", and collectively, the "Pleadings"), in the sequence set out below, and ask that

[2] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The headquarters for the above-captioned Debtor was located at 360 Langton Street, Suite 301, San Francisco, CA 94103.
[3] Defendants have not been properly served and have not conceded service. *See* Adv. D.I. 8 (motion to dismiss for insufficient service); Adv. D.I. 29 ¶¶ 7, 10 (objection to request for entry of default); Adv. D.I. 30 (request denied).

the Motion be heard at the status conference scheduled for November 17, 2026. In further support of the Motion, Defendants state as follows:

1. The deadlines to respond to the Complaint and the Abandonment Motion have been extended by agreement of the parties since 2024: by seven stipulations approved by the Court, the first addressing the Complaint deadline only, Adv. D.I. 32, 35, 38, 41, 44, 47, 50 (Case D.I. 556, 559, 574, 582, 588, 591), and since then by agreed extensions, which the Trustee has described to the Court as adjournments "through filed stipulations or otherwise agreed extensions." Adv. D.I. 52 ¶ 22.

2. The Parties have been in on-going discussions regarding the parameters of a potential mediation.

3. The Trustee's counsel agreed to extend each of the three deadlines to October 9, 2026, and undertook to circulate an agreed order; none was circulated. The Trustee's counsel then proposed a status conference for November 4–6, 2026, which Defendants understood would address scheduling, and the parties later agreed on November 17, 2026.

4. The Abandonment Motion, which the Court carried in 2022 and the Trustee renewed in May 2024, has no hearing date set; the Mediation Motion's hearing was adjourned. Adv. D.I. 58, 59, 65. The records at issue in the Abandonment Motion are the records on which the Trustee's claims and Defendants' defenses depend. Defendants submit that an appropriate deadline for them to object to the Abandonment Motion is November 9, 2026.

5. On October 2, 2026, the Trustee filed the Notice of Further Rescheduled Hearing Regarding Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Compel Mediation setting a "rescheduled hearing" date of November 17, 2026, at 11:00 am. Adv. D.I. 68.

6. It is unclear to Defendants whether the November 17, 2026 hearing is intended to be a status conference or a hearing on the merits of the Trustee's Motion to Compel Mediation.

7. To the extent that the Trustee intended the November 17, 2026 hearing to be a hearing on the merits of any pleading, Defendants object that it is premature and was not agreed upon by the Parties.[4] Defendants request that any hearing on the merits of the Mediation Motion be continued until after Defendants' response deadline set below.

8. Defendants request that the Court approve or set the response dates for each of the Pleadings in the order the matters require, as follows:

a. Abandonment Motion. The deadline to respond to the Abandonment Motion should come first, so that it may be decided first. The Abandonment Motion asks leave to dispose of the records that remain property of the bankruptcy estate and are relevant to the Trustee's claims against the Defendants, as well as the Defendants' defenses to those claims. The Trustee's own motion proposes to mediate the cost of keeping them. Adv. D.I. 52 ¶ 12. Until the Court decides what records remain and whether they should continue to be preserved, neither side can assess what the claims are worth or what there is to mediate, or worth pursuing at all.

b. Mediation Motion. Depending on the outcome of the Abandonment Motion, Defendants may oppose the Mediation Motion in part or propose different terms for any mediation; their response should follow that ruling rather than precede it.

---

[4] The Parties had previously discussed scheduling a status conference for November 4-6, 2026, then agreed to the November 17, 2026 for what Defendants believed would be a status hearing. When Defendants' counsel reached out to Trustee's counsel for clarification, he received an "out of office" message indicating that Trustee's counsel would be out of the office at a remote location unable to receive email.

c. Response to Complaint. Depending on the outcome of the Abandonment Motion and the Mediation Motion, Defendants – who have not been properly served more than five years after the Trustee filed his Complaint – may respond via a motion to dismiss, or simply file an answer.

9. Cause exists under Rule 9006(b)(1). Because the Trustee's counsel is unavailable until October 12, 2026 and October 9, 2026 is the most recent agreed date, Defendants file this Motion by that date, out of caution, and propose the schedule below. The Trustee has agreed to every prior extension and no scheduling order is in place; no party is prejudiced.

10. Defendants request an order, substantially in the form attached as Exhibit A, setting the following deadlines:

a. November 9, 2026 for Defendants to object to the Abandonment Motion

b. The later of a date set at the November 17, 2026 status conference or twenty-one (21) days after entry of the Court's order deciding, or the withdrawal of, the Abandonment Motion to respond to the Mediation Motion; and

c. The later of a date set at the status conference or twenty-one (21) days after any ordered mediation is terminated under Local Rule 9019-5(h), or twenty-one (21) days after the Mediation Motion is denied or withdrawn, to respond to the Complaint.

Each deadline to be set without prejudice as to further extension by agreement or order.

11. Pursuant to Local Rule 9013-1(f), Defendants do not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Nothing in this Motion is intended to waive any defense or objection, including insufficiency of

process, insufficiency of service of process, lack of personal jurisdiction, and the requirements of Bankruptcy Rule 7012(a).

12. Pursuant to Local Rule 7007-1(a)(iv), Defendants waive the filing of a separate opening brief, as this Motion states the grounds for the relief requested in both cases.

WHEREFORE, Defendants respectfully request that the Court enter the proposed order attached as Exhibit A and grant such other relief as is just.

**BODELL BOVÉ, LLC**

/s/ Bruce W. McCullough
Bruce W. McCullough (Del. ID 3112)
1225 N. King Street, Suite 1000
Wilmington, DE 19801-3250
Phone: (302) 655-6749
Fax: (302) 655-6827
Email: bmccullough@bodellbove.com

and

**PMJ PLLC**
Patrick M. Jones (admitted *Pro Hac*)
The Department
1 North 1st Street, Suite 7815
Phoenix, AZ 85004
Tel: (312) 404-3225
Email: pmj@pmjpllc.com

*Attorneys for Dr. Jessica Richman and Dr. Zachary Apte*

Dated: October 9, 2026