# EXHIBIT A

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>UBIOME, INC.,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 19-11938 (LSS)<br>Ref. D.I. 544, 591, 609, [D.I. __] |
| ALFRED T. GIULIANO, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>JESSICA RICHMAN AND ZACHARY APTE,<br><br>Defendants. | Adv. Pro. No. 21-51032 (LSS)<br>Ref. Adv. D.I. 3, 50, 52, [Adv. D.I. __] |

**ORDER SETTING RESPONSE DEADLINES**

Upon the Motion of Defendants Dr. Jessica Richman and Dr. Zachary Apte to Set Response Deadlines at the November 17, 2026 Status Conference (the "Motion"); and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Defendants' deadline to object to the Renewed Motion to Abandon [Case D.I. 544] is November 9, 2026.

3. Defendants' deadline to respond to the Motion to Compel Mediation [Adv. D.I. 52] is the later of (a) the date set at the November 17, 2026 status conference, or (b) twenty-one (21)

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019). The headquarters for the above-captioned Debtor was located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

days after entry of the Court's order deciding, or the withdrawal of, the Renewed Motion to Abandon. The hearing on the Motion to Compel Mediation is continued until after that deadline.

4. Pursuant to Bankruptcy Rule 7012(a), Defendants' deadline to answer, move, or otherwise respond to the First Amended Complaint [Adv. D.I. 3] is the later of (a) the date set at the November 17, 2026 status conference; (b) if mediation is ordered, twenty-one (21) days after it is terminated under Local Rule 9019-5(h); or (c) twenty-one (21) days after the Motion to Compel Mediation is denied or withdrawn. Each deadline may be further extended by stipulation, subject to Court approval.

5. This Order shall be entered on the dockets of the main case and the adversary proceeding. Nothing in it constitutes a general appearance by Defendants or a waiver of any defense, including as to process, service of process, or personal jurisdiction; the Plaintiff's rights to contest such defenses are preserved.

6. This Court retains jurisdiction to interpret, implement, and enforce this Order.