**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| UBIOME, INC., | ) | Case No. 19-11938 (LSS) |
| | ) | Hearing Date: November 17, 2026 |
| Debtor. | ) | Re: Docket Nos. 544, 624 |

**LIMITED OBJECTION OF AMAZON WEB SERVICES, INC.
IN SUPPORT OF CHAPTER 7 TRUSTEE'S RENEWED
MOTION FOR ORDER AUTHORIZING THE ABANDONMENT OF
ELECTRONIC DOCUMENTS STORED WITH AMAZON WEB SERVICES,
AND TO PERMIT THIRD PARTIES TO PRESERVE SUCH DOCUMENTS**

Amazon Web Services, Inc. ("AWS") files this Limited Objection to the *Renewed Motion of Alfred T. Giuliano, Chapter 7 Trustee, for Order Authorizing the Abandonment of Electronic Documents Stored with Amazon Web Services, and to Permit Third Parties to Preserve Such Documents* [Docket No. 544] (the "Abandonment Motion"), filed by Alfred T. Giuliano, chapter 7 trustee (the "Trustee") of the estate of uBiome, Inc. (the "Debtor").

AWS has for ***years***, continued to maintain certain estate data and electronic records even though the governing AWS contract was rejected pursuant to Section 365(d)(1) of the Bankruptcy Code in 2020, and the Trustee is not paying AWS for ongoing post-petition cloud storage and computing costs. AWS therefore welcomes and supports the Trustee's request for an order authorizing abandonment of relevant records. While AWS joins in the Trustee's request for abandonment, AWS files this Limited Objection to clarify and ensure that the effect of the relief sought by the Trustee is to allow AWS to terminate the AWS Customer Agreement (the "Agreement"), which is the executory contract between the Debtor and AWS governing AWS's provision of cloud computing and storage services to the Debtor, and to delete any

associated data and records. The legal effect of abandonment is that such property is no longer property of the estate subject to the automatic stay. AWS objects to any language in the Trustee's proposed order that suggests that data (which is not property of the estate) must be preserved upon notice to the Trustee from the estate's litigation counterparty. AWS respectfully submits that any order granting the Trustee's Abandonment Motion should state affirmatively that abandonment allows AWS to exercise its rights, including by terminating the Agreement and deleting the underlying data. Continued storage must be subject to an agreement with AWS, not an obligation to provide services for free. In support of this Limited Objection, AWS submits the Declaration of John Lightbourn (the "Lightbourn Declaration"), attached hereto as **Exhibit B**, and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Limited Objection under 28 U.S.C. §§ 157 and 1334.

2. Venue of this case and this Limited Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Sections 101, 362, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code").

## BACKGROUND

3. On September 4, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). On October 11, 2019 (the "Conversion Date"), the Court entered an order converting the chapter 11 case to a case under chapter 7 of the Bankruptcy Code and Alfred T. Giuliano was appointed as the chapter 7 trustee for the Debtor's bankruptcy estate.

4. AWS is a worldwide leader in the provision of cloud computing and storage services. Prior to the Petition Date, the Debtor entered into the Agreement with AWS for cloud computing and storage services. A true and accurate copy of the Agreement is attached as Exhibit A to the Lightbourn Declaration. AWS provided cloud computing and storage services to the Debtor pursuant to the terms of the Agreement. The Debtor's cloud computing and storage account with AWS is identified by an account number ending in "84877" (together with any linked accounts, the "AWS Account"). Lightbourn Decl., ¶ 3. AWS invoiced the Debtor on a monthly basis for services rendered by AWS in the prior month. *Id.* at ¶ 2.

5. Paragraph 4.1 of the Agreement allows AWS to suspend the Debtor's right to access any portion or all of the AWS service offerings should the user default on its payment obligations. Paragraph 4.2 clarifies that even with the Debtor's access suspended, the Debtor remains responsible for all fees and charges the user may incur during the period of suspension. Section 5 of the Agreement permits AWS to terminate the Agreement immediately upon notice if AWS has the right to suspend the Debtor's access pursuant to Section 4.

6. The Agreement was deemed rejected on February 11, 2020, the day following the Court-extended deadline to assume or reject any executory contracts. AWS understands that the Trustee has access to the AWS Account and associated data.

7. The Trustee moved for an order authorizing the abandonment of electronic documents stored with AWS on December 16, 2021 (the "Original Abandonment Motion"), asserting that he has no further use for the Documents stored with AWS. A third party opposed the Original Abandonment Motion to preserve records for litigation, and on February 8, 2022, this Court continued the Original Abandonment Motion pending further action.

8. The Trustee renewed his abandonment request when he filed the Abandonment Motion on May 23, 2024, asserting that failure to approve the motion would likely render the estate

administratively insolvent over the course of the next several months. The Court-extended objection deadline expired unopposed on April 1, 2025.

9. The Abandonment Motion remains pending, with no hearing date set. On October 9, 2026, Dr. Jessica Richman and Dr. Zachary Apte moved to set response deadlines for, among other things, their objection to the Abandonment Motion, proposing an objection deadline of November 9, 2026 [Docket No. 624].

10. Although the Agreement has been rejected, AWS has neither suspended access to the AWS Account nor terminated the Agreement[1] because the automatic stay may continue to apply to the stored data. The Original Abandonment Motion was denied without prejudice after Jessica Richman and Zachary Apte, the Debtor's former founders and defendants in the Trustee's adversary proceeding, objected that the Trustee should not be permitted to delete materials they argued were relevant to their defense of the Trustee's claims against them.

11. As of October 1, 2026, the Debtor owed AWS a total of $218,024.55 for post-petition charges in connection with the AWS Account. Lightbourn Decl., ¶ 4. The Debtor's AWS Account has been delinquent since at least March 3, 2025. *Id.*

12. The termination of the AWS Account will ultimately result in the deletion of any of the Debtor's stored data unless the Trustee moves such data from the AWS Account. AWS does not have any visibility into its customers' data, including any of the estate's data being stored in connection with the AWS Account.

[1] Termination of the AWS Account will ultimately result in deletion of stored records that have not been transferred from the AWS Account, unless AWS agrees to continued preservation on the terms described herein; deleted records will no longer be accessible or recoverable. AWS reserves its rights to assert an administrative priority claim on account of post-petition services provided to the estate in connection with the Debtor's AWS Account and to seek relief from the automatic stay to the extent the Court does not grant the Abandonment Motion.

## LIMITED OBJECTION

13. AWS supports the relief sought in the Abandonment Motion under 11 U.S.C. §§ 105(a) and 554 and Bankruptcy Rule 6007, subject to the clarifications requested below.

14. Section 365(d)(1) of the Bankruptcy Code provides that an executory contract in a chapter 7 case is deemed rejected if the trustee does not assume or reject it within the applicable period:

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract . . . within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract . . . is deemed rejected.

11 U.S.C. § 365(d)(1).

15. "Congress intended this provision to 'prevent parties in contractual . . . relationships with the debtor from being left in doubt concerning their status vis-a-vis the estate.'" *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1079 (3d Cir. 1992) (citing S. Rep. No. 989, 95th Cong., 2d Sess. 59 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5845).

16. The Agreement was rejected by operation of § 365(d)(1) but the contract has not been *terminated*, leaving AWS to store the Debtor's electronic records without payment. The Trustee has stated that he no longer needs the records to administer the estate and that the ongoing storage costs burden the estate. Any abandonment order should confirm AWS's right to exercise its contractual and state law remedies, and should not require continued services for the Trustee or a third party without an agreement with AWS.

17. Section 362(c)(1) provides that "the stay of an act against property of the estate . . . continues until such property is no longer property of the estate[.]" 11 U.S.C. § 362(c)(1). Once the AWS Account and underlying data are abandoned and cease to be estate property, the stay no longer applies to them, and AWS may exercise its state law rights to terminate the Agreement and the AWS Account. AWS submits that any abandonment order should expressly confirm this result.

18. The Trustee's proposed order requires third parties to contact the Trustee by a specified date to preserve data in the AWS Account. Such notice should not obligate AWS to continue providing free services. Continued preservation of, or access to, the AWS Account and underlying data through AWS must require an agreement with the Trustee or third party seeking those services, including payment in full of all outstanding amounts owed in connection with the AWS Account, including accrued charges, and adequate assurance, satisfactory to AWS, that continuing charges will be paid in the ordinary course. AWS seeks clarification of the effect of abandonment, not independent relief from the automatic stay under section 362(d)(1). AWS requests entry of its proposed order, attached as **Exhibit A** (the "Proposed Order"), confirming these terms and AWS's right, upon abandonment, to terminate the Agreement, the AWS Account, and related services and delete associated data.

19. An order granting the Abandonment Motion should not force continued preservation of non-estate property at AWS's expense merely because a third party contacts the Trustee or expresses an interest in the data. AWS continues to provide cloud computing and storage services without receiving payment for ongoing services, and $218,024.55 in post-petition charges remains outstanding as described above. Lightbourn Decl., ¶ 4. Abandonment should allow AWS to exercise its contractual and state law rights, not leave AWS obligated to maintain the abandoned property indefinitely for free. AWS does not oppose preservation of the data by the Trustee or a third party if the party seeking continued services reaches an agreement with AWS on the terms of continued preservation and access, including payment in full of all outstanding amounts owed in connection with the AWS Account and adequate assurance, satisfactory to AWS, of payment of continuing charges in the ordinary course. Absent such an agreement, neither the Abandonment Motion nor the order granting it should require AWS to continue providing services for the benefit of the estate or any third party.

## CONCLUSION

20. **WHEREFORE**, AWS respectfully requests that this Court enter an order on terms substantially consistent with the Proposed Order: (i) granting the Abandonment Motion; (ii) confirming that, upon abandonment of the AWS Account and underlying data, the automatic stay no longer applies to that property under section 362(c)(1) of the Bankruptcy Code and AWS may exercise its rights under the Agreement and applicable nonbankruptcy law; (iii) conditioning continued preservation or access requiring AWS services on an agreement between or among AWS, the Trustee, or a third party seeking those services, including payment in full of all outstanding amounts owed in connection with the AWS Account and adequate assurance, satisfactory to AWS, of payment of continuing charges in the ordinary course or such other terms as may be agreeable to AWS, and providing that neither notice to the Trustee nor a preservation request obligates AWS to provide services absent such agreement; and (iv) granting further relief as is just and proper under the circumstances.

Dated: November 2, 2026

Respectfully submitted,

**K&L GATES LLP**

By: *Matthew B. Goeller*

Matthew B. Goeller (#6283)
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7080
matthew.goeller@klgates.com

*Attorneys for Amazon Web Services, Inc.*